**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**ANTHONY ABBOTT, ERIC FANKHAUSER, LLOYD DEMARTINI, TOM JOHNSON, JACK JORDAN, MARK LANG and DENNIS TOMBAUGH, individually and on behalf of all those similarly situated,**

**Plaintiffs,**

**vs.**

**LOCKHEED MARTIN CORPORATION and LOCKHEED MARTIN INVESTMENT MANAGEMENT COMPANY,**

**Defendants.**

**Case No. 06-cv-0701-MJR**

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**I. Introduction**

On September 11, 2006, Plaintiffs filed a putative class action suit in this Court against Lockheed Martin Corporation and Lockheed Martin Investment Management Company, under the Employee Retirement Income Security Act of 1974 or "ERISA," 29 U.S.C. § 1001, *et seq.* Plaintiffs allege breach of fiduciary duty under ERISA § 502(a)(2) and (3). At issue are two employee benefit plans: the Lockheed Martin Corporation Salaried Savings Plan ("SSP") and the Lockheed Martin Corporation Hourly Savings Plan ("HSP")[1]. Plaintiffs allege that the "fees and

[1]Plaintiffs Anthony Abbott and Eric Fankhauser reside in the Southern District of Illinois. Plaintiffs Lloyd DeMartini, Tom Johnson, Mark Lang, and Dennis Tombaugh reside in California; Plaintiff Jack Jordan resides in Nevada. Plaintiff Abbott is a participant in the HSP Plan and seeks to represent the HSP Class. Fankhauser, DeMartini, Johnson, Lang, Tombaugh and Jordan are

expenses paid by the Plans and thus borne by the participants, were and are unreasonable and excessive; not incurred solely for the benefit of the Plans and their participants; and undisclosed to participants." Complaint ¶ 12. Plaintiffs request that the Court find that Defendants have breached their fiduciary duties and order Defendants to make good to the Plans all losses incurred as a result of the conduct described in the complaint.

Lockheed has filed a motion to dismiss or, in the alternative, to strike portions of Plaintiffs' Complaint (Doc. 20) on the following grounds. The first thirty pages of Plaintiffs' complaint is an extended narrative containing almost exclusively extraneous material. Plaintiffs' complaint violates the standards of FED. R. CIV. P. 8, in that, rather than providing a short and plain statement of a claim, Plaintiffs have presented a protracted narrative rife with convoluted, redundant and unnecessary allegations. Lockheed is unable to admit or deny the averments as required by FED. R. CIV. P. 8(b). In the alternative, Lockheed moves the Court to strike portions of the complaint that are extraneous and immaterial, pursuant to FED. R. CIV. P. 12(f).

Plaintiffs respond that, in Lockheed's Motion to Transfer, it amply demonstrated that it is well able to comprehend the nature of Plaintiffs' claims. The Federal Rules permit pleading of background and context information, particularly in complex cases that involve issues with which outsiders are unlikely to be familiar.

## II. Analysis

Plaintiffs' complaint withstands scrutiny under Rule 8 and survives dismissal under Rule 12(f) as well.

### A. Motion to Dismiss

---

participants in the SSP and seek to represent the SSP class.

**FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2**) requires plaintiffs to provide "a short and plain statement of the claim" which shows that they are entitled to relief. Lockheed argues that Plaintiffs' complaint is verbose and argumentative and should be dismissed for failure comport with Rule 8(a) and with the directive of Rule 8(e) that "[e]ach averment of a pleading shall be simple, concise and direct."

However, the Seventh Circuit has held that when a pleading adequately performs the notice function prescribed by the Federal Rules, the presence of extraneous material does not warrant dismissal under Rule 8(e). ***Davis v. Ruby Foods*, 269 F.3d 818, 820-21 (7th Cir. 2001)**. Dismissing Plaintiffs' complaint merely because of the presence of superfluous material ". . . would cast district judges in the role of editors, screening complaints for brevity and focus; they have better things to do with their time." ***Id*. at 820**. "Surplusage can and should be ignored. Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case. A district court is not 'authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading.'" ***United States of America ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir.), *cert. denied*, 540 U.S. 968 (2003) (*citing Davis,* 269 F.3d at 820. *See also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (although a complaint must be intelligible, the "fat" should be ignored).**

Moreover, as the Supreme Court recently stated in ***Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955 (2007)**, ". . . Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." ***Twombly*, 127 S.Ct. at 1965, fn. 3 (citing 5**

**Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it")**.

The Court agrees that Plaintiffs' pleading is not necessarily a model of legal draftsmanship; however, it adequately performs its function of making a "showing" of entitlement to relief and giving notice to Lockheed of the relevant facts and the legal basis of Plaintiffs' claims. Accordingly, Lockheed's motion to dismiss on this basis is denied.

**B. Motion to Strike**

In the alternative, Lockheed moves the Court to strike paragraphs 1-9, 28-29, 37-130 of the complaint.

Motions to strike are governed by **FED. R. CIV. P. 12(f)**, which states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are strongly disfavored and are rarely granted. ***See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Western Publ'g Co. v. MindGames, Inc.*, 944 F.Supp. 754, 755 n. 1 (E.D.Wis. 1996) ("Motions to strike are generally disfavored and information . . . will not be stricken unless it is evident that it has no bearing upon the subject matter of the litigation.")**.

A review of the paragraphs of Plaintiffs' complaint that Lockheed seeks to strike leads the Court to the conclusion that this is not the rare case where a motion to strike should be granted. "[M]ere redundancy or immateriality is not enough to trigger the drastic measure of striking the pleading or parts thereof; in addition, the pleading must be prejudicial to the defendant. ***Hardin v. American Elec. Power,* 188 F.R.D. 509, 511 (S.D.Ind. 1999) (citing *Talbot v. Robert***

***Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir.1992)**. As noted in ***George v. Kraft Foods Global, Inc.*, 2007 WL 853998 (S.D.Ill. 2007)**, other courts ". . . have forgiven pleading sins far more egregious than those of Plaintiffs in this case." ***George*, 2007 WL 853998, * 3 (citing *Manuel v. Lucenti*, 2004 WL 2608355, at *2 (N.D.Ill. Nov. 16, 2004) (denying a motion to strike 25 of the pro se plaintiff's 244 paragraphs even though the 25 paragraphs largely contained background material) (additional citations omitted)**. To strike these paragraphs would merely serve to delay this litigation, require Plaintiffs to file an amended complaint and postpone a trial on the merits, without any significant benefits. Accordingly, Lockheed's motion to strike paragraphs 1-9, 28-29, 37-130 of the complaint is denied.

**III. <u>Conclusion</u>**

For the foregoing reasons, Lockheed's motion to dismiss or, in the alternative, to strike portions of Plaintiffs' Complaint (Doc. 20) is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 13th day of August, 2007**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**