**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANTHONY ABBOTT, ERIC | ) | |
| FANKHAUSER, LLOYD DEMARTINI, | ) | |
| TOM JOHNSON, JACK JORDAN, | ) | |
| MARK LANG and DENNIS | ) | |
| TOMBAUGH, individually and | ) | |
| on behalf of all those similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 06-cv-0701-MJR |
| | ) | |
| LOCKHEED MARTIN | ) | |
| CORPORATION and LOCKHEED | ) | |
| MARTIN INVESTMENT | ) | |
| MANAGEMENT COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

REAGAN, District Judge:

**I.** <u>**Introduction**</u>

This case is a putative class action for breach of fiduciary duty brought pursuant to the Employee Retirement Income Security Act of 1974 or "ERISA," 29 U.S.C. § 1001, *et seq.* Plaintiffs, who are participants in the Lockheed Martin Corporation Salaried Savings Plan and the Lockheed Martin Corporation Hourly Savings Plan, allege that against Lockheed Martin Corporation and Lockheed Martin Investment Management Company (collectively, "Lockheed") breached their fiduciary duties under ERISA § 502(a)(2) and (a)(3) by paying unreasonable and excessive fees and expenses.

Lockheed moves to strike Plaintiffs' demand for jury trial (Doc. 22). This motion is fully briefed and ready for disposition.

Lockheed asserts that it is well-settled that there is no right to a jury trial under ERISA. Because there is no right to a jury trial under ERISA, Plaintiffs' right to a jury trial must be rooted in the Seventh Amendment. However, the Seventh Amendment guarantees a right to jury trial only for "suits at common law," which are suits involving legal rather than equitable rights. Because ERISA claims have no antecedent in common law and analogous actions at common law were equitable, Plaintiffs' claims and remedies sought in this action are equitable in nature.

Plaintiffs respond that, in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), the Supreme Court rejected the simple formula that causes of action and remedies under ERISA are necessarily equitable.[1] The Court clarified the controlling significance of the nature of relief sought by Plaintiffs in characterizing a claim as legal or equitable. Because Plaintiffs seek to impose personal liability on Lockheed, the monetary relief sought is classified as legal. Because Plaintiffs seek legal relief, the Seventh Amendment guarantees their right to a jury trial even if their claim is, historically, equitable.

Lockheed replies that *Knudson* does not address jury trial rights under ERISA. Other cases cited by Plaintiffs evaluate claims under § 502(a)(3), not § 502(a)(2), or involve claims that did not arise under ERISA. Congress specifically omitted reference to legal remedies in drafting ERISA, which demonstrates congressional intent to permit only equitable relief.

## II.   Discussion

---

[1] Plaintiffs state that they do not seek a jury trial on Count II of their Complaint. In Count II, Plaintiffs seek equitable remedies under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). Accordingly, the Court addresses herein only Plaintiffs' claim under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), which authorizes an action by the Secretary of Labor or by a participant, beneficiary, or fiduciary of an ERISA plan to recover on behalf of the plan for losses caused by a breach of fiduciary duty within the meaning of ERISA § 409, 29 U.S.C. § 1109.

The Seventh Amendment provides the constitutional basis for the right to a jury trial in federal court: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. . . ." **U.S. Const. Amend. VII**. "The United States Supreme Court has interpreted this right to extend beyond 'suits at common law,' and to embrace all suits in which legal rights are adjudicated, as opposed to actions where equitable rights alone are at issue and equitable remedies are administered." ***Spano v. Boeing Co.,* 2007 WL 1149192, \*7 (S.D.Ill. 2007) (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990)**. "The Court also held that '. . . the Seventh Amendment . . . appl[ies] to statutory actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.'" ***Id*. (quoting *Curtis v. Loether*, 415 U.S. 189, 194 (1974) (additional citations omitted)**.

To determine whether a statutory action will resolve legal rights and, thus, give rise to a jury trial, ". . . the  Court must examine both the nature of the action and of the remedy sought. First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." ***Tull v. United States*, 481 U.S. 412, 417-18 (1987)**. Plaintiffs concede that the nature of the action is, historically, equitable.  However, the nature of the remedy carries far more weight than does the nature of the claim. ***See, e. g., Terry*, 494 U.S. at 565**.

In considering the nature of the remedy, the Court finds that Plaintiffs' reliance on ***Knudson*** is misplaced.  In ***Knudson***, the Supreme Court stated that "restitution is a legal remedy when ordered in a case at law and an equitable remedy . . . when ordered in an equity case, and whether it is legal or equitable depends on the basis for the plaintiff's claim and the nature of the

underlying remedies sought." **Knudson, 534 U.S. at  213 (quoting *Reich v. Continental Casualty Co.*, 33 F.3d 754, 756 (7th Cir. 1994))**.  Nonetheless, the Court in **Knudson** did not address the right to trial by jury, nor was the underlying basis of **Knudson** analogous to the instant action.  Rather, it involved a lawsuit by an insurance company against a beneficiary, in which the insurance company sought restitution under a contractual indemnity provision for medical payments made to the beneficiary.  The Court found that the insurance company had no claim for "equitable relief," a holding that has no bearing on the instant matter, given that a contractual claim for indemnity against a nonfiduciary would never have been considered as involving equitable relief.  Furthermore, the Court was construing the provisions of § 502(a)(3) rather than § 502(a)(2).

Plaintiffs seek to convince the Court that **Knudson** requires trial by jury whenever plaintiffs are seeking a monetary award.  Thus, they urge that an action against a fiduciary seeking reimbursement of fees and expenses to the trust estate for fiduciary's breach of duty is a "suit at common law" within the meaning of the Seventh Amendment.  No common law court would have entertained such a suit, and the relief sought is clearly equitable in nature.  Moreover, it is well-established that the mere fact that plaintiffs seek monetary relief does not require that a remedy be deemed legal in nature.  ***Curtis*, 415 U.S. at 196**; ***see also Donovan v. Robbins*, 579 F.Supp. 817, 821 (N.D .Ill. 1984) (" . . . the *rights* being asserted here - the right to an accounting of a fiduciary's exercise of his trust; the right to recover gains derived from fiduciary breaches; and the right to expect that a fiduciary will act with fidelity and prudence - are rights created in this instance by the trust instrument which established the Fund.  Such an instrument, while it has been drafted in conformity with elaborate, recent statutory requirements, is nonetheless in substance a creature of equity jurisprudence.") (emphasis in original)**.

Finally, the great weight of authority in federal courts holds that ERISA actions brought pursuant to § 502(a)(2) by participant-beneficiaries to remedy alleged violations of § 409(a), as in this case, are equitable in nature for purposes of the Seventh Amendment right to a jury trial. *Spano*, **2007 WL 1149192, \*8 (collecting cases)**.  Thus, the Court concludes that Plaintiffs' demand for a jury trial must be stricken.

**III.**   <u>**Conclusion**</u>

For the reasons stated, Lockheed's motion to strike (Doc. 22) is **GRANTED**, and Plaintiffs' demand for a trial by jury is **STRICKEN**.

**IT IS SO ORDERED.**

**DATED this 13th day of August, 2007**

<u>**s/Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**

5