IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ABBOTT, ERIC FANKHAUSER, LLOYD DEMARTINI, JACK JORDAN and DENNIS TOMBAUGH, individually and on behalf of all those similarly situated, ) ) ) ) ) ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 06-cv-0701-MJR |
| LOCKHEED MARTIN CORPORATION and LOCKHEED MARTIN INVESTMENT MANAGEMENT COMPANY, ) ) ) ) ) | |
| Defendants. ) | |

## ORDER

**REAGAN, District Judge:**

On September 14, 2007, the Court granted the parties' joint motion to stay briefing and ruling on class certification issues and set a briefing schedule for Defendants' motion to stay this case and to stay temporarily the beginning of merits discovery. On September 18, 2007, pursuant to the Court's September 14th Order, Defendants, Lockheed Martin Corporation and Lockheed Martin Investment Management Company (collectively, "Lockheed"), filed their motion to stay proceedings (Doc. 83).

Lockheed argues that resolution of the class certification issue will have a substantial effect on how the merits of Plaintiffs' claims are litigated. Furthermore, according to Lockheed, a case which will very likely be appealed to the Seventh Circuit Court of Appeals in the near future will resolve the *prima facie* legal viability of

Plaintiffs' claims on the merits in this case. Plaintiffs respond that the scope of discovery will not necessarily depend on the outcome of the stayed motion for class certification and that it makes little sense for the Court to wait a year or more for a ruling from the Seventh Circuit in a yet-to-be-appealed case.

Having carefully reviewed the parties' submissions, the Court concludes that staying this proceeding for an indefinite period of time is unwarranted. "[T]he power to grant a stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" ***George v. Kraft Foods Global, Inc.*, 2006 WL 3842169, \*1 (S.D.Ill. 2006) (citing *Walker v. Merck & Co.*, 2005 WL 1565839, at \*2 (S.D.Ill. 2005) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936))**. "In determining the appropriateness of a stay, the court considers the interests of judicial economy and the balance of hardships to the proponent and opponent of the stay." ***Bd. of Trs. of the Teachers' Ret. Sys. of the State of Illinois v. Worldcom, Inc.*, 244 F.Supp.2d 900, 903 (N.D.Ill. 2002)**. "The proponent of a stay bears the burden of establishing its need." ***Machinery Movers, Riggers and Machinery Erectors, Local 136 v. Nationwide Life Ins. Co.,* 2006 WL 2927607, \*2 (N.D.Ill. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)**.

Lockheed has shown no special need and has proffered no compelling reason that would require the Court to allow additional delay in an already complex and lengthy proceeding. Certainly, a stay should not be granted where, as here, the discovery sought would be equally relevant to an individual suit. Finally, the Court disfavors an open-ended and possibly protracted stay that depends upon the outcome of

an action that has not yet been appealed to the Seventh Circuit and which ultimately may not resolve the issues at bar.

For the foregoing reasons, Lockheed's motion to stay proceedings (Doc. 83) is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 25th day of October, 2007**

s/Michael J. Reagan
**MICHAEL J. REAGAN
United States District Judge**