IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY ABBOTT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:06-cv-701 MJR |
| | ) | |
| LOCKHEED MARTIN CORPORATION, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

## ORDER

Currently pending before the Court is Plaintiffs' Motion to Vacate Protective Order (Doc. 117). For the reasons set forth below, this motion is **DENIED**.

## BACKGROUND

On July 2, 2007, the Court entered into the record a Stipulated Protective Order (Doc. 68), which establishes the procedures for designating as confidential documents produced during discovery. By the terms of the order, "confidential information" is information that a party "believes, in good faith, reveals proprietary or trade secret information otherwise unavailable to the public, the disclosure of which would cause the producing party competitive or financial harm" (Doc. 68, ¶5(a), p. 2). "Highly confidential" information is information that a party "believes, in good faith, contains or constitutes information about Plan Participants and beneficiaries otherwise unavailable to the public, including Social Security numbers, Retirement Savings Plan identifiers, account activity (accruals, earnings and balances), distributions (types, amounts and recipients), tax filings, (1099's and related forms) and employment information (hire date, termination date, retirement date) or information otherwise protected by Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Privacy Standards, 42 C.F.R. Part 164" (Doc. 68, ¶ 6(a), pp.

2-3).  A party may designate a document by marking it "confidential" or "highly confidential" at

production.  The order specifies that "[t]he fact that information or material has been designated as

Confidential or Highly Confidential is not determinative of whether such information is, in fact,

entitled to be deemed as such" (Doc. 68, ¶ 8, p. 5).  The protective order prescribes the following

procedures for filing with the Court documents a party has designated confidential or highly

confidential:

> The filing party shall first consult with the party which originally designated the documents or other discovery material as Confidential or Highly Confidential to determine whether, with the consent of that party, redacted documents or other discovery material may be filed with the Court not under seal.  All parties shall bear in mind the 7th Circuit's favor for transparency of the public record, and resulting preference for attaching to Court filings redacted rather than sealed documents. *See Citizens First Nat. Bank v. Cincinnati Ins. Co*, 178 F.3d 943, 945 (7th Cir. 1999). Where agreement is not possible or adequate, that portion of the Confidential or Highly Confidential submission shall be placed under seal pursuant to Local Rule 5.1(d) and shall not be made available to anyone other than as provided above, subject to a further Order of this Court or agreement of the parties.

(Doc. 68, ¶ 14, pp. 7-8).

## MOTION TO VACATE PROTECTIVE ORDER (DOC. 117)

The Plaintiffs now request that the Court vacate the protective order, arguing that Defendants

have used it abusively, causing an undue burden on both the Court and Plaintiffs.  Plaintiffs state

that Defendants have designated as confidential seven hundred thousand pages of documents,

including a number of documents that are available to the public via other means.  Plaintiffs argue

that Defendants have labeled almost every document produced in discovery as confidential, without

any "reasonable basis to assert that [the documents] reveal any proprietary and trade secret

information."  In addition to the "improper designations," Plaintiffs further object that the protective

order places them in the "untenable" position of having to ask the Court for permission to file under

seal the documents designated as confidential by Defendants, when it is Defendants who "should

be required to establish that the documents are entitled to confidential treatment" (Doc. 117, p. 3).

Thus, Plaintiffs contend, the protective order allows Defendants "unfettered discretion to impede

Plaintiffs' ability to file pleadings which reference discovery materials."

Plaintiffs therefore ask the Court to vacate the protective order under Federal Rule of Civil

Procedure 60(b)(6). Plaintiffs contend that the protective order should be vacated because it is

contrary to the Seventh Circuit's requirements as established in Citizens First Nat'l Bank of

Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999). Plaintiffs argue that Defendants'

Motion for Protective Order did not make the necessary specific factual demonstrations of good

cause, and further, they did not make any assertion justifying entry of a protective order. Now that

Plaintiffs have attempted to conform to the protective order as entered, they have found it

"unworkable."

