IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ABBOTT, et.al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 06-cv-0701 MJR |
| v. | ) |
| | ) |
| LOCKHEED MARTIN CORPORATION, et. al., | ) |
| | ) |
| Defendants. | |

**ORDER**

An in-person discovery dispute conference was held by the Court in this matter on August 1, 2008. Nelson Wolff and Ryan Wallis appeared for the Plaintiffs. James Martin appeared for the Defendants. At the conclusion of the hearing, the Court granted leave to the Plaintiffs to file a written motion regarding the dispute. Pursuant to that order, currently pending before the Court is Plaintiffs' Motion to Compel Production of Unredacted Documents Related to Pension Plan (Doc. 120). Defendants have responded in opposition (Doc. 127); Plaintiffs have replied (Doc. 129). For the reasons set forth below, Plaintiffs' motion is **DENIED.**

**FACTUAL BACKGROUND**

Plaintiffs Anthony Abbott, Eric Fankhauser, Lloyd Demartini, Tom Johnson, Jack Jordan, Mark Lang, Edward Rosa, and Dennis Tombaugh filed a class action complaint against Lockheed Martin Corporation and Lockheed Martin Investment Management Company on September 11, 2006. Plaintiffs allege that Defendants breached their fiduciary duties as defined contribution plan administrators in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C § 1001 et. seq. ("ERISA").

Plaintiffs are participants of the Lockheed Martin Corporation Hourly Savings Plan Plus (the

"HSP Plan") and Lockheed Martin Corporation Salaried Savings Plan (the "Salaried Plan"). The Salaried Plan and the HSP Plan are both defined contribution plans.[1] Plaintiffs allege that the fees and expenses paid by the plans were excessive and unreasonable and not incurred for the benefit of the plans and their participants. They further allege that the fees were not disclosed to plan participants. Because of this conduct, Plaintiffs allege the defendants violated their fiduciary obligations under ERISA.

Defendants have produced a myriad of discovery in this case. The current dispute involves redactions made by the Defendants in documents produced to the Plaintiffs. The parties agree that the redacted information concerns Defendants' defined benefit plans, but disagree whether Plaintiffs are entitled to obtain information about the defined benefit plans in discovery.[2] Plaintiffs argue that the Defendants have a similar duty to both the defined contribution and combined benefit plans, and therefore information regarding the amount of time spent managing the plans is relevant in that it might show that Defendants devoted more time and resources to managing the defined benefit plan to the detriment of the defined contribution plans. Plaintiffs would like to see the operating policies of all the plans because they believe it is relevant to compare the policies of the Defendants toward both plans. In short, Plaintiffs believe it is relevant to determine if the participants of the Salaried Plan and the HSP plan are being given the same treatment as participants of Defendants' defined benefit plans.

Defendants argue that they have produced all documents responsive to plaintiffs discovery

---

[1] A defined contribution plan is a plan in which the employee makes contributions, sometimes matched by the employer. These plans are commonly known as "401k" plans.

[2] A defined benefit plan is a plan in which the employer makes the contributions. These plans are commonly known as "pension" plans.

requests that are relevant to the complaint pending before this Court. They further argue that there was an understanding between the parties, beginning in December 2007, that only defined contribution plan documents would be produced. They argue that Plaintiffs said nothing about discovery relating to defined benefit plan until July of 2008. Defendants allege that the documents comparing the two types of plans have been produced unredacted.[3] Moreover, Defendants argue that the Plaintiffs in this action are not participants of the defined benefit plan and therefore, any documents relating to the defined benefit plans are not relevant to the current litigation.

## DISCUSSION

Federal Rule of Civil Procedure 26 contemplates expansive discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26 further states: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* This standard is broad. Nevertheless, there are limits to discovery. The Supreme Court has held that there are "ultimate and necessary boundaries" to discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In *Oppenheimer*, the Court held that "discovery of a matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 352.

Courts frequently restrict discovery based on relevance. *See Balderston v. Fairbanks Morse Engine Div. Of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003) (upholding district court's limitations on discovery based upon relevance); *Kinkead v. Southwestern Bell Telephone Co.*, 49 F.3d 454, 457 (8th Cir. 1995) (affirming district court's denial of motion to compel discovery based in part on irrelevance of documents in question); *Diak v. Dwyer, Costello, and Knox, P.C.*, 33 F.3d

---

[3] Plaintiffs dispute this allegation.

809, 813 (7th Cir. 1994) (upholding district court's denial of request for discovery regarding redacted tax returns); and *Detweiler Bros., Inc. v. John Graham & Co.*, 412 F. Supp. 416, 422 (E.D. Wash. 1976) (requests for production of documents regarding building project were too broad and therefore not relevant where issues in case were limited to steam piping).

As to the Court's power to regulate discovery, the Rule states, "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

The Court finds that documents relating to Defendants' defined benefit plans are not relevant to the plans at issue here: the defined contribution plans. This Court is not persuaded that Plaintiffs need information about the administration of the defined benefit plans to "provide for context of better understanding the information about the defined contribution plan" (Doc. 120, pp. 4-5). The Court, furthermore, is not persuaded that discovery of the raw data reflecting the time spent administering each of the plans would necessarily lead to a conclusion that the defined contribution plans were getting inadequate attention, because the size and management needs of the two types of plans are so disparate. Moreover, the Court does not believe that a general assertion that the documents become confusing with redactions trumps the finding that information about the defined benefit plans is not relevant.

Plaintiffs argue that redaction is not a proper method of challenging the relevance of a document. Although not specifically addressed in the Rule, other courts have found redaction appropriate where the information redacted was not relevant to the issues in the case. *See Beauchem v. Rockford Products Corp.*, 2002 WL 1870050 at *2 (N.D. Illinois Aug. 13, 2002) (finding good

cause existed to support redaction based on relevance); *Schiller v. City of New York*, 2006 WL 3592547 at *7 (S.D.N.Y. Dec. 7, 2006) (upholding redaction of portions of meeting minutes not relevant to issues in case). As this Court has previously stated, redaction is a proper method of challenging relevance. *See Spano v. Boeing*, Case No. 06-743, Doc. 156 (S.D. Illinois, filed April 16, 2008).

This Court concludes that the redaction of information regarding the defined benefit plans is acceptable because that information is not relevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. If Plaintiffs have a good faith basis to believe that other redactions not brought to the Court's attention in this motion to compel are not based upon relevance regarding the defined benefit plans, they may move the Court, on a document by document basis, for *in camera* review.

## CONCLUSION

Based on all the foregoing, the Court finds that the information sought in Plaintiffs' Motion to Compel Production of Unredacted Documents Related to Pension Plan (Doc. 120) is not likely to lead to the discovery of admissible evidence and is therefore not relevant to the issues that are the subject of the present lawsuit. Accordingly, Plaintiffs' motion (Doc. 120) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 27, 2009**

               s/*Donald G. Wilkerson*
               **DONALD G. WILKERSON**
               **United States Magistrate Judge**