# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| | ) | |
| **ANTHONY ABBOTT, et.al,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 06-cv-0701 MJR** |
| **v.** | ) | |
| | ) | |
| **LOCKHEED MARTIN CORPORATION,** | ) | |
| **et. al.,** | ) | |
| | | |
| **Defendants.** | | |

## ORDER

The parties come before the Court on the eve of trial with several motions relating to discovery. Pursuant to this Court's rule, the parties contacted the Court with a discovery dispute. On March 11, 2009, the Court held a telephonic discovery dispute conference. Nelson Wolff participated on behalf of the Plaintiffs and James Martin participated on behalf of the Defendants. Defendants were ordered to file a motion and memorandum by March 13, 2009. Plaintiffs were ordered to respond by March 23, 2009. Now before the Court are Defendants' Motion to Compel Production of the Transcript From the Third Deposition of Al Otto in *Spano v. Boeing* (Doc. 200); Plaintiffs' Emergency Motion to Compel Supplementation of Defendants' Discovery Responses, Instanter, Including But Not Limited to, Recent Solicitation of Lower Record Keeping Fees (Doc. 208); Defendants' Motion to Strike Plaintiffs' Sealed Emergency Motion to Compel (Doc. 210); and Plaintiffs' Motion for Leave to File under Seal Plaintiffs' Emergency Motion to Compel Supplementation of Defendants' Discovery Responses, *Instanter*, Including but Not Limited To, Recent Solicitation of Lower Record Keeping Fees and Alternative Motion to Unseal the Motion (Doc. 211). For the following reasons Defendants' Motion to Compel Production of the Transcript From the Third Deposition of Al Otto in *Spano v. Boeing* (Doc. 200) is **GRANTED**.

Plaintiffs' Emergency Motion to Compel Supplementation of Defendants' Discovery Responses, Instanter, Including But Not Limited to, Recent Solicitation of Lower Record Keeping Fees (Doc. 208) is **GRANTED**. Defendants' Motion to Strike Plaintiffs' Sealed Emergency Motion to Compel (Doc. 210) is **DENIED**. Plaintiffs' Motion for Leave to File under Seal Plaintiffs' Emergency Motion to Compel Supplementation of Defendants' Discovery Responses, *Instanter*, Including but Not Limited To, Recent Solicitation of Lower Record Keeping Fees and Alternative Motion to Unseal the Motion (Doc. 211) is **GRANTED IN PART AND DENIED IN PART**.

### FACTUAL BACKGROUND

Plaintiffs Anthony Abbott, Eric Fankhauser, Lloyd Demartini, Tom Johnson, Jack Jordan, Mark Lang, Edward Rosa, and Dennis Tombaugh filed a class action complaint against Lockheed Martin Corporation and Lockheed Martin Investment Management Company ("Defendants") on September 11, 2006. Plaintiffs allege that Defendants breached their fiduciary duties as defined contribution plan administrators in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C § 1001 et. seq. ("ERISA").

Plaintiffs are participants of the Lockheed Martin Corporation Hourly Savings Plan Plus (the "HSP Plan") and Lockheed Martin Corporation Salaried Savings Plan (the "Salaried Plan"). The Salaried Plan and the HSP Plan are both defined contribution plans.[1] They allege that the fees and expenses paid by the plan were excessive and unreasonable and not incurred for the benefit of the Plan and its participants. They further allege that the fees were not disclosed to the plan participants. Because of this conduct Plaintiffs allege the defendants violated their fiduciary obligations under ERISA.

---

[1] A defined contribution plan is a plan in which the employee makes contributions, sometimes matched by the employer. These plans are commonly known as "401k" plans.

**DISCUSSION**

**MOTION TO COMPEL PRODUCTION OF THE TRANSCRIPT FROM THE THIRD DEPOSITION OF AL OTTO IN *SPANO V. BOEING* (Doc. 200)**

Defendants ask the Court to order Plaintiffs to produce a transcript of the deposition testimony of Al Otto in his third deposition in the case of *Spano v. Boeing*, Case No. 3:06-cv-743-DRH (S.D. Ill., filed Sept. 27, 2006) pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). *Spano v. Boeing ("Boeing")*, is also a class action lawsuit being pursued in this Court on similar claims.  Mr. Otto has been designated as an expert witness in both cases.  Defendants argue that this deposition testimony has been designated as confidential pursuant to a confidentiality agreement between the parties in *Boeing*, and therefore, should not be produced prior to a resolution of that confidential designation between the parties in that case.  Additionally, they argue that Defendants did not properly request Mr. Otto's deposition transcript, and therefore, have no standing to challenge the designation of confidentiality in the *Boeing* case.[2]  Moreover, they argue that Plaintiffs have already questioned Mr. Otto regarding the claim that is the subject of the deposition in question.

