IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ABBOTT, ERIC FANKHAUSER, LLOYD DEMARTINI, JACK JORDAN and DENNIS TOMBAUGH, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LOCKHEED MARTIN CORPORATION and LOCKHEED MARTIN INVESTMENT MANAGEMENT COMPANY,<br><br>Defendants. | Case No. 06-cv-0701-MJR |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiffs' Second Motion for Class Certification, filed by Plaintiffs Anthony Abbott, Eric Fankhauser, Lloyd DeMartini, Jack Jordan and Dennis Tombaugh as to their First Amended Class Action Complaint against Defendants Lockheed Martin Corporation and Lockheed Martin Investment Management Company (Doc. 160). Plaintiffs bring suit on behalf of themselves and all those similarly situated for breach of the fiduciary duties imposed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002 *et seq.* ("ERISA"). Plaintiffs allege that the fiduciaries of the Plans breached their duties to the Plans as a whole, resulting in lost retirement savings of hundreds of millions of dollars.

## I. Introduction

Lockheed Martin Corporation ("LMC") is a Plan Administrator of the Salaried Savings Plan ("SSP") and the Hourly Savings Plan ("HSP"), and a named fiduciary within the meaning of ERISA §§ 402 and 403, 29 U.S.C. § 1102 and 1103. As such, LMC has the authority and discretion to appoint, remove and replace third-party service providers to the Plans. It is also a fiduciary to both Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Lockheed Martin Investment Management Company ("LMIMCo") is a wholly-owned subsidiary of Lockheed Martin that manages Lockheed Martin's employee benefit trusts. LMIMCo is responsible for the Plans' investments and the appointment, removal and replacement of investment managers and trustees. As such, LMIMCo has the authority and discretion to establish funding and investment policies for the Plans, to manage the assets of the Plans, to designate funds as investment funds, to add or delete investment funds and to prescribe any necessary or appropriate rules regarding the availability of investment funds. LMIMCo is a named fiduciary of the SSP, the HSP and the Lockheed Martin Defined Contribution Plans Master Trust within the meaning of ERISA §§ 402 and 403, 29 U.S.C. §§ 1102 and 1103. LMIMCo is a fiduciary with respect to the SSP and the HSP within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

Plaintiffs seek certification of the following two classes pursuant to Rule 23(b)(1)(A) and (B):

> All persons, who were or are participants or beneficiaries of the Lockheed Martin Corporation Salaried Savings Plan as well as those who will become participants or beneficiaries of the Plan in the future. Excluded from the Class are the Defendants and other individuals who are or may be liable for the conduct described in the Complaint.

> All persons, who were or are participants or beneficiaries of the

Lockheed Martin Corporation Hourly Savings Plan Plus (the "HSP Plan") as well as those who will become participants or beneficiaries of the HSP Plan in the future. Excluded from the class are Defendants and other individuals who are or may be liable for the conduct described in the Complaint.

Plaintiffs Fankhauser, DeMartini, Johnson, Jordan and Tombaugh seek to represent the SSP Plan Class, and Plaintiff Abbott seeks to represent the HSP Plan Class. Stated simply, Plaintiffs allege that Defendants failed to ensure that fees and expenses paid out of Plan assets were reasonable; failed to select, monitor and maintain prudent investments for the Plans; and failed to disclose material information, all as required by ERISA.

This Court enjoys subject matter jurisdiction over this action pursuant to **28 U.S.C. § 1331** and **29 U.S.C. § 1132(e)(1)**. Venue is proper pursuant to **ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2)**.

Plaintiffs allege that they are current or former participants in the Plans within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7). Plaintiffs also allege that the Plan is an individual account plan within the meaning of ERISA 3(34), 29 U.S.C. § 1002(34) and an employee pension benefit plan for purposes of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). Accordingly, the Plan is subject to ERISA's requirements regarding fiduciary duties. *Lively v. Dynegy, Inc.*, **2007 WL 685861, 1 (S.D.Ill. 2007) (citing *Diak v. Dwyer, Costello & Knox, P.C.*, 33 F.3d 809, 811 (7th Cir.1994); *James v. National Bus. Sys., Inc.*, 924 F.2d 718, 720 (7th Cir.1991))**.

