IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY ABBOTT, ERIC FANKHAUSER, LLOYD DEMARTINI, JACK JORDAN and DENNIS TOMBAUGH, individually and on behalf of all those similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 06-cv-0701-MJR |
| LOCKHEED MARTIN CORPORATION and LOCKHEED MARTIN INVESTMENT MANAGEMENT COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM & ORDER

**REAGAN, District Judge:**

On July 2, 2007, Magistrate Judge Donald G. Wilkerson entered a stipulated protective order, sought by Defendants and unopposed by Plaintiffs, establishing procedures for the designation and disclosure in discovery of documents containing business information and confidential medical information. *See* Doc. 68. The Order allowed a party to designate as "Confidential" any information that it "believes, in good faith, reveals proprietary or trade secret information otherwise unavailable to the public, the disclosure of which would cause the producing Party competitive or financial harm." *Id.*, ¶ 5.

As to information filed with the Court, the Order provided that the party filing the document must make reasonable efforts to protect sensitive information from public disclosure. *Id.*, ¶ 14. The filing party was ordered to consult with the party that had designated the document as

confidential to determine whether it was necessary to file it under seal, and, in the absence of agreement, to file the document under seal, subject to further court order or agreement of the parties. *Id*.

On March 23, 2009, Plaintiffs filed a motion for leave to file, under seal, their emergency motion to compel Defendants to supplement their discovery responses regarding their recent solicitation of bids for lower recordkeeping fees. Doc. 211. In the alternative, Plaintiffs moved to unseal the motion. *Id*. On March 31, 2009, Judge Wilkerson granted in part and denied in part Plaintiffs' motion. Doc. 228. Specifically, Judge Wilkerson ordered the Clerk of Court to unseal the motion and exhibits 1, 2 and 6; exhibits 3, 4 and 5 were to remain sealed. On April 2, after a telephonic discovery dispute conference, Judge Wilkerson ordered that all documents that were ordered to be produced in the March 31 order were subject to the July 2 protective order. Doc. 232. Frustrated with these rulings, Plaintiffs appeal Judge Wilkerson's orders to the undersigned District Judge.

> **Local Rule 73.1(a)** provides:
> Any party may file for reconsideration of a Magistrate Judge's order determining a motion or matter under Local Rule 72.1(c) within ten (10) days after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. Such party shall file with the Clerk of the Court, and serve on the Magistrate Judge and all parties, a written request for reconsideration which shall specifically designate the order, or part thereof, that the parties wish the Court to reconsider. A District Judge of the Court shall reconsider the matter and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also reconsider *sua sponte* any matter determined by a Magistrate Judge under this rule.

In the case at bar, Judge Wilkerson's orders were filed on March 31 and April 2. As a result, Plaintiffs' April 14 appeal is timely. Accordingly, this District Judge will reconsider the matter and set aside any portion of Magistrate Judge Wilkerson's orders which are clearly erroneous

or contrary to law. **28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.")**. A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." ***Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 395 (1948); *see also Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997))**. "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." ***Westefer v. Snyder,* 472 F.Supp.2d 1034, 1037 (S.D.Ill. 2006) (citations omitted)**. The question, then, is whether Judge Wilkerson's orders allowing certain documents to remain sealed or entitled to "Confidential" treatment were clearly erroneous or contrary to law.

Plaintiffs submit that they twice requested that Defendants consent to the public filing of the exhibits at issue, but Defendants refused to consent. As a result, under the terms of the protective order, they were required to file the motion and exhibits under seal. Plaintiffs contend that Judge Wilkerson failed to make an independent finding of good cause to seal the documents and, in so doing, failed to meet the standards set forth by the Seventh Circuit Court of Appeals. According to Plaintiffs, the bidding process is complete; no trade secrets are involved; and no evidence that the dissemination of the materials would cause competitive harm exists. Plaintiffs contend that Defendants wish to conceal from public view bids that are substantially lower than the exorbitant amounts paid by the Plans since 1997. Lastly, Plaintiffs contend that Judge Wilkerson's April 2 Order provides no analysis of why the documents in question are confidential and denies Plaintiffs

the right to meaningfully challenge improper confidentiality designations.

