# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANTHONY ABBOTT, ERIC FANKHAUSER, LLOYD DEMARTINI, JACK JORDAN, and DENNIS TOMBAUGH, individually and on behalf of all those similarly situated,** | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| **vs.** | ) ) | **Case No. 06-cv-0701-MJR** |
| **LOCKHEED MARTIN CORPORATION and LOCKHEED MARTIN INVESTMENT MANAGEMENT COMPANY,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On April 3, 2009, the Court granted in part and denied in part Plaintiffs' Second Motion for Class Certification (Doc. 239). The Court appointed the firm of Schlichter, Bogard & Denton ("the Schlichter firm") as class counsel for the plaintiff class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Defendants did not dispute the adequacy of the firm to serve as class counsel. The Court found that Jerome Schlichter's declaration in support of the appointment of the Schlichter firm as class counsel established that the firm, which has extensive experience in litigating large, complex class actions, was well-qualified to represent the class.

On April 14, 2009, Plaintiffs filed an appeal of Magistrate Judge Donald G. Wilkerson's March 31 and April 2 orders, which allowed certain documents related to Defendants' solicitation of bids for lower recordkeeping fees to remain sealed (Doc. 243). On July 8, 2009, the

undersigned Judge dismissed Plaintiffs' appeal and affirmed Judge Wilkerson's Order, concluding that the March 31 Order granting the motion to seal the bid-related documents was correct and that, essentially, the April 2 Order supplemented the March 31 Order and, as such, needed no further findings or analysis.

Defendants now move the Court to strike the designation of class counsel (Doc. 250) because of the following statement made by Plaintiffs in their April 14 appeal of Judge Wilkerson's orders: "If released, these low bids could also expose the excessiveness of fees paid by 401(k) plans of other corporate defendants, including those defendants in similar ERISA fees cases with whom Defendants are conspiring to conceal such information from the millions of hard working Americans...." (Doc. 243, p. 10). According to Defendants, this statement reveals that the Schlichter firm wants to strip confidentiality from the bid-related documents not for the benefit of Plaintiffs in this case but rather so that the documents can be used in other cases in which the firm is involved. Defendants contend that public disclosure of the bid-related documents could derail the process for obtaining lower recordkeeping fees to Plaintiffs' detriment. Defendants ask the Court to disqualify the Schlichter firm because it is operating under an impermissible conflict of interest in violation of Rule 23(g)(1)(B) and (4).

Rule 23 provides that class counsel "must fairly and adequately represent the interests of the class." **FED.R.CIV.P. 23(g)(1)(B)**. The question then is whether the Schlichter firm will vigorously prosecute this action on behalf of the class or whether it will compromise the class's interests to benefit plaintiffs in other cases in which it is involved. ***Rutter & Wilbanks Corp. v. Shell Oil Co.,*** **314 F.3d 1180, 1187-88 (10th Cir. 2002) (citing *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir. 1998); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n. 20 (1997)**

**("The adequacy heading also factors in competency and conflicts of class counsel.")**.

Based on the record before this Court, there is no doubt that the Schlichter firm has vigorously represented the class in the past; the expectation is that it will continue to do so. As Plaintiffs made clear in their appeal of Judge Wilkerson's orders, they believed that the bidding process was complete and, as a result, that the class could not be harmed by disclosure of the bid-related documents. Doc. 243, p. 9. Although Plaintiffs were incorrect - and the Court disagreed with them on other grounds as well - Defendants' contention that the Schlichter firm attempted to make public confidential documents to advantage plaintiffs in other cases to the detriment of the plaintiff class herein does not rise above the level of speculative or hypothetical. *See In re BearingPoint, Inc. Securities Litigation*, **232 F.R.D. 534, 541 (E.D.Va. 2006) (citing** *Williams v. Empire Funding Corp*., **183 F.R.D. 428, 440 (E.D.Pa.1998) (holding that "merely speculative and hypothetical" conflicts of class counsel will not bar class certification);** *In re Olsten Corp. Sec. Litig*., **3 F.Supp.2d 286, 296 (E.D.N.Y.1998) (same).**

The case relied upon by Defendants, *In re Compact Disc Minimum Advertised Price Antitrust Litigation,* **2001 WL 243494 (D.Me. 2001)**, is unpersuasive. *In re Compact Disc* involved an actual conflict where prior representation of retailer clients potentially reduced a law firm's effectiveness in representing the putative consumer plaintiff class. **2001 WL 243494, \*3**. The Court concluded that the representations were "inescapably adverse" and that the law firm must be disqualified. *Id.* **at \*4**. Defendants have failed to identify any actual conflict between the plaintiff class in the current action and any other representation by the Schlichter firm which is inescapably adverse.

Disqualification of counsel at this juncture, particularly on such tenuous grounds,

would disserve the class. As the Third Circuit Court of Appeals observed in *In re Fine Paper Antitrust Litigation,* **617 F.2d 22 (3d Cir. 1980)**, where plaintiffs' counsel had participated actively in every phase of the litigation from inception through extensive discovery, settlement negotiations and trial preparation, it "would seriously jeopardize the position of the plaintiff class;... and lead inevitably to an indefinite postponement of trial" to disqualify counsel at that stage of the proceedings. **617 F.2d at 25**. Similarly, the Schlichter firm has actively participated in this prolonged and complicated litigation for nearly three years through various hard-fought motions to dismiss, to transfer venue, to compel, for summary judgment and for class certification. For the Court to disqualify the Schlichter firm at this point would greatly delay the action and jeopardize the class.

The Court also wishes to allay any concern that this litigation and any proposed settlement will not be carefully scrutinized and supervised by the undersigned Judge. First, Defendants' claim of conflict - if actualized - could be cured by instituting restrictions on the use of the bid-related documents in other proceedings. **FED. R. CIV. P. 23(d) & (e)**; *see Sheftelman v. Jones*, **667 F.Supp. 859, 865 (N.D.Ga. 1987) (holding that any conflicts presented by class counsel representing two classes against the same defendant are speculative and can be cured by procedural safeguards)**. Second, the Court has an ongoing responsibility to monitor class counsel for possible conflict to assure that the class's interests are fairly and adequately represented. *See, e.g., North American Acceptance v. Arnall, Golden & Gregory*, **593 F.2d 642, 645 (5th Cir. 1979)**; *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, **657 F.2d 890, 896 (7th Cir. 1981) ("If the certification of the class is later deemed to be improvident, the court may decertify, subclassify, alter the certification or permit intervention.") (internal**

**citations omitted**).  Consequently, this is not a "now or never decision," and if the Court were to realize at any time that counsel should be disqualified, it would take appropriate action.  ***Id.*; *see also General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 156 (1982) (trial court remains free to modify certification order in light of subsequent developments in litigation)**.  But this litigation is not at that point.  Defendants have established no breach of fiduciary obligations by the Schlichter firm and have not demonstrated that the firm is not an adequate representative of the interests of the class.  ***Culver v. City of Milwaukee,* 277 F.3d 908, 913 (7th Cir. 2002)**.

For all of the above-stated reasons, the Court **DENIES** Defendants' motion to strike the designation of class counsel (Doc. 250).

**IT IS SO ORDERED.**

**DATED this 22nd day of July, 2009**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**