UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ABBOTT et al., <br>                       *Plaintiffs*, <br> vs. <br> LOCKHEED MARTIN CORP. et al., <br>                       *Defendants*. | No. 06-cv-0701-MJR-DGW |

**PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs move that the Court certify as class actions the following classes:

1. **The Stable Value Fund (SVF) Class.** For their claims regarding the imprudently managed Stable Value Fund investment option in the Lockheed Martin Corporation Salaried Savings Plan and the Lockheed Martin Corporation Hourly Savings Plan, *see* Doc. 324 ¶¶108–11, Doc. 226 at 17–20, Plaintiffs request certification of this class:

> All participants and beneficiaries of the Lockheed Martin Corporation Salaried Savings Plan and the Lockheed Martin Corporation Hourly Savings Plan whose accounts held units of the Stable Value Fund (SVF) from September 11, 2000 through September 30, 2006 and whose SVF units underperformed relative to the Hueler FirstSource Index. Excluded from this class are the Defendants, other LMIMCo or Lockheed Martin employees with responsibility for the Plans' investment or administrative functions, and members of the Lockheed Martin Board of Directors.

The representatives of this class are Plaintiffs David Ketterer and Roger Menhennett.

There are well over 1,000 members of this class throughout the United States and joinder of each member in this action would be impracticable under Rule 23(a)(1). Exhibit 2 ¶9; Doc. 18-2 at 2, ¶5; Doc. 336-7; *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969); *Lively v. Dynegy, Inc.*, 2007 WL 685861, at *6 (S.D.Ill. Mar. 2, 2007).

The questions of law and fact that are common to this class under Rule 23(a)(2) include, among others, whether Defendants breached their fiduciary duties under 29 U.S.C. §1104(a)(1)

1

in their management of the Stable Value Fund and what is the prudent alternative to Defendants' management by which to determine the Plans' losses under 29 U.S.C. §1109(a), from which each class member will derive his or her individual loss. *Spano v. Boeing Co.*, 633 F.3d 574, 585–86, 588–89 (7th Cir. 2011); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. ___, 131 S.Ct. 2541, 2551 (2011).

Plaintiffs Ketterer and Menhennett assert claims that are typical of the class under Rule 23(a)(3) because they invested in the SVF during the class period and suffered the same losses as the class and because their claims arise from the same course of conduct of Defendants and same legal theory as the claims of other class members. Ex. 2 ¶¶13–15; *Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008). The claims of these Plaintiffs are perfectly congruent with the claims of absent class members. *Spano*, 633 F.3d at 586–87, 590.

Plaintiffs Ketterer and Menhennett "will fairly and adequately protect the interests of the class" under Rule 23(a)(4) for the same reason they assert typical claims. *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 724 (7th Cir. 2011); *Spano*, 633 F.3d at 586. They both have a basic understanding of the claims in this action and have expressed sufficient interest to act on behalf of the class members in prosecuting this action. Exs. 5, 6; Doc. 239 at 15 (*citing George v. Kraft Foods Global, Inc.*, 251 F.R.D. 338 (N.D.Ill. 2008).

2. **The Company Stock Funds (CSF) Class.** For their claims regarding the imprudently managed company stock fund options in the Plans (the Company Common Stock Fund in the Hourly Savings Plan and Salaried Savings Plan, the Hourly Savings Plan ESOP, and the Salaried Savings Plan ESOP), Doc. 324 ¶¶68–96, Doc. 226 at at 20–21, Plaintiffs request certification of these subclasses:

> **CSF subclass, September 2000 – July 2002:** All participants and beneficiaries of the Lockheed Martin Corporation Salaried Savings Plan and the Lockheed Martin

