UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY ABBOTT, et al.,**  Plaintiffs,  v.  **LOCKHEED MARTIN CORPORATION, et al.,**  Defendants. | Case No. 3:06-cv-701-MJR-DGW |

### DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAVID KETTERER'S STABLE VALUE FUND CLAIM

Defendants Lockheed Martin Corp. and Lockheed Martin Investment Management Co. (collectively, "Lockheed Martin") hereby move this Court for leave to file a motion for partial summary judgment on Plaintiff David Ketterer's Stable Value Fund ("SVF") claim.

As explained herein, David Ketterer was joined to this case *after* this Court's 2009 summary judgment ruling. Accordingly, Lockheed Martin has not had an opportunity to challenge his claims. Moreover, Ketterer's claims with respect to the SVF differ from the claims pressed by other Plaintiffs in opposition to Lockheed Martin's 2008 motion for summary judgment, and those differences became apparent only recently, during the latest round of class-certification proceedings. In addition, there is intervening appellate authority on the standard for summary judgment on the precise claim at issue here—a fiduciary decision to offer 401(k) plan participants an investment in money-market instruments rather than insurance contracts. Finally, this Court's consideration of Lockheed Martin's motion at this juncture is consistent with sound and efficient judicial administration because (1) Lockheed Martin's motion is meritorious and will greatly simplify trial; and (2) Lockheed Martin's motion is filed within the parameters specified in L.R. 7.1(f).

## BACKGROUND

David Ketterer joined this case in May 2011 and is the sole proposed class representative challenging the Stable Value Fund ("SVF").  He became a party *after* the Court issued its 2009 ruling on summary judgment and *after* Plaintiffs sought and received leave to file their Second Amended Complaint ("SAC").

Before Ketterer entered the case, Plaintiffs' claim involving the SVF was that it "was not a true stable value fund – and to call it one grossly misrepresented the nature of the fund." Expert Report of Paul I. Kampner ¶ 25, Dkt. No. 148–1.  Indeed, each of Plaintiffs' expert witnesses who offered opinions as to the SVF contended that it was the *name* of the fund that was problematic.[1]  Accordingly, when Lockheed Martin filed its motion for summary judgment as to the First Amended Complaint ("FAC") in 2008, it argued that "Defendants at all times accurately disclosed the strategy and composition of the SVF to Plan participants."  Dkt. No. 146, at 16.  Plaintiffs' opposition also sounded in misrepresentation.  *See* Dkt. No. 164, at 14 ("Despite its name and objectives, Defendants' 'Stable Value Fund' in fact was not a stable value fund.").  This Court likewise understood that Plaintiffs were making a misrepresentation claim. *See* Dkt. No. 226, at 17 ("[Plaintiffs] submit that despite its name and objectives, it was not in fact a stable value fund but, rather, was administered as a money market fund.").

Ketterer did not join any of the Plaintiffs' filings with respect to the FAC.  He joined the case with the filing of the Second Amended Complaint ("SAC").  When he was deposed in 2011,

---

[1] *See also* Expert Report of Edward S. O'Neal ¶ 19, Dkt. No. 148–3 ("By using the name 'Stable Value Fund' when in fact the underlying holdings in the fund were not stable value instruments, Lockheed Martin materially deceived plan participants about the fund."); Expert Report of Al Otto ¶ 96, Dkt. No. 148–2 ("LMC and LMIMCo absolutely knew that what they claimed as a Stable Value Fund was in fact not a Stable Value Fund, and that they were deceiving plan participants."); Expert Report of Steve Pomerantz ¶ 26, Dkt. No. 148–5 ("The true investment nature of the Stable Value Fund was concealed from participants, as Lockheed-Martin fiduciaries misrepresented the investment strategy to them.").

as to the nature of his SVF claim, he stated a different theory of the case. He testified that he allocated portions of his 401(k) account to the SVF in 2002 to "maintain[] the security of keeping that for a future divorce settlement." Ketterer Dep. 26, 160. While he concluded that "[t]he stable value fund met [his] objectives of not losing any money and [not] putting [his] life finances in jeopardy for having to go out and take a loan to pay off an ex-wife" (*id.* at 152), he objected to investments in "money market funds," which he found to be "inherently risky and volatile" (*id.* at 166). Although he conceded that the SVF was not, in fact, a "risky investment," Ketterer nevertheless maintains that the SVF was imprudent because "it didn't pay as well as it could have." *Id.* at 164.

