UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ABBOTT et al.,<br>        Plaintiffs,<br>vs.<br>LOCKHEED MARTIN CORP. et al.,<br>        Defendants. | No: 3:06-cv-00701-MJR-DGW |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE
TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT [DOC. 394]**

There are no grounds for a second round of summary judgment proceedings on Plaintiffs' Stable Value Fund (SVF) claim. Discovery closed long ago, and there are no new facts or any change in the law that could conceivably cause the Court to reverse its finding that Plaintiffs' evidence presented a material dispute of fact as to the prudence of the SVF, which is the law of the case. While Lockheed cites the addition of a new plaintiff, Mr. Ketterer does not have an "individual" claim distinct from the Plans' ERISA §502(a)(2) claim that was the subject of the prior summary judgment motion. What Lockheed characterizes as Mr. Ketterer's "personal views" as to the SVF have nothing to do with the merits of the Plans' claim. The issue of Ketterer's personal views has already been fully briefed in Plaintiffs' amended motion to certify the SVF class. Doc. 382 at 2–3; Doc. 385 at 5–6. There is no reason to allow Lockheed to rehash the same points in a new round of summary judgment briefing, particularly because an individual participant's personal views are irrelevant to whether *Lockheed* breached a duty to the Plans.

Moreover, the Seventh Circuit's decision in *Abbott* makes clear that this Court correctly denied summary judgment. Lockheed essentially argued on appeal that any error in denying class certification was harmless because the SVF claim would likely fail on the merits under *DeBruyne v. Equitable Life Assurance Society*, 920 F.2d 457 (7th Cir. 1990), upon which Lockheed heavily relied in seeking summary judgment. See Brief for Defendants-Appellees 33,

1

*Abbott v. Lockheed Martin Corp.*, 725 F.3d 803 (7th Cir. 2013) (No. 12-3736) ("Plaintiffs are not entitled to certify a class … [for] a claim that is unsustainable on the merits under this Court's decision in *DeBruyne*."); *id*. 39 (urging affirmance for reasons "not stated by the district court in its order"); Doc. 146 at 16–20. The Seventh Circuit thoroughly rejected that position, making clear that *DeBruyne* has no bearing on the merits of Plaintiffs' SVF claim. *Abbott*, 725 F.3d at 811–12 (finding that Lockheed's "interpretation stretches both the district court's order and *DeBruyne* beyond what either can bear", and "the statements from *DeBruyne* to which Lockheed clings … do not carry the day" because "its holding is far narrower than Lockheed asserts.").

Now that the Seventh Circuit has rejected its defense, Lockheed seeks to change course by making a new "procedural prudence" argument based on a supposed change in the law. However, there has been no change in the law, as the decision it cites is based on long-established ERISA fiduciary law. Lockheed had a full and fair opportunity to make that argument and to present any evidence of its purported prudence in the prior summary judgment motion, but chose to waive it. There is no compelling reason to allow Lockheed a second bite at the apple. This case is in its eighth year, and Plaintiffs are due for their day in court. Lockheed's motion should be denied.

## ARGUMENT

The Court has previously admonished that the parties may not attempt "to circumvent prior rulings and relitigate issues already resolved." Doc. 322 at 7. The law-of-the-case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (internal quotation marks omitted). This "ensure[s] that the parties marshal all of their facts and arguments so that a dispute may be resolved in one pass."

2

*Peoples v. United States*, 403 F.3d 844, 846 (7th Cir. 2005).[1]

Here, discovery closed in December 2008, and the Court set a dispositive motion deadline of December 26, 2008. Doc. 98 at 2; Doc. 108. Lockheed had a full and fair opportunity to marshal all of its facts and arguments in support of summary judgment at that time, and did so. Doc. 146 at 15–20. The Court concluded "that LMIMCo itself had grave doubts about the composition of the Fund", and thus there were material disputes of fact requiring denial of summary judgment. Doc. 226 at 19–20. That conclusion is the law of the case, which the Court should not revisit absent compelling reasons, which Lockheed has not identified. *Toliver v. Pollard*, 688 F.3d 853, 861 (7th Cir. 2012).

The addition of a new plaintiff has no bearing on the Court's prior ruling. Although Lockheed characterizes its proposed motion as directed to "David Ketterer's Stable Value Fund claim", Mr. Ketterer has no individual claim that is distinct from the Plans' claim. ERISA §502(a)(2) [29 U.S.C. §1132(a)(2)] "does not provide a remedy for individual injuries distinct from plan injuries[.]" *LaRue v. DeWolff, Boberg & Assocs.*, 552 U.S. 248, 256 (2008); see also id. at 261 (Thomas, J., concurring) ("The plain text of §409(a), which uses the term 'plan' five times, leaves no doubt that §502(a)(2) authorizes recovery only for the plan."). Thus it is the plan that is "the victim of any fiduciary breach and the recipient of any relief", *id*. at 254, and is the true plaintiff. The Second Amended Complaint simply added Mr. Ketterer as a proposed class representative for this claim; it did not change any substantive allegation as to the SVF. Compare Doc. 137 at 31–32 (¶¶128–131) (Lockheed's "Imprudent Selection of Investments in the Stable Value Fund"), with Doc. 324 at 29–30 (¶¶108–111) (identical). Accordingly, Lockheed's

---

[1] This doctrine has limited application in the context of class certification, given Rule 23(c)(1)'s express authorization that such orders may be altered or amended before final judgment. Fed.R.Civ.P. 23(c)(1); *Abbott*, 725 F.3d at 814.

assertion that Ketterer is pursuing a "modified" claim is false. Cf. Doc. 394 at 5–6.

