IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ABBOTT, <br> ERIC FANKHAUSER, <br> LLOYD DEMARTINI, <br> JACK JORDAN, <br> DENNIS TOMBAUGH, and <br> DAVID KETTERER, <br> individually and on behalf of all those <br> similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LOCKHEED MARTIN CORP., and <br> LOCKHEED MARTIN INV. MGMT. CO., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 06–cv–0701–MJR–DGW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM & ORDER

REAGAN, District Judge:

### INTRODUCTION

This twice-remanded class action stems from Plaintiffs' allegations that Defendants Lockheed Martin Corporation and Lockheed Martin Investment Management Company (collectively, "Lockheed") breached fiduciary duties under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002 *et seq.* Participants in two of Lockheed's retirement savings plans (the Salaried Savings Plan ("SSP") and Hourly Savings Plan ("HSP")—indistinguishable for the purposes of this Order and collectively "the Plans") filed suit in September 2006.

1

Via partial summary judgment in March 2009, the undersigned narrowed Plaintiffs' case to three theories: (1) the "Excessive Fees" claim, where Plaintiffs allege the Plans caused them to incur unreasonable administrative expenses; (2) the Stable Value Fund ("SVF") claim, where Plaintiffs allege Lockheed imprudently selected investments in its (purportedly safe and stable) SVF fund; and (3) the Company Stock Funds ("CSF") claim, where Plaintiffs allege Lockheed imprudently managed Plan members' CSF options by holding excessive amounts of cash (because certain Plan members engaged in day trading) and incurring excessive expenses that diluted members' returns. In April 2009, the undersigned certified two classes: one for each Plan, each on the Excessive Fees and SVF (but not the CSF) claims.

On Lockheed's interlocutory appeal, the Seventh Circuit vacated the undersigned's class certification order and remanded for further proceedings. *In re: Lockheed Martin Corp.*, 412 F. App'x 892, 893 (7th Cir. 2011). On remand, the undersigned again certified two classes, one for each Plan. The Excessive Fees Class again went forward, as did one subclass (the "Second CSF Subclass") carved from the original CSF subclass,[1] but the undersigned declined to certify the SVF claim.

A second interlocutory appeal followed: Plaintiffs challenged the denial of certification as to both the SVF claim and the denied ("First") CSF subclass. Defendants countered that Plaintiffs did not have Article III standing. The Seventh

---

[1] Plaintiffs split the CSF claim into two proposed subclasses, based on date. The First CSF Subclass covered September 2000 to July 2002 (when Lockheed ceased the practice of day trading); the second covered August 2002 through December 2008. The undersigned found the intra-class conflict between day traders and other CSF Plan members still precluded class certification for the First CSF Subclass, but that conflict was cured as to the Second CSF Subclass. (Doc. 367, pp. 24–25).

Circuit Court of Appeals granted permission to appeal *only* as to Plaintiffs' SVF claim, and reversed. **See Abbott v. Lockheed Martin Corp.**, 725 F.3d 803, 814 (7th Cir. 2013).

Now before the Court are four motions. Plaintiffs move, in the wake of the Seventh Circuit's mandate, for certification of the SVF class (and a trial date); Defendants move to re-open summary judgment proceedings so as to target the SVF class representative David Ketterer; Plaintiffs ask for the Court to take another look at the denied First CSF claim; and Plaintiffs move for a status conference. The motions will be taken in turn, but before the plunge, a brief reminder of the requirements for class certification. A plaintiff must demonstrate that he satisfies the requirements of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality and adequacy of representation; plus one of the requirements of Rule 23(b). **Messner v. Northshore Univ. HealthSystem**, 669 F.3d 802, 811 (7th Cir. 2012).

<u>MOTION TO CERTIFY SVF CLASS — GRANTED</u>

Despite Lockheed's exhortations to the contrary, the Seventh Circuit's decision on the most recent interlocutory appeal compels class certification for the SVF claim.