In response, Defendants argue that there is no reason to vacate the protective order because

it conforms to Seventh Circuit precedent and it "has not created any significant difficulty" in the

litigation (Doc. 122, p. 3). Defendants assert that the protective order provides specific procedures

regarding filing of documents under seal and further, that they have consented to filing unsealed all

documents Plaintiffs have sought to enter into the record.

## LEGAL STANDARDS

The Court notes at the outset that it has no authority to vacate the protective order pursuant

to Federal Rule of Civil Procedure 60(b)(6), which is "by its terms limited to 'final' judgments or

orders" and is therefore "inapplicable to interlocutory orders." Santamarina v. Sears Roebuck & Co.,

466 F.3d 570, 571 (7th Cir. 2006). The only authority a district court has to reconsider a prior

ruling made in the same case derives from the doctrine of the law of the case, "which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." Id. at 572 (citing Agostini v. Felton, 521 U.S. 203, 236 (1997)). The law of the case doctrine "embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination." Minch v. City of Chicago, 486 F.3d 294, 301 (7th Cir. 2007). "This presumption against reopening matters already decided reflects interests in consistency, finality, and the conservation of judicial resources." Id. (citing Analytical Eng'g, Inc. v. Baldwin Filters, Inc., 425 F.3d 443, 454 (7th Cir. 2005)).

Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect relevant and discoverable material. This Court has a duty, however, to ensure that all proposed protective orders strike a proper balance between the public's interest in accessing non-confidential information and the parties' interest in maintaining confidentiality with regard to materials unsuited for public disclosure. Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999) ("The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)."). The Seventh Circuit holds the view that "the tradition that litigation is open to the public is of very long standing." Union Oil Co. of California v. Leavell, 220 F.3d 562, 567 (7th Cir. 2000). Requests to seal documents and proceedings "in order to implement the parties' preferences for seclusion" have been "uniformly rejected." Id. at 568.

The Court must make a finding that "good cause" exists for sealing some part of the record; the Court may not "rubber stamp" the parties' agreed-upon stipulation of confidential materials

without making the necessary finding of good cause. <u>Citizens</u>, 178 F.3d at 945. The Court also cannot give the parties "virtual carte blanche" to seal whatever portions of the record the parties so designate. <u>Id.</u> at 944. The Seventh Circuit has provided the following guidance regarding what an acceptable protective order contains:

> There is no objection to an order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents.

<u>Id</u>. at 946.

The Seventh Circuit recognizes that much of what is disclosed during discovery remains private because it never becomes part of the record of a case.

> Portions of discovery may be conducted in private to expedite disclosure. Much of what passes between the parties remains out of public sight because discovery materials are not filed with the court. But most portions of discovery that are filed and form the basis of judicial action must eventually be released.

<u>Union Oil</u>, 220 F.3d at 568 (citing <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20 (1984)). The primary public policy concern of the Seventh Circuit has consistently been the *sealing* of documents in the record of a case, thus preventing the public from accessing those documents. "The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." <u>Citizens</u>, 178 F.3d at 944. In <u>Citizens</u>, one of the parties asked the Court of Appeals for leave to file an appendix under seal. The party submitted the protective order entered by the district court in support of its request. The Seventh Circuit found that because the order had been entered two years previously, it could not determine its continuing validity. The Court therefore remanded the case to the district judge "for the limited purpose of enabling him to advise us whether in his view good cause exists for our allowing the appendix to be filed under seal." <u>Id.</u> In remanding, the Court emphasized the public nature of the federal courts, stating, "the public at large

pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." Id. at 945 (citing Grove Fresh Distribs. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. 1994)). The Court recognized that the public's interest "does not always trump the property and privacy interests of the litigants, but it can be overridden only if the latter interests predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." Citizens, 178 F.3d at 945. The determination of good cause cannot be left to the parties to seal "whatever they want." Id. "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record." "He may not rubber stamp a stipulation to seal the record." Id.