Federal Rule of Civil Procedure 26(a)(2)(B) states in pertinent part that an expert retained or specifically employed to provide expert testimony in a case must provide a written report that provides "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the data or other information considered by the witness in forming them."[3]  The Court finds *Brown v. Overhead Door Corporation*, 2008 WL 1924885 (N.D. Ill. Apr. 29, 2008),

_____

[2] It should be noted that the parties agree that the defendants in *Boeing* object to the designation of Mr. Otto's testimony as confidential.

[3] See Federal Rule of Civil Procedure 26(a)(2)(B)(i) and (ii).

persuasive.  In *Brown*, the court found that neither medical provider-patient privilege, nor the

protections of HIPAA were sufficient to prevent a defendant from discovering the prior testimony

of a plaintiff's expert. *Id*. at 1.  That court, as well as this Court, finds that pursuant to

Fed.R.Civ.P. 26(b)(1) it is relevant:

> ". . . to allow a party to explore [an]. . .  experts' prior testimony in hopes of uncovering inconsistencies between the opinions they intend to express in this case and opinions expressed in other cases.   Indeed, this type of inquiry is expressly contemplated by the federal rules of civil procedure, as evidenced by the requirement that and expert's written report must include a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition.

*Id.*

Mr. Otto is a specifically retained expert in both this case and the *Boeing* case.  The cases

are similar in nature as they both relate to breach of fiduciary duty as defined contribution plan

administrators in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C §

1001 et. seq. ("ERISA").   The Court finds that Mr. Otto's expectation of privacy is limited.  The

testimony in the deposition in the *Boeing* case was done in a public forum, and the testimony may

be admitted into the public record at trial.  Moreover, Mr. Otto's testimony in *Boeing* was not

compelled, he was retained by those plaintiffs to give an expert opinion.  He could have declined

that retention.

The Court is not persuaded by Plaintiffs' argument that the Mr. Otto's testimony has been

designated as confidential pursuant to a confidentiality agreement between the parties in *Boeing,*

and therefore, should not be produced prior to a resolution of that designation between the parties

in that case.  Even if arguendo, Mr. Otto is worried about liability in that case, there is a

protective order in place in this case which the Court finds applies to the deposition testimony at

issue here.  Plaintiffs' argument that Mr. Otto has a right to protect his confidential information

rings hollow, as stated above, because Mr. Otto agreed to the retention and testified in depositions

that may become public.

Further, Plaintiffs argue that Defendants did not properly seek the deposition of Mr. Otto

in the *Boeing* case. They argue that Defendants should have filed a request pursuant to

Fed.R.Civ.P. 34 asking Plaintiffs to produce Mr. Otto's testimony. That argument fails because

the deposition in question was taken after discovery had closed in this case. Moreover, Mr.

Otto's opinion in this case goes to heart of the matter, that is, the calculation of damages. The

deposition in question in *Boeing* was limited by the Court to issues regarding just that, the basis

for calculation of damages, and is therefore relevant here.

Additionally, Plaintiffs' argument that Defendants were required to seek the expert report

in the *Boeing* case and are therefore in the wrong forum also fails. Plaintiffs offer no authority

supporting this contention. Even if Plaintiffs disagree with Defendants' strategy, Defendants are

well within the rules to seek production of Otto's deposition testimony pursuant to Rule 26.

Plaintiffs also argue that Defendants deposed Mr. Otto for over 10 hours, and therefore,

should be precluded from more discovery on the subject. The Court disagrees. The outcome in

this case is likely to be determined on expert testimony, that is, the proverbial "battle of experts."

Defendants state that Mr. Otto has been less than forthcoming in his deposition testimony with

them.[4] They argue that the deposition transcript for the *Boeing* deposition is necessary should the

district judge allow Mr. Otto to testify in this case. In the interest of fairness, this Court agrees

with Defendants.