Under ERISA § 404, 29 U.S.C. § 1104, a fiduciary must discharge his duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;..." **29 U.S.C. § 1104(a)(1)(B)**. ERISA § 409, 29 U.S.C. § 1109,

3

provides, in pertinent part, "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach,..." **29 U.S.C. § 1109(a)**. Finally, ERISA § 502, 29 U.S.C. § 1132, states, in part, "A civil action may be brought ... (2) by the Secretary [of Labor], or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;..." **29 U.S.C. § 1132(a)(2)**.

Actions for a fiduciary breach under ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109, 1132(a)(2), must "be brought in a representative capacity on behalf of the plan as a whole." *Massachusetts Mut. Life Ins. Co. v. Russell*, **473 U.S. 134, 142 n. 9 (1985) (finding that an action was proper under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), where all of the plaintiffs shared "[a] common interest ... in the financial integrity of the plan")**. The Court has already found that this action is properly brought on behalf of the Plan, *see* Doc. 226, and that decision is the law of the case, from which the Court sees no sound reason to depart. ***See Trustees of Pension, Welfare, & Vacation Fringe Benefit Funds of IBEW Local 701 v. Pyramid Elec.*, 223 F.3d 459, 468 n. 4 (7th Cir. 2000)**.

At all times relevant to this case, participants in the SSP have been allowed to contribute a percentage of their before-tax and after-tax earnings to the SSP. Lockheed Martin makes matching contributions in varying percentages of the employees' eligible compensation. The same is true of the HSP except that matching contributions may depend on the terms of the collective bargaining agreement. Participants are 100% vested in their accounts. Under the Plan, participants are entitled to invest their contributions in any of 13 investment funds, which include retail mutual funds, commingled funds, "funds of funds" (bundles of funds combined in different percentages to

4

allow for varying degrees of risk and reward), the Stable Value Fund, company stock funds and a self-managed account.

Following the Court's ruling on Defendants' motion for summary judgment, Plaintiffs' First Amended Complaint ("FAC") is narrowed to claims that Defendants breached their fiduciary duties under ERISA by (1) failing to ensure that participants were not harmed by excessive overall fees; (2) failing to administer the Stable Value Fund ("SVF") to ensure that it was a prudent investment option as well as failing to properly disclose information about the SVF to Plan participants; and (3) imprudently diluting returns in the company stock funds by unnecessarily holding cash or holding excessive amounts of cash in them.

Having reviewed carefully the submissions of the parties concerning Plaintiffs' request for class certification and having conducted a hearing on the issue, the Court now is prepared to rule.

## II. Discussion

A plaintiff must first satisfy the requirements of **FEDERAL RULE OF CIVIL PROCEDURE 23(a)** in order to be granted a class certification. **Rule 23(a)** has four requirements: numerosity, commonality, typicality and adequacy of representation. *Amchem Prods., Inc. v. Windsor*, **521 U.S. 591, 613 (1997);** *Harriston v. Chicago Tribune Co.*, **992 F.2d 697, 703 (7th Cir. 1993).** Failure by a plaintiff as to one of the four requirements precludes certification as a class. *Retired Chicago Police Ass'n v. City of Chicago*, **7 F.3d 584, 596 (7th Cir. 1993).** If a plaintiff is able to satisfy all of the requirements of **Rule 23(a)**, the district court must then determine whether a plaintiff's action can be maintained as a class action by meeting one of the requirements of **FEDERAL RULE OF CIVIL PROCEDURE 23(b)**. *See Williams v. Chartwell Fin. Servs., Ltd.*, **204 F.3d 748, 760 (7th Cir. 2001).**

In order to determine whether a class should be certified, a court may make factual and

legal inquires necessary under **Rule 23**. *Szabo v. Bridgeport Machines, Inc.*, **249 F.3d 672, 675-76 (7th Cir. 2001)**. A court need not accept a plaintiff's assertions as conclusive but may receive any evidence necessary to make a decision on class certification. *Id.* The burden is on the party seeking class certification to demonstrate that all the requirements of **Rule 23** have been satisfied. *Gen. Tel. Co. of S.W. v. Falcon*, **457 U.S. 147, 161 (1982);** *Trotter v. Klincar*, **748 F.2d 1177, 1184 (7th Cir. 1984).**

In evaluating a request for class certification, a court must not weigh the merits of a case, *see Eisen v. Carlisle & Jacquelin,* **417 U.S. 156, 177 (1974)**, although the court must "understand the claims, defenses, relevant facts and applicable substantive law in order to make a meaningful determination of certification issues." *Dhamer v. Bristol-Myers Squibb Co.,* **183 F.R.D. 520, 530 (N.D.Ill. 1998)**.