Defendants respond that, contrary to Plaintiffs' assertions, the bidding process is ongoing and, at the current stage, is particularly sensitive. They assert that the bid-related information sealed by Judge Wilkerson constitutes "trade secret/proprietary information," has a substantial competitive value and is not disclosed publicly. Defendants contend that Plaintiffs waived their opportunity to make the arguments raised herein by failing to make them to Judge Wilkerson. According to Defendants, Plaintiffs failed to follow the procedure described in the protective order and cannot now appeal a ruling that was entered at their request. Furthermore, they argue that the documents at issue are peripheral rather than forming the core of the case: the documents were not cited in any briefing on summary judgment, *Daubert* motions or class certification. Lastly, Defendants assert that Judge Wilkerson's April 2 Order does not place any documents under seal or prohibit Plaintiffs from challenging the confidentiality designation. Rather, the Order simply provides that the documents that the Court ordered to be produced in its March 31 Order are subject to the July 2 protective order.

As recently reiterated by the Seventh Circuit, "Information that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure." ***United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009)**. The Court explained that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." ***Id*. (quoting *Baxter International, Inc. v. Abbott Laboratories,* 297 F.3d 544, 545-46 (7th Cir. 2002) (additional citation omitted)**. "But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." ***Id*. (citing *Grove Fresh***

*Distributors, Inc. v. Everfresh Juice Co.,* 24 F.3d 893 (7th Cir. 1994); *In re Continental Illinois Securities Litigation,* 732 F.2d 1302 (7th Cir. 1984)).

Nothing in Judge Wilkerson's analysis suggests that his orders are erroneous in any respect. Rather than a carte blanche sealing of the documents at issue, Judge Wilkerson winnowed out those documents which fall within the category of bona fide confidentiality, that is, those that (1) contain sensitive information; (2) were not disclosed to the public or competitors; (3) would more likely than not would cause competitive harm to the business operations of the disclosing party; and (4) would potentially harm the bidding process. Plaintiffs and Defendants disagree as to whether the bidding process is ongoing; however, the Court notes that Plaintiffs do not assert and offer no evidence that the contract has been awarded.

The bidding process is subject to confidentiality agreements between Defendants and the companies providing the bids. If Defendants are unable to ensure the confidentiality of these documents, the companies providing them could be competitively harmed and, as a result, could fail to make the bidding process as informative as possible, withdraw from the process or modify their proposals to Plaintiffs' detriment. Although not material to the Court's analysis of the confidentiality of these documents, it is an interesting side note that it redounds to *Plaintiffs'* benefit that Defendants are able to enter into the confidentiality agreements necessary to solicit bids for lower recordkeeping fees.

Even if the undersigned Judge were to conclude that the documents contain some pages of boilerplate and could have been redacted or unsealed in part, Judge Wilkerson's view that the documents should be sealed *in toto* is not clearly erroneous. **Westefer, 472 F.Supp.2d at 1037 ("[T]he reviewing court should not overturn the decision solely because it would have not**

**chosen the other view.")**. In sum, the Court finds that Judge Wilkerson's Order granting Plaintiffs' motion to seal the three bid-related documents was correct.

As to the April 2 Order, Plaintiffs are correct that the Order - if standing alone - lacks analysis and a finding of good cause. However, it appears to the undersigned Judge that the Order supplements and clarifies the Court's March 31 Order and was entered after the parties were heard during a telephonic discovery dispute conference. As such, it does not stand alone and requires no further analysis. Judge Wilkerson merely supplemented the March 31 Order to include a determination that documents produced under that Order are subject to the July 2 protective order. The Order does not place any documents under seal, nor does it prohibit Plaintiffs from challenging the confidentiality designation. Judge Wilkerson's Order will not be set aside because it is neither clearly erroneous nor contrary to law.

For all of the above reasons, the Court **DISMISSES** Plaintiffs' appeal (Doc. 243) and **AFFIRMS** Judge Wilkerson's Orders (Docs. 228, 232).

**IT IS SO ORDERED.**

**DATED this 8th day of July, 2009**

                                        **s/Michael J. Reagan**
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**