>Corporation Hourly Savings Plan whose accounts held units of the Company Common Stock Fund, Hourly ESOP, or Salaried ESOP, and whose units underperformed relative to Lockheed Martin Common Stock, from September 11, 2000 through July 31, 2002. Excluded from this class are participants who bought and sold units in those funds within a 48-hour period.[1] Further excluded from this class are the Defendants and other LMIMCo or Lockheed Martin employees with responsibility for the Plans' investment or administrative functions, and members of the Lockheed Martin Board of Directors.
>
>**CSF subclass, August 2002 – December 2008:** All participants and beneficiaries of the Lockheed Martin Corporation Salaried Savings Plan and the Lockheed Martin Corporation Hourly Savings Plan whose accounts held units of the Company Common Stock Fund, Hourly ESOP, or Salaried ESOP, from August 1, 2002 through December 22, 2008, and whose units underperformed relative to Lockheed Martin Common Stock. Excluded from this class are the Defendants and other LMIMCo or Lockheed Martin employees with responsibility for the Plans' investment or administrative functions, and members of the Lockheed Martin Board of Directors.

The representatives of both subclasses are all named Plaintiffs,[2] because both Plans had employer matching contributions made in units of either Plan's ESOP, which participants could not reallocate until age 55. Doc. 146-51 at 16; Doc. 161-1 at 3; Doc. 161-2 at 3.

The number of Plan participants whose investments in the CSFs suffered losses as defined by the class definition exceeds 1,000 individuals throughout the United States. Doc. 239 at 8; Ex. 2 ¶¶16–22; Doc. 18-2 at 2, ¶5; Doc. 336-7. Joinder of the class members is impracticable under Rule 23(a)(1). *Lively*, 2007 WL 685861, at *6; *Swanson*, 415 F.2d at 1333 n.9.

The questions of law and fact that are common to the class under Rule 23(a)(2) include, among others, whether Defendants imprudently managed the CSFs in each class period and what was the prudent alternative to Defendants' management by which to determine Plan losses under 29 U.S.C. §1109(a). *Spano*, 633 F.3d at 588–89; *Dukes*, 131 S.Ct. at 2551.

---

[1] Plaintiffs asked Defendants to provide transactional data for the CSFs so that they could identify these day traders more specifically, but Defendants have refused to provide that data. *See* Doc. 329-1 at 2, Doc. 329-4 at 4 and 6.

[2] With the exception of Jack Jordan, who had reached the age threshold under the Plan to diversify his ESOP investments by the time period at issue.

Because the subclasses include only those participants who suffered losses as a result of Defendants' breach of duty, the claim of any class member is perfectly congruent with the claims of the class and the Plaintiffs thus assert typical claims under Rule 23(a)(3). *Spano*, 633 F.3d at 586–87. Plaintiffs' claims arise out of the same course of conduct by Defendants and the same legal theories as the class. *Arreola*, 546 F.3d at 798.

Plaintiffs "will fairly and adequately protect the interests of the class" under Rule 23(a)(4) for the same reason they assert typical claims. Doc. 239 at 14–16; Exs. 5, 6; *CE Design*, 637 F.3d at 724; *Spano*, 633 F.3d at 586.

3. **The Excessive Fees Class.** For their claims regarding the excessive administrative fees of the Plans, Doc. 226 at 14–17, Doc. 324 ¶¶12, 67, 131, 142, Plaintiffs request certification of the following class:

> All participants and beneficiaries of the Lockheed Martin Corporation Salaried Savings Plan and the Lockheed Martin Corporation Hourly Savings Plan from September 11, 2000 through December 22, 2008, excluding the Defendants, other LMIMCo or Lockheed Martin employees with responsibility for the Plans' investment or administrative functions, and members of the Lockheed Martin Board of Directors.

All Plaintiffs are representatives of this class.

Because administrative fees were assessed against all participants in equal percentages, Doc. 146-3 at 19, Doc. 146-4 at 1–15, Doc. 146-5 at 1–5, Doc. 146-9 at 10–11, Doc. 146-10 at 1–9, all participants in both Plans are members of this class and exceed 100,000 individuals across the United States, which is sufficiently numerous under Rule 23(a)(1). Doc. 239 at 8–9; *see Spano*, 633 F.3d at 585; *Swanson*, 415 F.2d at 1333 n.9.