Ketterer's theory was difficult to reconcile with Plaintiffs' expert reports, which led the parties to litigate the question of what exactly Ketterer was claiming. *See, e.g.*, Dkt. No. 357, at 1 ("Defendants' labeling of the SVF option as a Stable Value Fund was 'false advertising.'"); Dkt. No. 359, at 3 ("Plaintiffs' reply brief clarifies their theory on the SVF."). It was not until his reply brief on class certification in the Seventh Circuit that Ketterer expressly disavowed a misrepresentation claim. *See* Reply Brief for Appellants 16, *Abbott v. Lockheed Martin Corp.*, 725 F.3d 803, 811 (7th Cir. 2013) (No. 12-3736) ("Lockheed's contention that the SVF claim is a 'misrepresentation' claim . . . is simply false.").

Lockheed Martin has not previously moved for summary judgment against any of Ketterer's claims, and no trial date has been set for this case.

## ARGUMENT

Lockheed Martin should be permitted to file a motion for partial summary judgment on Plaintiff David Ketterer's SVF claim. Ketterer was added to the case in the SAC after this Court resolved Lockheed Martin's motion for summary judgment on Plaintiffs' FAC. Accordingly,

3

Lockheed Martin has not yet been afforded an opportunity to seek summary judgment on Ketterer's claim.[2]

In any event, even if this were treated as a successive motion for summary judgment, leave should be granted to file such a motion. As the Seventh Circuit has explained, "the denial of summary judgment has no res judicata effect, and the district court may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good reasons exist." *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995).[3]

In a list that was "not meant to be exhaustive," *Gordon v. Veneman*, 61 F. App'x 296, 298 (7th Cir. 2003), the Seventh Circuit has explained that renewed or successive motions are "appropriate especially if one of the following grounds exists: '(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice.'" *Whitford*, 63 F.3d at 530 (quoting *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affdd in part, rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).

Here, even if Lockheed Martin's motion is treated as successive, there are no fewer than three reasons why leave should be granted.

---

[2] *See, e.g.*, *Beshir v. Holder*, 840 F. Supp. 2d 379, 380 (D.D.C. 2012) ("if the plaintiff files an amended complaint, the defendants may file a second renewed motion for summary judgment"); *Travelers Indem. Co. of Illinois v. Shilo Automatic Sprinkler, Inc.*, 230 F.R.D. 281, 282 (D.R.I. 2005) ("Therefore, while this Court's denial of Shilo's summary judgment motion against the Former Parties was appropriate, Shilo contends that such denial should not prevent it from filing a new summary judgment motion against the New Parties. This Court agrees.") (citation omitted).

[3] *See also McKethan v. Texas Farm Bureau*, 996 F.2d 734, 738 (5th Cir. 1993) ("[B]ecause the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."); 18B Wright & Miller, Fed. Prac. & Proc. Juris. § 4478.1 (2d ed. 2014) ("denial of summary judgment often is reconsidered and followed by an order granting summary judgment").

*First*, Ketterer's claims with respect to the SVF differ from the claims pressed by other Plaintiffs in opposition to Lockheed Martin's 2008 motion for summary judgment. As described above, the expert reports that were disclosed by Plaintiffs prior to Lockheed Martin's 2008 motion suggested that Plaintiffs were pursuing a claim based on misrepresentation. When Ketterer entered the case with the filing of the SAC, he pursued a different course. He has further refined the substance of his claim in additional briefing on class certification and on appellate review. This new approach is supported by additional facts in Ketterer's deposition, in which he offered his alternative theory of the SVF's imprudence. *Cf. Grier v. Chu*, 2012 WL 4108106, at *4 (S.D.N.Y. June 26, 2012) (granting leave to file successive motion for summary judgment because "the parties engaged in discovery, which included taking the plaintiff's deposition").[4]

*Second*, there is intervening legal authority on the precise question at issue here. In *Tibble v. Edison Int'l*, 729 F.3d 1110 (9th Cir. 2013), *aff'g* 639 F. Supp. 2d 1074 (C.D. Cal. 2009), the Ninth Circuit considered the same claim now presented by Ketterer here (raised by the same plaintiffs' attorneys and supported by at least one of the same expert witnesses): whether 401(k) plan fiduciaries violated ERISA's duty of prudence by including a money-market fund instead of a stable-value fund. In *Tibble*, the district court followed the Secretary of Labor's approach for assessing procedural prudence and determined that defendants were entitled to summary judgment because an Edison employee "consider[ed] [the] option[s], and based on the risk and return involved with such a stable value fund, he decided that a money market fund would be a better option." 639 F. Supp. 2d at 1118. The Ninth Circuit affirmed, agreeing that

---

[4] Even if this were merely a circumstance in which "a party neglects to address all of the non-movant's claim in its first motion," the Seventh Circuit has held that a district court has discretion to entertain a renewed motion. *Gordon v. Veneman*, 61 F. App'x at 298.