Lockheed falsely asserts that it previously moved for summary judgment solely on a "misrepresentation" theory, Doc. 394 at 2, and that such a claim was not disavowed until Plaintiffs' reply brief in the Seventh Circuit, *id*. at 4. In fact, Lockheed cites only the first section of its summary judgment argument, failing to disclose section III.B., entitled: "The composition of the Stable Value Fund was prudent." Doc. 146 at 19–20. Accordingly, Lockheed's suggestion that it did not have an opportunity to move for summary judgment as to Plaintiffs' current SVF claim is false. Moreover, the Seventh Circuit already rejected Lockheed's argument that Plaintiffs were previously pursuing a misrepresentation theory:

> From the First Amended Complaint through this appeal, Plaintiffs have made clear that they believe Lockheed's management of the SVF violated ERISA because 'it was an imprudent investment for participants.' This allegation appears, among other places, in the First Amended Complaint, the original motion for class certification, Plaintiffs' opposition to summary judgment, the Second Amended Complaint, Plaintiffs' amended motion for class certification, and finally Plaintiffs' appellate briefs. They allude rarely, if at all, to misrepresentation.

*Abbott*, 725 F.3d at 811. The Seventh Circuit found that Lockheed was attempting to "distort[]" the nature of Plaintiffs' claim. *Id.* It is still attempting to do the same thing here.

*Tibble v. Edison Int'l*, 729 F.3d 1110 (9th Cir. 2013) also does not warrant a second round of summary judgment briefing, because it is not a change in the law. Cf. Doc. 394 at 5. *Tibble* did not announce any new "standard" for fiduciary prudence—it merely applied established law to the facts of that case. *Tibble*, 729 F.3d at 1136 ("the primary question is whether the fiduciaries, at the time they engaged in the challenged transactions, employed the appropriate methods to investigate the merits of the investment and to structure the investment.") (quoting *Cal. Ironworkers Field Pension Trust v. Loomis Sayles & Co.*, 259 F.3d 1036, 1043 (9th Cir. 2001)). For this Court to depart from the law of the case requires a compelling reason such as a *change*

4

in the law. *Toliver*, 688 F.3d at 861 (7th Cir. 2012). (finding no compelling reason to revisit prior decision where intervening authority did not change law but merely joined "an unbroken line of cases" interpreting statute). Here, there is no such change, and both sides cited cases to the same effect as *Tibble* in the original summary judgment briefs. Doc. 146 at 4–5; Doc. 164 at 12.

The facts in *Tibble* are also different from this case. Here, unlike *Tibble*, the fiduciaries themselves expressed "grave doubts" about the SVF and admitted it would not "provide a meaningful retirement asset[.]" Doc. 226 at 17, 19; *Abbott*, 725 F.3d at 806. While Lockheed contends that the record here "abundant evidence" that it engaged in an appropriate investigation as to the structure of the SVF, it had the opportunity to present that evidence previously but failed to. Cf. Doc. 394 at 6; Doc. 146 at 15–20. In any event, even if *Tibble* were a change in the law, it is an immaterial one, because the Seventh Circuit already made clear in this case that the Court properly denied summary judgment because *DeBruyne* has no bearing on the SVF claim. *Abbott*, 725 F.3d at 811–12.

## CONCLUSION

The Court should deny Lockheed leave to file a second summary judgment motion.

Dated: January 22, 2014                              Respectfully submitted,

/s/   Jerome J. Schlichter
Jerome J. Schlichter  02488116
Nelson G. Wolff 6211943
Michael A. Wolff 6206003
Sean E. Soyars
120 W. Main Street, Suite 208
Belleville, IL 62220
100 South Fourth Street, Suite 900
St. Louis, MO 63102
Tel: 314-621-6115
Fax: 314-621-7151

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

    I hereby certify that on January 22, 2014, I electronically filed this document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Patrick J. Kenny
James Martin
ARMSTRONG TEASDALE LLP
One Metropolitan Square, Suite 2600
St. Louis, MO 63102

Robert P. Davis
Brian D. Netter
Michelle N. Webster
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Peter H. White
SCHULTE ROTH & ZABEL LLP
1152 15th St. NW
Washington, D.C. 20005

/s/   Jerome J. Schlichter