On appeal, Plaintiffs challenged the undersigned's conclusion that Rule 23(a)'s typicality and adequacy requirements were unsatisfied; Lockheed challenged Plaintiffs' Article III standing, an argument it had made here but which the undersigned did not reach. In reversing the decision not to certify the SVF class,

3

the Seventh Circuit held that Plaintiffs have standing. *Abbott*, 725 F.3d at 808–09. Further, the Court held that reasoning from *Spano v. Boeing Co.*, 633 F.3d 574 (7th Cir. 2011)—which warned "that plaintiffs and courts must take care to avoid certifying classes in which a significant portion of the class may have interests adverse to that of the class representative"—does not bar Plaintiffs' use of the Hueler Index as a way to ensure that no plaintiff who benefitted "from Lockheed's management of the SVF will be swept into a class that seeks relief in which he has no interest (or may actively oppose)."[2] The Court of Appeals also rejected Lockheed's narrow interpretation of Plaintiff's SVF theory. Lockheed urged that Plaintiffs' allegations were focused on its misrepresentation of the Stable Value Fund; the Seventh Circuit disagreed: "From the first Amended Complaint through [the] appeal, Plaintiffs have made clear that they believe Lockheed's management of the SVF violated ERISA because 'it was an imprudent investment for participants.'" *Id.* at 811.

Lockheed's instant challenge to SVF Class certification boils down to this: that Plaintiff Ketterer (the sole remaining proposed representative for the Class) does not meet the typicality and adequacy requirements of Rule 23(a).[3] (The undersigned did not reach that specific issue during the last round of briefing). The argument is easily dispatched: it is based on a distinction between statements in Ketterer's deposition and an overly narrow theory of Plaintiffs' case. Ketterer,

---

[2] The Hueler Index tracks the performance of various stable value funds over time.
[3] Lockheed also argued that class certification was premature given its then-pending petition for a writ of certiorari and Supreme Court review. But the Supreme Court declined to hear Lockheed's case, *see* Doc. 390, so that argument has evaporated.

Lockheed says, had a different purpose (safeguarding principal for domestic reasons) in investing in the SVF than did other class members (who, Lockheed posits, invested for long-term retirement). But that reasoning would destroy almost any class action based on class members' investments, allowing an examination into the purpose behind an individual's decision to invest rather than the prudence of plan management. "Plaintiffs' claim is not so narrow. Plaintiffs allege that the SVF was an imprudent investment, full stop." *Abbott*, 725 F.3d at 811. Ketterer wanted a "reasonable rate of return" that at least matched inflation, and his concerns about returns are consistent with the concerns of a class based on a theory of imprudent management. *See also In re Ikon Office Solutions, Inc.* 191 F.R.D. 457, 465 (E.D. Pa. 2000) (the "appropriate focus in a breach of fiduciary claim is the conduct of the defendants.").

As it pertains to the SVF claims, the Court accordingly finds that the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements are met. The numerosity and commonality requirements are undisputed. (*See* Doc. 367, 13). And in its first order certifying the SVF class, the undersigned found that two of Rule 23(b)'s requirements were satisfied:

> failure to certify the [class] would result in inconsistent or varying adjudications with respect to the individual members of the [class], which would establish incompatible standards of conduct for the Defendants, thereby making the action appropriate for certification under Rule 23(b)(1)(A). In addition, adjudications with respect to individual members of the proposed class would, as a practical matter, be dispositive of the interests of the other members who are not parties to the adjudication or substantially impair or impede their ability to protect their interests, making certification under Rule 23(b)(1)(B) appropriate as well.

(Doc. 239, p. 16). That finding remains unchallenged to this day, and since both Rule 23(a) and Rule 23(b)'s requirements are met, Plaintiff's motion to certify the SVF Class (Doc. 382) is GRANTED.