## ANALYSIS

The protective order entered here comports with the dictates of the Seventh Circuit because it clearly defines the terms "confidential" and "highly confidential" so that the Court is satisfied that the parties can make the determination of confidentiality on their own. The order also recognizes that a parties' confidentiality designation does not predetermine whether the document is indeed confidential or highly confidential by the terms of the order. Most importantly, the order clearly explains the procedures for sealing Court-filed confidential documents. The filing party shall consult with the producing party to determine whether the producing party consents to the filing of the document unsealed or in a redacted form. Where an agreement cannot be reached, the documents are to be filed under seal, "subject to further Order of this Court." By directing the parties to file under seal disputed documents, "subject to further Order of this Court" the order allows the Court to make the final determination of good cause (Doc. 68, ¶ 14, pp. 7-8). Thus, the order does not grant the parties "virtual carte blanche" to seal whatever portions of the record they so desire, nor does the order "rubber stamp" a stipulation to seal the record.

Plaintiffs rely on Williams v. Chartwell Fin. Serv., Ltd., 204 F.3d 748 (7th Cir. 2000), for the holding that a district court must make a "clear record" with "specific findings that reflect a

weighing of the need for a limitation and the potential for interference with the rights of parties."

The Court does not believe that this holding, which appears to place additional requirements on the

district court in making its good cause determination, is applicable to this case. The protective order

at issue in Chartwell contained a clause that prevented plaintiffs in a class action from contacting

potential class members. The Seventh Circuit stated that class action plaintiffs "have a right to

contact members of the putative class." Id. at 759. Where a protective order limits the plaintiffs'

ability to do so, "[t]he district court's decision as to the protective order must involve a careful

balancing of the potential for abuse created by the class action and the right of the plaintiffs to

contact potential class members." Id. The Court thus held that "an order limiting discovery

communications between parties and potential class members should be based on a clear record and

specific findings that reflect a weighing of the need for a limitation and the potential interference

with the rights of the parties." Id., (quoting Gulf Oil Co. v. Bernard, 452 U.S. 89, 101 (1981)). The

protective order in this case does not limit communication between Plaintiffs and potential class

members. Thus, the heightened standard of review does not apply.

The Plaintiffs here object that Defendants have designated, pursuant to the protective order,

"nearly every document" produced as either "confidential" or "highly confidential." Thus, Plaintiffs

argue, the Defendants have "abused" the protective order to place an "undue burden" on Plaintiffs.

As the Defendants correctly emphasize, no documents have been sealed in the record of the case.

Defendants consented to the unsealed filing of documents produced during discovery in support of

Plaintiffs' Motion to File a First Amended Complaint (Doc. 118). Although Defendants may have

overdesignated documents as confidential, they have not insisted on sealing any documents filed

thus far. The very fact that no documents have been sealed in the record is indication that the terms

of the protective order that allow for consent by the producing party are sufficient to prevent

unnecessary sealing of the record.

The Court acknowledges the unusual situation into which Plaintiffs are placed, that is, having to ask for leave to file under seal documents that the Defendants have deemed confidential. It seems counterintuitive that Plaintiffs are required to argue the confidentiality of documents Defendants have produced. But, in the procedural history of this case, Plaintiffs have had to make this argument only once (Doc. 114), and in that instance, Defendants quickly asserted their assent to filing the documents unsealed, and the Plaintiffs' request became moot. Thus, this potential quirk of the protective order has not proved to be as cumbersome as Plaintiffs argue, and certainly not "abusive" or "unworkable" in application.

Finally, the Court would be remiss if it failed to point out that Plaintiffs did not object to the Motion for Protective Order before it was entered, although they had opportunity to do so. Defendants' Motion to File Agreed Protective Order states, "Plaintiffs do not join in the motion but have indicated that they do not intend to file an opposition to the motion for protective order if the protective order is submitted in substantially the form presented herein to the Court" (Doc. 66, p. 1). If Plaintiffs had objections, they should have raised them in the response time allotted under the federal and local rules.

Based on the foregoing, the Court finds that the protective order should not be vacated. The order comports with the dictates of Seventh Circuit jurisprudence and the Plaintiffs have not shown a "compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous," and that would require vacating the order under the doctrine of the law of the case. Accordingly, the Plaintiffs' Motion to Vacate the Protective Order (Doc. 117) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: December 12, 2008**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**