Finally, Plaintiffs argue that the plaintiffs in *Boeing* would be prejudiced if this Court

---

[4] There is presently pending before the trial judge a motion pursuant to *Daubert* to
exclude Mr. Otto's testimony.

allows discovery of Mr. Otto's deposition in this case because the defendants in *Boeing* have

designated a myriad of documents confidential which Plaintiffs' expert was not allowed to use to

formulate his opinions. The Court is not persuaded. Both Plaintiffs and Defendants in *Boeing*

had the opportunity to bring discovery disputes to the Court. Indeed, the undersigned is the

magistrate judge in both cases. Additionally, the burden on the Plaintiffs to produce a transcript

of the deposition is minimal. Defendants' Motion to Compel Production of the Transcript From

the Third Deposition of Al Otto in *Spano v. Boeing* (Doc. 200) is **GRANTED**. Plaintiffs are

therefore **ORDERED** to produce a transcript of Mr. Otto's deposition to Defendants forthwith,

no later than the close of business on April 3, 2009.

### PLAINTIFFS' EMERGENCY MOTION TO COMPEL SUPPLEMENTATION OF DEFENDANTS' DISCOVERY RESPONSES, INSTANTER, INCLUDING BUT NOT LIMITED TO, RECENT SOLICITATION OF LOWER RECORD KEEPING FEES (DOC.208)

On March 20, 2009, Plaintiffs filed an Emergency Motion to Compel Supplementation of

Defendants' Discovery Responses, Instanter, Including but Not Limited To, Recent Solicitation of

Lower Record Keeping Fees (Doc.208). As an initial matter, the Court finds that the Plaintiffs

did not follow the Court's standing order regarding discovery disputes (Doc. 63). That process

requires the parties to meet and confer, and then if a dispute still exists, to contact the Court for a

telephonic hearing. Only if that hearing does not produce a resolution of the dispute will the

Court entertain written motions from the parties. It is undisputed that Plaintiffs did not follow

that procedure, however, given that trial in this case is currently scheduled to begin on April 6,

2009, approximately one week from now, the Court considers this motion exigent and will

consider the merits of the motion.

Additionally, the Court finds that Plaintiffs improperly filed the motion under seal. The

Court has previously instructed the parties that documents cannot be filed under seal without a determination of good cause by the Court (Doc.113). However, because, this case is now on the eve of trial, the Court will accept Plaintiffs' representations that some of the exhibits filed with the motion have been designated as confidential, and therefore, should be filed under seal. The Court will consider this good cause. Therefore, the Clerk of Court is **ORDERED to UNSEAL** Plaintiffs Emergency Motion to Compel Supplementation of Defendants' Discovery Responses, Instanter, Including but Not Limited To, Recent Solicitation of Lower Record Keeping Fees (Doc. 208) *and* Exhibits 1, 2 and 6**. Exhibits 3, 4, and 5 are to remain sealed.**

Plaintiffs' motion requests this Court to compel Defendants to supplement their discovery responses related to record keeping fees. Federal Rule of Civil Procedure 26(e)(1)(A) requires a party to litigation to supplement its responses in a timely manner when the response is incomplete. Plaintiffs now seek from Defendants any information about recent solicitation of lower record keeping fees. Plaintiffs have previously asked for discovery as it relates to selection of service providers of each of the plans at issue. *See* Plaintiffs' First Request for Production #5; Plaintiffs's Second Request for Production #1. In December 2008, Defendants produced a Request for Information and responsive quotes from record keeping services from four service providers dated November 2008.[5] Defendants have not supplemented these responses and Plaintiffs maintain that this competitive bidding process is clearly ongoing.

This Court agrees with Defendants that "[s]upplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period and with special promptness as the trial date approaches. The Court is not

---

[5] The service providers were Fidelity, ING, ACS and Hewitt.

persuaded that this rule applies only during the discovery period.  Indeed, this situation is

contemplated by the rule, that is, the trial date is approaching and this discovery should be

supplemented with *special promptness*.  Neither is the Court persuaded by Defendants' argument

that Plaintiffs should have focused on this discovery at an earlier stage of the litigation.  That was

then and this is now.  The Court acknowledges that the rules have not been followed to the letter,

but as this trial fast approaches the parties are now down to "crunch time."[6]  Neither must the

Court take a position on Defendants allegations that requests for this material is subterfuge for an

attempt to change their expert's opinion.  That is a decision is for the trial judge.  Additionally,

this discovery request to supplement is not so broad as to be onerous.  For these reasons,

Plaintiffs' Emergency Motion to Compel Supplementation of Defendants' Discovery Responses,

Instanter, Including But Not Limited to, Recent Solicitation of Lower Record Keeping Fees (Doc.