### A. Propriety of the Proposed Class Definition

As an initial matter, the Court addresses Defendants' objections to the proposed class definition, namely, that the proposed class has not been sufficiently defined, that the class should not include future participants, that the class should be limited to six years and that any class certified should be a carefully tailored Rule 23(b)(1) class. Defendants submit that the proposed class definition is overly broad, including those "who were or may have been affected by the conduct set forth in the Complaint" and who are past, present and future participants.

First, the Court notes that it has determined that ERISA's statute of limitations bars claims which accrued more than six years prior to the filing of the complaint on September 11, 2006. That determination does not, however, bar claims by past participants who were members of the Plan at the time of the alleged conduct that violated ERISA or future participants who may benefit from

6

injunctive or other equitable relief.

The Plans sponsored by LMC are individual account plans under 26 U.S.C. § 401(k) and defined contribution plans under 29 U.S.C. § 1002(34). In **Harzewski v. Guidant Corp., 489 F.3d 799 (7th Cir. 2007)**, the Seventh Circuit held that participants who withdraw from their defined contribution plan can still sue for breach of fiduciary duty. **489 F.3d at 804**. "ERISA defines 'participant' to include former employees who have cashed out their plan benefits, as the named plaintiffs in this case did, if they 'may become eligible to receive a benefit of any type [from the plan].'" **Id. (quoting 29 U.S.C. § 1002(7))**. If Plaintiffs obtain a recovery for the Plan, persons who withdrew from the Plan during a period when excessive fees were paid would have a claim to a benefit, which would consist of the difference between whatever was in the retirement account when the employee retired and whatever would have been there had the Plan been prudently managed. *See Harzewski,* **489 F.3d at 805**. For these reasons, "former participants who were members of the Plan at the time of the alleged conduct violating ERISA may be part of a class bringing suit on behalf of the Plan for violations that occurred while they were participants." **George v. Kraft Foods Global, Inc., 251 F.R.D. 338, 346 (N.D.Ill. 2008)**.

As to future participants, if Plaintiffs prove their allegations and "the injury alleged is redressable by injunctive and other equitable relief ... that affects how the Plan pays out fees in the future,... [and] will redound to the benefit of future participants." **George, 251 F.R.D. at 345 (citing Loomis v. Exelon Corp., 2007 WL 2981951, at *5 (N.D.Ill. 2007) ("... injunctive relief, if granted, would affect not just present participants, but future participants, as well");** *see also* **Taylor v. United Technologies Corp., 2008 WL 2333120, at *3 (D.Conn. 2008))**. Consequently, the Court finds that future participants may be included in the class certification.

7

In sum, the Court finds that class definition, within the six years' limitations period, is proper.

A. <u>Requirements of Rule 23(a)</u>

1. <u>Numerosity</u>

**Rule 23(a)(1)** requires that the class must be "so numerous that joinder of all members is impracticable." **FED.R.CIV.P. 23(a)(1).** Because there is no magical number at which the numerosity requirement is established, courts have found this element satisfied when the putative class consists of as few as 10 to 40 members. ***See, e.g., Markham v. White*, 171 F.R.D. 217, 221 (N.D.Ill. 1997) (35-40 members).** In determining whether the claimed class contains a sufficient number of members, the court is permitted to "make common sense assumptions in order to find support for numerosity." ***Cannon v. Nationwide Acceptance Corp.*, 1997 WL 139472, at \*2 (N.D.Ill. 1997).**

Plaintiffs estimate that the class size is over 100,000 members. The Court notes that Defendants do not dispute that Plaintiffs meet the numerosity requirement. District courts in the Seventh Circuit have held that the numerosity requirement was met in class actions involving much smaller classes. ***See, e.g., Riordan v. Smith Barney*, 113 F.R.D. 60 (N.D.Ill. 1986)(29 class members); *Hendricks-Robinson v. Excel Corp.*, 164 F.R.D. 667, 671 (C.D.Ill. 1996)(38 class members).** Therefore, the class in this case clearly satisfies the numerosity requirement.