Because Plaintiffs contend Defendants imposed excessive fees on all participants, they describe a problem that operates across the plan rather than at the individual level and thus satisfy the commonality requirement of Rule 23(a)(2). *Spano*, 633 F.3d at 586, 588; Doc. 239 at

4

9–11. Because every participant paid a portion of the alleged excessive fee, any participant's claim is typical of the class. *Spano*, 633 F.3d at 590. There can be no conflict of interest among participants because no participant benefitted from Defendants' excessive fees. For the same reasons stated above, Plaintiffs are adequate representatives of this class.

    4.   For the reasons previously found by the Court, Plaintiffs' attorneys also are competent attorneys for each class. Doc. 239 at 16, 17–18; *Spano*, 633 F.3d at 586.

    5.   **Rule 23(b)(1).** For the same reasons found by the Court previously, all three classes should be certified under Rule 23(b)(1) because the adjudication of individual actions over breach of fiduciary duties that were owed to the Plans as a whole could as a practical matter dispose of the interests of other individual participants or substantially impair or impede other participants' ability to pursue their own claims for the same breaches and could result in inconsistent or varying adjudications and create incompatible standards of conduct for the Defendants. Doc. 239 at 16–17; Fed.R.Civ.P. 23(b)(1)(A) and (B); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833 (1999); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Plaintiffs' fiduciary breach claims arise under 29 U.S.C. §1132(a)(2) [ERISA §502(a)(2)]. "In light of the derivative nature of ERISA § 502(a)(2) claims, breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class, as numerous courts have held." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009); *Spano*, 633 F.3d at 588; *Yost v. First Horizon Nat'l Corp.*, 2011 WL 2182262, *13–14 (W.D.Tenn. June 3, 2011); *In re YRC Worldwide, Inc. ERISA Litig.*, 2011 WL 1303367, *8–13 (D.Kan. Apr. 6, 2011).

    6.   **Rule 23(b)(3).** Alternatively, the classes should be certified under Rule 23(b)(3) because common questions of law and fact predominate over individual questions (which are limited to

each participant's share of plan losses) and each participant has such a small share that he or she cannot efficiently pursue his or her own claim for that share of plan loss. Ex. 2 ¶¶14–15, ¶¶24–25. Because the Court has prohibited any individual participant from pursuing plan-wide relief individually, despite the terms of 29 U.S.C. §1132(a)(2), Doc. 283, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed.R.Civ.P. 23(b)(3); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997); *Crabill v. Trans Union, L.L.C.,* 259 F.3d 662, 665 (7th Cir. 2001). Under a Rule 23(b)(3) class, the Court should provide notice to all Plan participants of the pendency of this action and provide each participant the right to opt out of each class in order to pursue his or her own claim for fiduciary breach. The Court should also impose all costs for that and any other required notices upon the Defendants, since they are the fiduciaries of this Plan and can bear such expenses more easily than Plaintiffs.

7. **Class counsel.** Plaintiffs request that the Court appoint Schlichter, Bogard & Denton LLP as class counsel for all three classes under Rule 23(g) for the same reasons as it did in its previous class certification orders. Doc. 239 at 16, 17–18; Doc. 262; *Spano*, 633 F.3d at 586; Doc. 161 at 15; Doc. 161-14.

8. In further support of this Motion, Plaintiffs refer the Court to their Memorandum In Support, filed concurrently herewith.

Dated: November 16, 2011          Respectfully submitted,

/s/ Jerome J. Schlichter
Jerome J. Schlichter 02488116
Nelson G. Wolff 6211943
Michael A. Wolff 6206003
Sean E. Soyars
SCHLICHTER, BOGARD & DENTON
120 W. Main Street, Suite 208
Belleville, IL 62220
100 South Fourth Street, Suite 900
St. Louis, MO 63102
Tel: 314-621-6115
Fax: 314-621-7151

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

    I hereby certify that on November 16, 2011, I electronically filed this document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Patrick J. Kenny
James G. Martin
ARMSTRONG TEASDALE LLP
7700 Forsyth
St. Louis, MO 63105

Peter H. White
SCHULTE ROTH & ZABEL LLP
1152 15th St. NW
Washington, D.C. 20005

Robert P. Davis
Michael E. Lackey
Brian D. Netter
Michelle N. Webster
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

/s/ Jerome J. Schlichter