"fatal to beneficiaries is uncontroverted evidence that there were discussions about the pros and cons of a stable-value alternative." *Tibble*, 729 F.3d at 1136. This Court's 2009 opinion predated both the district court's and the Ninth Circuit's decisions in *Tibble*. Accordingly, even if Ketterer were not a new Plaintiff pressing a modified claim, leave should be granted.

   *Third*, consideration of Lockheed Martin's motion at this juncture is consistent with sound and efficient judicial administration. The Seventh Circuit has explained that it "certainly suffices" to allow a second motion for summary judgment when a party can demonstrate that the alternative is to "risk wasting judicial resources on a claim that should never have made it to trial." *Gordon*, 61 F. App'x at 298. When this Court denied summary judgment on the SVF claim in Plaintiffs' FAC, it relied on its belief that Cora Ingrim had expressed concerns about the name of the SVF in light of its composition and that "the timeframe during which this problem developed and was resolved is not clear." Dkt. No. 226, at 19. No trial is necessary, of course, for this Court to assess the abundant written evidence that Lockheed Martin was constantly evaluating the composition of the SVF and ways in which to tailor the risk-and-return profile of the SVF for the benefit of Plan participants—starting from the very beginning of the class (and limitations) period and lasting until the very end of the period. In light of indisputable evidence that Lockheed Martin exhibited procedural prudence in its assessment of the SVF, no trial on the merits of those decisions is warranted. And further, this Court has not previously considered administrative determinations by the Secretary of Labor to which *Chevron* deference is owed that endorse the substantive prudence of money-market funds in a way that makes Ketterer's claim unsustainable.

   Moreover, Lockheed Martin's motion is filed within the parameters specified in L.R. 7.1(f). That rule provides that motions for summary judgment "must be filed no later than 100

days before the first day of the presumptive trial month." There is presently no presumptive trial month for this case. Accordingly, there is sufficient time to brief and resolve this single claim prior to trial.

## **CONCLUSION**

The motion for leave to file a motion for partial summary judgment on David Ketterer's SVF claim should be granted.

Dated:   January 21, 2014

By: /s/ Patrick J. Kenny
Patrick J. Kenny

James G. Martin     #6187143
Patrick J. Kenny     #6220369
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
(314) 621-5070 (telephone)
(314) 621-5065 (facsimile)
jmartin@armstrongteasdale.com
pkenny@armstrongteasdale.com

Robert P. Davis
Brian D. Netter
Michelle N. Webster
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006-1101
(202) 263-3000 (telephone)
(202) 263-3300 (facsimile)
rdavis@mayerbrown.com
bnetter@mayerbrown.com
mwebster@mayerbrown.com

Peter H. White
SCHULTE ROTH & ZABEL LLP
1152 15th Street, NW
Washington, DC 20005
(202) 729-7476 (telephone)
(202) 730-4520 (facsimile)
pete.white@srz.com

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY ABBOTT, et al.,**<br><br>            Plaintiffs,<br><br>    v.<br><br>**LOCKHEED MARTIN CORPORATION, et al.,**<br><br>            Defendants. | Case No. 3:06-cv-701-MJR-DGW |

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendants Lockheed Martin Corporation and Lockheed Martin Investment Management Company, hereby certifies that on the 21st day of January 2014, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jerome J. Schlichter
Nelson Wolff
Michael Wolff
Troy A. Doles
Heather Lea
Jason P. Kelly
Sean Soyars
SCHLICHTER, BOGARD & DENTON
100 S. 4th Street, Suite 900
St. Louis, MO 63102
*Attorneys for Plaintiffs*

                                                By:    /s/ Patrick J. Kenny
                                                       Patrick J. Kenny
                                                       ARMSTRONG TEASDALE LLP
                                                       7700 Forsyth Boulevard, Suite 1800
                                                       St. Louis, Missouri 63105
                                                       (314) 621-5070 (telephone)
                                                       (314) 621-5065 (facsimile)