<u>MOTION FOR LEAVE TO FILE FOR PARTIAL SUMMARY JUDGMENT — DENIED</u>

Though the dispositive motion deadline in this case lapsed over five years ago, Lockheed moves to re-open summary judgment briefing on the (what they call "David Ketterer's") SVF claim. Ketterer was added as a proposed class representative in October 2011's Second Amended Complaint. Defendants argue that Plaintiff Ketterer's deposition, plus a recent Ninth Circuit case (*Tibble v. Edison Int'l*, 729 F.3d 1110 (9th Cir. 2013)) warrant revisiting summary judgment. According to Defendants, they have not squarely addressed the SVF claim in its current iteration (a "different theory of the case" than in earlier complaints, they say) and the intervening *Tibble* case offers new authority for disposing of Plaintiffs' SVF claims.

At the outset, it bears noting that the SVF claim has not somehow mutated since late 2008, when Lockheed first targeted it in a summary judgment motion. In an effort to convince the Court that it has not had an opportunity to oppose the SVF claim as it exists, Lockheed attempts to establish dissonance between Ketterer's deposition (which it cedes advances a theory that "the SVF was imprudent" (Doc. 394, p. 3)) and its interpretation of the SVF claim. But Defendants (again) construe Plaintiffs' SVF claim too narrowly. *See Abbott,* 725 F.3d 803, 811 (7th Cir. 2013) ("**Plaintiffs' claim is not so narrow**"). On appeal, the Seventh Circuit recognized

that, "[f]rom the First Amended Complaint … Plaintiffs have made clear that they believe Lockheed's management of the SVF violated ERISA because it was an imprudent investment for participants.'" *Id. See also id.* (**"Plaintiffs allege that the SVF was an imprudent investment,** *full stop***.") (emphasis here).** Any argument against the SVF claim could have (and should have) been made by 2008's summary judgment deadline. What Lockheed seeks, then, is leave to file a successive summary judgment motion.

In *Whitford*, the Seventh Circuit held that district courts may allow a successive summary judgment motion if good reasons exist, especially where **(1)** there is an intervening change in controlling law; (2) new evidence or an expanded factual record becomes available; or (3) there is a need to correct a clear error or prevent manifest injustice. *Whitford v. Boglino*, **63 F.3d 527, 530 (7th Cir. 1995).** In *Gordon*, the appellate court reiterated the breadth of a district court's discretion on the matter, reasoning that "permitting a second summary judgment motion is essentially a decision concerning case management." *Gordon v. Veneman*, **61 F. App'x 296, 298 (7th Cir. 2003).** The *Gordon* panel affirmed the district court's conclusion that a second summary judgment motion was preferable to wasting judicial resources on a claim that never should have made it to trial. *Id.*

The *Whitford* rule overlaps significantly with the law-of-the-case doctrine: a ruling made in an earlier phase of a litigation controls later phases unless a good reason is shown to depart from it. *Kathrein v. City of Evanston, Ill.*, **752 F.3d 680, 685 (7th Cir. 2014).** Though the doctrine is not "hard and fast," the unusual

circumstances that justify abandoning the law of the case are limited, and include (1) substantial new evidence introduced after the first review; (2) a Supreme Court decision inconsistent with the decision of the first review (in other words, an "intervening change in law"); and (3) a conviction on the part of the second reviewing court that the first decision was clearly erroneous. *Id.* The requirement that a district court must comply with the express or implied rulings of an appellate court is an elementary application of the law-of-the-case doctrine. *Id.*

Here, unlike *Gordon*, another round of summary judgment would not save judicial resources. Quite the contrary: in *Gordon*, summary judgment proceedings were allowed to prevent the waste of judicial resources that would result from a trial; here, the parties have already expended significant resources, both in this Court and in *two* trips to the Court of Appeals. Further, there is no "substantial" new evidence to warrant revisiting summary judgment: as discussed above, Ketterer's deposition is consistent with the SVF theory of relief. And the *Tibble* case invoked by Lockheed is neither binding precedent, a change in law, nor analogous to the case at bar. *Tibble* applied a ten-year-old Ninth Circuit case to uncontroverted evidence of fiduciaries' discussions of the pros and cons of a potential *alternative* fund, not (as here) evidence regarding the prudence of the internal composition of one fund. *Accord Ortiz v. City of Chi.*, No. 09-cv-2636, 2011 U.S. Dist. LEXIS 53206, at *11–12 (N.D. Ill., May 18, 2011) (successive summary judgment motion not permitted where defendants identified no change in the law,

no new facts, and no resulting injustice, nor explained "why they could have not made [the] argument on the first go-round.").