208) is **GRANTED**.   Defendants are **ORDERED** to supplement their discovery responses

**FORTHWITH**.  Specifically, Defendants are **ORDERED** to supplement discovery with any and

all documents regarding the record keeping Request for Proposals concerning the selection of a

service provider for the defined contribution plans not previously produced.  Additionally,

Defendants are **ORDERED** to supplement LMIMCo Board and Investment Committee meeting

minutes through March 2009, to the extent such documents exist.  Further, Defendants are

**ORDERED** to supplement any fund performance reports, Stable Value Fund and American

Century Fund composition summaries, or trading volume documents in their possession from the

close of discovery to the present.

---

[6] To use a football analogy, "it's the fourth quarter, you're down by 3 points, times running out, and it's 3rd and 32.  Time for that special play, the one you didn't think you would have use when the game started."

### DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SEALED EMERGENCY MOTION TO COMPEL (DOC. 210)

For the reasons, stated above Defendants' Motion to Strike Plaintiffs' Sealed Emergency Motion to Compel (Doc. 210) is **DENIED**.

### PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL PLAINTIFFS' EMERGENCY MOTION TO COMPEL SUPPLEMENTATION OF DEFENDANTS' DISCOVERY RESPONSES, *INSTANTER*, INCLUDING BUT NOT LIMITED TO, RECENT SOLICITATION OF LOWER RECORD KEEPING FEES AND ALTERNATIVE MOTION TO UNSEAL THE MOTION (DOC.211)

For the reasons stated above, Plaintiffs' Motion for Leave to File under Seal Plaintiffs' Emergency Motion to Compel Supplementation of Defendants' Discovery Responses, *Instanter*, Including but Not Limited To, Recent Solicitation of Lower Record Keeping Fees and Alternative Motion to Unseal the Motion (Doc. 211) is **GRANTED IN PART AND DENIED IN PART.**

### CONCLUSION

For the reasons stated above, Defendants' Motion to Compel Production of the Transcript From the Third Deposition of Al Otto in *Spano v. Boeing* (Doc. 200) is **GRANTED**. Plaintiffs are **ORDERED** to produce a transcript of Mr. Otto's deposition to Defendants **FORTHWITH**, **no later that close of business on April 3, 2009**.

Plaintiffs' Emergency Motion to Compel Supplementation of Defendants' Discovery Responses, Instanter, Including But Not Limited to, Recent Solicitation of Lower Record Keeping Fees (Doc. 208) is **GRANTED**. Defendants are **ORDERED** to supplement their discovery responses **FORTHWITH**.[7] Specifically, Defendants are **ORDERED** to supplement discovery with any and all documents regarding the record keeping Request for Proposals concerning the

---

[7] In that trial in this case is currently scheduled for the week of April 6, 2009, '**FORTHWITH**" to quote *Brown v. Board of Education* (II) 349 U.S. 294 (1955), means ". . . with all deliberate speed."

selection of a service providers for the defined contribution plans not previously produced.

Additionally, Defendants are **ORDERED** to supplement LMIMCo board and Investment

Committee meeting minutes through March 2009, to the extent such documents exist.  Further,

Defendants are **ORDERED** to supplement any fund performance reports, Stable Value Fund and

American Century Fund composition summaries, or trading volume documents in their

possession from the close of discovery to the present, to the extent that such documents exist.

Defendants' Motion to Strike Plaintiffs' Sealed Emergency Motion to Compel (Doc. 210)

is **DENIED**.

Plaintiffs' Motion for Leave to File under Seal Plaintiffs' Emergency Motion to Compel

Supplementation of Defendants' Discovery Responses, *Instanter*, Including but Not Limited To,

Recent Solicitation of Lower Record Keeping Fees and Alternative Motion to Unseal the Motion

(Doc.211) is **GRANTED IN PART AND DENIED IN PART**.  The Clerk of Court is

**ORDERED to UNSEAL** Plaintiffs Emergency Motion to Compel Supplementation of

Defendants' Discovery Responses, Instanter, Including but Not Limited To, Recent Solicitation of

Lower Record Keeping Fees (Doc. 208) **and** Exhibits 1, 2 and 6.  **Exhibits 3, 4, and 5 are to**

**remain sealed.**

**DATED:   March 31, 2009.**

                                      s/*Donald G. Wilkerson*
                                 **DONALD G. WILKERSON**
                                 **UNITED STATES MAGISTRATE JUDGE**