Additionally, **Rule 23(a)(1)** provides that a class action may be maintained only if "joinder of all members is impracticable." To demonstrate that joinder is impracticable, the class representatives "only need to show that it is extremely difficult or inconvenient to join all members of the class." **C.A. Wright, A. Miller & N. Kane, Federal Practice and Procedure, § 1762 at 159**

**(2d ed. 1986).** As a general proposition, although the numerosity requirement does not rest on any magic number, *see Allen v. City of Chicago*, **828 F.Supp. 543, 550 (N.D.Ill. 1993)**, permissive joinder is usually deemed impracticable where the class members number 40 or more. *See* **H. Newberg, Class Actions Section 305 (1992).** That standard is met in this case as it would be extremely difficult to join the thousands of members of the class. As a result, the Court finds that the numerosity requirements of **Rule 23(a)(1)** has been satisified.

### 2. Commonality

**Rule 23(a)(2)** requires that "there are questions of law or fact common to the class." **FED.R.CIV.P. 23(a)(2).** Commonality requires a question of law or fact common to the whole class. *Allen,* **828 F.Supp. at 551**. Courts have described this requirement as a low hurdle to surmount, *see Gaspar v. Linvatec Corp.*, **167 F.R.D. 51, 57 (N.D.Ill. 1996),** because, generally, one common question suffices. *Arenson v. Whitehall Convalescent and Nursing Home, Inc.*, **164 F.R.D. 659, 663 (N.D.Ill. 1996)**. As long as there is "a common nucleus of operative fact," factual differences among the class members' experiences does not preclude a finding of commonality. *Rosario v. Livaditis*, **963 F.2d 1013, 1018 (7th Cir. 1992);** *Allen*, **828 F.Supp. at 541.**

Plaintiffs have identified the following common questions of law or fact presented by their claims, including, *inter alia,* whether all class members are current or former participants in or beneficiaries of the Plans; whether Defendants were fiduciaries of the Plans during the class period; whether Defendants breached their fiduciary duties by imprudently selecting investment options and by failing prudently and loyally to administer the Plans; whether the Plans and Plan participants were injured by these breaches; whether Defendants must make the Plans whole for losses incurred as a

result of the conduct described pursuant to ERISA § 409, 29 U.S.C.§ 1109; and whether a constructive trust should be imposed on any monies by which Defendants were unjustly enriched as a result of their breaches of fiduciary duty and/or whether Defendants should be caused to disgorge such monies and return them to the Plans.

The Court agrees that this case presents shared issues of law and fact arising out of a common nucleus of operative fact such as to satisfy the commonality requirement. ***See In re Enron Corp.*, 2006 WL 1662596, at \*9 (S.D.Tex. June 7, 2006) (in an ERISA class action for breach of fiduciary duty, finding commonality satisfied by the following common questions: "whether Defendants were fiduciaries within the meaning of ERISA; whether ERISA was violated by the ... Defendants' alleged acts and omissions; whether Defendants breached fiduciary duties owed to the class by failing to act prudently and solely in the interest of the class and the plans ...; and whether the Plans were damaged by the alleged breaches of fiduciary duty.")**.

Defendants contend that the commonality requirement is not met because Plaintiffs' claims are inherently individual and require individualized proof, including such things as proof of notice, reliance and losses. The Court does not agree. "[T]he appropriate focus in a breach of fiduciary duty claim is the conduct of the defendants, not the plaintiffs." ***In re Ikon Office Solutions, Inc.*, 191 F.R.D. 457, 465 (E.D.Pa. 2000)**. In other words, "[t]he 'prudent person' standard articulated in [29 U.S.C.] § 1104(a)(1)(B) is objective, focusing on the fiduciary's conduct preceding or at the time of the challenged conduct." ***Harley v. Minnesota Mining & Mfg. Co.*, 42 F.Supp.2d 898, 906 (D.Minn. 1999)**. The "test of prudence focuses on the trustee's conduct in investigating, evaluating and making the investment," and "[o]nce the investment is made, a fiduciary has an ongoing

duty to monitor investments with reasonable diligence and remove plan assets from an investment that is improper." *Id.* **(quoting *Whitfield v. Cohen*, 682 F.Supp. 188, 194 (S.D.N.Y.1988))**.