Lockheed's Motion for Leave to File Motion for Partial Summary Judgment (**Doc. 394**) is accordingly **DENIED**.

### MOTION TO CERTIFY FIRST CSF SUBCLASS — DENIED

The same arguments Plaintiffs marshal against Lockheed's efforts to re-open summary judgment briefing cut against their motion to re-visit denial of certification for the First CSF Subclass.

On denial of class cert for both the SVF claims and the First CSF Subclass, Plaintiffs petitioned the Seventh Circuit for leave to appeal the undersigned's decisions on both issues. *See Abbott*, No. 12-8037. Plaintiffs' attempt to gain permission to appeal included a full-throated reply brief, including a four-page argument that the undersigned's order regarding the First CSF Subclass warranted an appeal. Brief for Petitioner at 6–10, *Abbott*, No. 12-8037, Doc. 8 (Nov. 21, 2012). The same day that reply brief was filed, the Court of Appeals granted permission to appeal "*only* with respect to the [undersigned's] denial of certification of the Stable Value Fund class." *Abbott*, No. 12-8037, Doc. 9 (7th Cir. Nov. 21, 2012) (emphasis here). The Seventh Circuit reversed only as to the proposed SVF class, leaving the rest of the undersigned's Order (Doc. 367) untouched. In other words, the Seventh Circuit had a full opportunity to consider the undersigned's denial of class certification as to the First CSF Subclass, and declined to revisit that decision.

The undersigned—especially in light of the Seventh Circuit's refusal to consider the issue contemporaneously with the SVF Class—finds no good reason to depart from its decision. Plaintiffs failed to satisfy Rule 23(a)'s typicality and adequacy requirements because they did not affirmatively demonstrate that the First CSF Subclass, which excluded only plan members who made multiple trades within 48 hours, cured an intra-class conflict. (Doc. 367, p. 23). In pertinent part, the undersigned found that Plaintiffs (who have the burden of proving a class should be certified) "have come forward with *no evidence* to establish that a 48-hour rule would cure the intra-class conflict in this case." (Doc. 367, p. 23) (emphasis here). The same conflict existed during the first round of briefing: "evidence of intra-class conflict is uncontroverted, and, indeed, the day-trader issue is at the heart of Plaintiffs' claims regarding the company stock funds." (Doc. 239, p. 13).

The Seventh Circuit has explained that "tough questions must be faced and squarely decided" at the class certification stage. *West v. Prudential Sec., Inc.*, 282 F.3d 935, 938 (7th Cir. 2002). *Accord Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012); *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) (**"Before deciding whether to allow a case to proceed as a class action…a judge should make whatever factual and legal inquiries are necessary under Rule 23."**). The undersigned examined the evidence (or lack thereof) and made such a determination: that a significant intra-class conflict (the existence of which lies at the heart of Plaintiffs' theory on the subclass, and remains unchallenged by Plaintiffs) was not cured by the subclass definition, and could not

be cured by future refinement.  The facts underpinning the Court's decision remains unchanged, and the Seventh Circuit's latest word in this case did not change controlling law.  The *Abbott* panel emphasized that class certification is not foreclosed by "the mere *possibility* that a *trivial* level of intra-class conflict may materialize."  *Abbott*, 725 F.3d at 813 (emphasis here).  But the existence of an intra-class conflict is not hypothetical here: "persons benefitting from … complained about liquidity could still be members of the class" under Plaintiffs' proposed subclass definition, and "serious problems exist in defining and identifying the members of the class," precluding satisfaction of Rule 23(a)'s requirements.  (Doc. 367, p. 24–25).[4]  *See also Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 681 (7th Cir. 2009).

The undersigned, like the Court of Appeals, declines to revisit whether the First CSF Subclass should be certified.  Plaintiff's "Renewed Motion to Certify" the First CSF Subclass (Doc. 391) is DENIED.