The Court concludes that issues of individual investment behavior by Plan participants do not defeat commonality in this case, as they have no bearing on the question of whether Defendants satisfied their duty of prudence. To paraphrase Plaintiffs' counsel's statement at the March 6, 2009, hearing, individual issues of loss causation are relevant only to allocating damages. *See DiFelice v. U.S. Airways, Inc.*, **235 F.R.D. 70, 78 (E.D.Va. 2006) (in a proposed class action under ERISA for breach of fiduciary duty, holding that issues of individual investment behavior did not defeat commonality: "[I]ndividual issues of loss causation do not predominate, indeed are not relevant, unless and until it becomes necessary to allocate any Plan recovery to participants.")**. It is the conduct of Defendants rather than Plaintiffs that is the focus of ERISA breach of fiduciary duty litigation. *In re ADC Telecomms. ERISA Litig.*, **2005 WL 2250782, at \*4 (D.Minn. 2005)**. The Court concludes that Rule 23(a)(2) is satisfied because this case presents common questions of law and fact.

### 3. Typicality

As a preliminary matter, the Court notes that Defendants have raised the issue of intra-class conflict which may be analyzed under Rule 23(a)(3), the typicality requirement, or Rule 23(a)(4), the adequacy requirement. *See, e. g., Horton v. Goose Creek Independent School Dist.*, **677 F.2d 471, 489 n. 47 (5th Cir. 1982); 7 C. Wright & A. Miller, Federal Practice and Procedure §§ 1768, 1769**. To the extent that typicality on the part of a representative helps assure his adequacy as a representative, these two factors overlap. This Court will examine the question of intra-class conflict

under the typicality requirement because the issue goes to whether the representative plaintiffs' claims are typical of those of the class, *i. e.,* whether the named representatives' claims have the same essential characteristics of the claims of the class at large and whether the legal theory involved is typical, as required by **Rule 23(a)(3)**.

A plaintiff's claim is typical "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and his or her claims are based on the same legal theory. ***De La Fuente v. Stokely-Van Camp, Inc*., 713 F.2d 225. 232 (7th Cir. 1983)**. Consequently, a proposed class member's claim is not typical if proof "would not necessarily prove all the proposed class members' claims." ***Ruiz v. Stewart Assocs.*, 167 F.R.D. 402, 405 (N.D.Ill. 1996)**. The purpose of the typicality requirement is to ensure that the interests of the class representatives are aligned with those of the class as a whole. ***See Insolia v. Philip Morris Inc*., 186 F.R.D. 535, 544 (W.D.Wis. 1998)**.

The Court concludes that the typicality requirement is not met as to the company stock funds. As Defendants have alleged, an intra-class conflict exists among the participants who invested in those funds. According to the FAC, the structure of the company stock funds as unitized funds allowed a relatively small group of individuals to engage in day trading, which required the funds to maintain greater liquidity - a "cash buffer" - which, in turn, depressed the returns of other participants. The interests of the average class members compared to the "day trader" members are antagonistic and lack the cohesion envisioned by the typicality requirement because it is the day traders that create the need for surplus cash to fund their frequent trading activities, and it is this very surplus cash about which Plaintiffs complain. Plaintiffs claim that those who were not day traders were further harmed

because, rather than charging expenses per transaction, the expenses were spread across all Plan participants. Day traders benefitted from the unitized structure of the funds in that their settlements were not delayed, and they avoided additional fees. In sum, the day traders' claims do not have the same essential characteristics and interests as the class at large. Their interests are instead antagonistic and irreconcilable.

"It was early established by the Supreme Court that there is no class membership if the putative parties have 'dual and potentially conflicting interests.'" ***Baranski v. Vaccariello,* 896 F.2d 1095, 1098 (7th Cir. 1990) (quoting *Hansberry v. Lee*, 311 U.S. 32, 44 (1940)**. As a prerequisite to a class action, Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." ***Id.* (quoting FED.R.CIV.P. 23(a)(3))**. A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." ***Moffat v. UniCare Midwest Plan Group 31451,* 2006 WL 897918, at \*5 (N.D.Ill. 2006) (quoting *De La Fuente,* 713 F.2d at 232)**. Where the proposed class "is not cohesive or homogeneous," it should not proceed under Rule 23. ***Id.*, at \*7 (citing *Baranski*, 896 F.2d at 1098)**. Furthermore, it cannot be fairly said of the proposed class that if Defendants breached their fiduciary duties towards the representatives of the class, they breached their duties towards all. ***See Valdez v. Local 25, Service Employees Intern. Union AFL-CIO,* 1990 WL 91476, at \*2 (N.D.Ill. 1990)**.