### MOTIONS FOR STATUS CONFERENCE & TRIAL

Plaintiffs' Motion to Set Status Conference (Doc. 399) is GRANTED.  An in-court status conference is hereby SET for 9:00 a.m. on Tuesday, September 2, 2014.  Insofar as Plaintiffs move for a trial date (Doc. 382), the Court reserves ruling, but intends to set a December 1, 2014, trial date during the September 2 status conference.

---

[4] The undersigned also found that day traders' rights would be affected by subclass certification, making them "persons who must be joined."  (Doc. 367, p. 25).

CONCLUSION

For the reasons explained above, Plaintiffs' Motion to Certify Class for SVF Claim (Doc. 382) is GRANTED; Defendants' Motion for Leave to File Motion for Partial Summary Judgment (Doc. 394) is DENIED; Plaintiffs' Amended Motion to Certify First CSF Subclass (Doc. 391) is DENIED; and Plaintiffs' Motion to Set Status Conference (Doc. 399) is GRANTED.  In accordance with the procedures outlined in Federal Rule 23(c):

For the Stable Value Fund ("SVF") claim, as described above, the Court appoints Plaintiff David Ketterer as Class Representative of the SVF Class and CERTIFIES the following Class pursuant to Federal Rule 23(b)(1)(A) and (B):

> All participants and beneficiaries of the Lockheed Martin Corporation Salaried Savings Plan and the Lockheed Martin Corporation Hourly Savings Plan whose accounts held units of the Stable Value Fund (SVF) from September 11, 2000 through September 30, 2006 and whose SVF units underperformed relative to the Hueler FirstSource Index.  Excluded from this class are the Defendants, other LMIMCo or Lockheed Martin employees with responsibility for the Plans' investment or administrative functions, and members of the Lockheed Martin Board of Directors.

The Court appoints the firm of Schlichter, Bogard & Denton, LLP, as Class Counsel for the Class pursuant to Rule 23(g).

The Excessive Fees Class and Second CSF Subclass remain certified, pursuant to the Memorandum & Order at Doc. 367.  The case is set for an in-court status conference at 9:00 a.m. on Tuesday, September 2, 2014.

One final, but important, note. At the September 2 status conference, the Court intends to appoint retired Illinois Circuit Judge Lloyd A. Cueto as special master for the purposes of mediating a resolution to this case.[5] *See* FED. R. CIV. P. 53(b)(1) (requiring notice and an opportunity to be heard before appointing a master). Judge Cueto is a well-respected jurist with extensive experience in complex civil litigation, including class actions. The parties may, of course, suggest alternative candidates for appointment or otherwise object. FED. R. CIV. P. 53(b)(1). Should they so wish, they must do so in writing on or before August 22, 2014. Half of the special master's reasonable compensation will be borne by Plaintiffs, half by Defendants. The Clerk is **DIRECTED** to mail Judge Cueto a copy of this Order, so that he may file an affidavit disclosing whether there is any ground for his disqualification under 28 U.S.C. § 455 in advance of the September 2 conference. FED. R. CIV. P. 53(b)(3)(A).

IT IS SO ORDERED.
DATE: August 1, 2014              s/ *Michael J. Reagan*
                                  MICHAEL J. REAGAN
                                  United States District Judge

---

[5] Courts in this Circuit have long referred complex cases to special masters for mediation and other matters, *see Bauer v. Qwest Commc'ns Co.*, 743 F.3d 221, 223 (7th Cir. 2014); *DeBraska v. City of Milwaukee*, 11 F. Supp. 2d 1020, 1026 (E.D. Wisc. 1998); *Hispanics Utd. v. Vill. of Addison*, 988 F. Supp. 1130, 1136 (N.D. Ill. 1997); *Powerlift, Inc. v. Mark Indus., Inc.*, No. 86 C 2055, 1990 WL 7364 (N.D. Ill. Jan. 12, 1990); the federal rule authorizing appointment of special masters was accordingly relaxed (from requiring "exceptional circumstances") in 2003, *see* FED. R. CIV. P. 53 Advisory Committee Notes.