The evidence of intra-class conflict is uncontroverted, and, indeed, the day-trader issue is at the heart of Plaintiffs' claims regarding the company stock funds. The typicality requirement of Rule 23(a)(3) cannot be satisfied where both day traders and participants who may have been

13

disadvantaged by day traders' actions are class members.

Plaintiffs' suggestion that a subclass of day traders could be created is not a viable option. First, there is no named Plaintiff who could meet the requirements for representing such a subclass. Second, it is far too late in the case to introduce the facts and legal theory that would support the creation and certification of a subclass.

For all of the foregoing reasons, the Court will not certify a class action as to the company stock funds.

4. **Adequacy of Representation**

The final Rule 23(a) requirement for class certification is that "the representative parties will fairly and adequately protect the interests of the class." **FED.R.CIV.P. 23(a)(4)**. In order to satisfy the requirements of Rule 23(a)(4), the class representative must "possess the same interest and suffer the same injury as the class members." ***Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 985 (7th Cir.2002) (quoting *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977))**. Accordingly, in evaluating adequacy, a court must make sure that there are no inconsistencies between the interests of the named party and the class that he or she represents. ***Uhl*, 309 F.3d at 985 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))**.

Defendants mount an aggressive three-pronged challenge to Plaintiffs' adequacy, contending that (1) Plaintiffs are atypical for many of the claims asserted; (2) Plaintiffs lack a basic understanding of their claims; and (3) Plaintiffs cannot adequately represent the class because of an intra-class conflict of interest.

First, Defendants assert that Plaintiffs have offered no competent evidence that any of

them invested in funds that are central to their claim for damages. To the contrary, all Plaintiffs have given sworn statements that they invested in the Plans. Abbott, Tombaugh and Jordan testified that they had invested in a 401(k) with Lockheed Martin. Doc. 179-3, Abbott Dep., 27:1-3; Doc. 179-4, Tombaugh Dep., 29:3-7; 179-5, Jordan Dep., 42:2-4; 90:7-13. Fankhauser, DeMartini and Tombaugh invested in company stock funds. Doc. 164-21, Fankhauser Dep., 68:13-17; Doc. 164-22, DeMartini Dep. 60:11-20; Tombaugh Dep. 44:23-45:4; 58:24-25. The Court has already concluded - and it is the law of the case - that Plaintiffs, as participants in the Plans, are specifically identified by statute as parties who may sue fiduciaries on behalf of the Plans for alleged breaches. **See 29 U.S.C. § 1132(a)(2)**.

Second, Defendants contend that Plaintiffs lack a basic understanding of their claims. "A named plaintiff does not need to have special knowledge of the case or possess a detailed understanding of the legal or factual basis on which a class action is maintained." *George,* **251 F.R.D. at 351 (citing *Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363, 373 (1966))**. The class representative need only know the basic facts underlying the lawsuit as alleged in the complaint and be willing to participate in discovery. *Id.* **(citing *Walker v. Bankers Life & Cas. Co.,* 2007 WL 2903180, at \*6 (N.D.Ill. 2007))**.

The class representatives herein meet that standard. In depositions, they have made clear that they understand why the case was filed, were able to describe Defendants' alleged breaches, and indicated an understanding of their roles and responsibilities as class representatives. *See* Doc. 179, Exhibits 2-6. Each Plaintiff describes similar conduct, particularly the allegation of unreasonable fees when they had assumed that fees were either reasonable or that Lockheed Martin was paying all fees. To the extent that Plaintiffs cannot explain the nature of their ERISA claims, the Court finds that

15

unsurprising - and not disqualifying - given the complexity of ERISA law. Plaintiffs stated that they relied on their lawyers, whom Defendants concede are adequate class counsel, to understand and articulate their claims. Accordingly, the Court finds that Plaintiffs have a sufficient understanding of their claims to serve as class representatives.

### 5. Rule 23(b) Requirements

Having determined that the requirements of 23(a) are satisfied as to all but the company stock funds, the Court turns to the question of whether a class action can be maintained under one of Rule 23(b)'s three subsections. Rule 23(b) authorizes certification of a class action if the prerequisites of subdivision (a) are satisfied, and if:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct of the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;... FED.R.CIV.P. 23(b)(1)(A), (B).

In this case, the Court finds that the failure to certify the proposed classes would result in inconsistent or varying adjudications with respect to the individual members of the classes, which would establish incompatible standards of conduct for the Defendants, thereby making this action appropriate for certification under Rule 23(b)(1)(A). In addition, adjudications with respect to individual members of the proposed class would, as a practical matter, be dispositive of the interests of the other members who are not parties to the adjudication or substantially impair or impede their ability to protect their interests, making certification under Rule 23(b)(1)(B) appropriate as well. ***See Rogers*, 2006 WL 794734, at \*9 (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), in support**

**of a grant of class certification under Rule 23(b)(1)(B) in a case involving alleged breach of fiduciary duties under ERISA);** *In re Syncor Erisa Litig.*, 227 F.R.D. 338, 346 (C.D. Cal. 2005) **(same).**

The Court concludes that class certification of Plaintiffs' First Amended Complaint, with the exception of the company stock funds and as further defined in the Court's Order and Memorandum of March 31, 2009 (Doc. 226), is appropriate under Rule 23(b)(1). Consequently, the Court does not reach Plaintiffs' alternative hybrid the issue of whether certification as a class action is proper under Rule 23(b)(2) and (b)(3).

5. **Adequacy of counsel**

Having determined that Plaintiffs' complaint is appropriate for class certification, as a final matter the Court addresses the adequacy of counsel. Rule 23 provides, in pertinent part,

> (1) Appointing Class Counsel. Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:
> (A) must consider:
> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class;...
> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;... **FED.R.CIV.P. 23(g)**.

In the current proceeding, the firm of Schlichter, Bogard & Denton, Jerome Schlichter and Nelson G. Wolff, seek appointment as class counsel. Defendants do not dispute the adequacy of this firm to serve as class counsel in this matter, and the declaration of Jerome Schlichter, a partner in the law firm of Schlichter, Bogard & Denton, in support of the appointment of his firm as class counsel, establishes that his firm is well-qualified to represent the class. *See* Doc. 161-15. The firm

has extensive experience in litigating large and complex class actions and has been designated as class counsel in similar breach of fiduciary duty cases filed in this District. The Court concludes that the firm of Schlichter, Bogard & Denton are adequate to serve as class counsel in this case.

### III. Conclusion

For all of the above reasons, the Court **GRANTS in part and DENIES in part** Plaintiffs' Second Motion for Class Certification (Doc. 160): Plaintiffs' motion for class certification on the issues of overall fees and the Stable Value Fund is **GRANTED**; Plaintiffs' motion for class certification on the issue of the company stock funds is **DENIED**. The Court appoints Plaintiffs Fankhauser, DeMartini, Jordan and Tombaugh as Class Representatives of the SSP Class, and certifies the following Plaintiff Class pursuant to Rule 23(b)(1)(A) and (B):

> All persons, excluding from the class the defendants and/or other individuals who are or may be liable for the conduct described in the First Amended Complaint, who were or are participants or beneficiaries of the Salaried Plan and who were or may have been affected by the conduct set forth in the First Amended Complaint, as modified by subsequent court orders, as well as those who will become participants or beneficiaries of the Plan in the future.

The Court also appoints Plaintiff Abbott as Class Representative of the HSP Class and certifies the following Plaintiff Class pursuant to Rule 23(b)(1)(A) and (B):

> All persons, excluding from the class the defendants and/or other individuals who are or may be liable for the conduct described in the First Amended Complaint, who were or are participants or beneficiaries of the HSP Plan and who were or may have been affected by the conduct set forth in the First Amended Complaint, as modified by subsequent court orders, as well as those who will become participants or beneficiaries of the HSP in the future.

**IT IS FURTHER ORDERED** that the firm of Schlichter, Bogard & Denton is appointed as Class Counsel for the Plaintiff Class pursuant to Rule 23(g).

**IT IS SO ORDERED.**

**DATED this 3rd day of April, 2009**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**
