IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ABBOTT, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 06–cv–0701–MJR–DGW |
| | ) |
| LOCKHEED MARTIN CORP. and | ) |
| LOCKHEED MARTIN INVESTMENT | ) |
| CORP., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

This case comes before the Court on Plaintiffs' appeal of a discovery order (Doc. 444) in which Magistrate Judge Wilkerson denied Plaintiffs' Motion to Exclude portions of the report of Susan Mangiero. Mangiero has been offered by Defendants as a substitute to defense expert Ellen Hennessy, who died during the pendency of this suit. In an Order dated November 7, 2014, Judge Wilkerson denied Plaintiffs' motion to exclude portions of Mangiero's report and opinions. In the instant appeal, Plaintiffs renew their argument that Mangiero's report far exceeds the scope of what a substitute expert is permitted to offer.

In allowing Mangiero's report to enter the record without change, Judge Wilkerson noted the different approaches taken by district courts when substitute experts are needed.

> Some courts have held that the substitute expert's report must be within the scope of the original expert's report, address the

1

> same subject matter, and utilize the same theories of liability in damages. However, other courts give substitute experts more latitude, and have held that these experts may express their opinions in their own language after reviewing the evidence. As such, these courts have indicated that a substitute expert is not required to simply adopt the prior expert report's verbatim, provided they address the same subject matter without meaningful change.

(Doc. 444, 7 (citations omitted)). Noting the dearth of controlling Seventh Circuit caselaw on the issue, Judge Wilkerson leaned toward allowing Mangiero to present her report, favorably citing *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17 (D.P.R. 2009).

## STANDARD OF REVIEW

Magistrate judges enjoy "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). District court review of a magistrate judge's discovery-related decisions is governed by Federal Rule of Civil Procedure 72(a). *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). The district judge must "modify or set aside any part of the [challenged] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Jones*, 737 F.3d at 1115. *Accord* 28 U.S.C. § 636(b)(1). Under the clearly erroneous standard, the reviewing court can reverse a magistrate only if "left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943. Ordinarily, under clear error review, the reviewing court should not overturn the decision solely because it would have independently come to a different conclusion. *Smith v. Harrington*, No. 13-cv-0900-MJR-SCW, 2014 3537680, at *3 (S.D. Ill. July 17, 2014)

(quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)). Further, a discovery order is generally not subject to reversal unless it will result in actual and substantial prejudice to the party seeking the change. *See Weeks*, 126 F.3d at 943.

## ANALYSIS

As noted above, Judge Wilkerson—in the absence of controlling authority from the Seventh Circuit—cited to *Morel v. Daimler-Chrysler*. In that case, the defendant moved to substitute a new expert for an expert who died before trial. *Morel*, 259 F.R.D. at 19. *Morel* had been stayed—after discovery closed—during the pendency of an interlocutory appeal that lasted over a year. Plaintiffs challenged the introduction of the new expert, and requested that the new expert adopt the old report and deposition testimony in full. *Id.* at 22. Analyzing the predicament according to the rules of discovery (and the policies behind those rules), the district court allowed the new expert "with the caveat that he address the same subject matter" as the old expert. *Id.*

Critical to the discussion were the plaintiffs' preparations, prejudice to their case, and the ability to cure that prejudice. Full disclosure of facts in advance of trial prevents "trial by ambush," but late disclosures can be rendered harmless if they occur "long before trial" and are "likely subject to correction." *Id.* at 20 (citing *Macaulay v. Anas*, 321 F.3d 45, 50, 52 (1st Cir. 2003); and *Samos Imex Corp. v. Nextel Commc'ns, Inc.*, 194 F.3d 301, 305 (1st Cir. 2009)). "Perhaps most important for the harmlessness analysis, plaintiffs … have time to prepare for cross-

examination." *Id.* "An ability to cure or mitigate any prejudice resultant from submitting late expert disclosures with minimum disruption to trial weighs in favor of harmlessness." *Id.* Citing to First Circuit precedent, the court noted that three months before trial has been found to be ample lead time for preventing prejudice to the party opposing a substitute expert. *Id.* at 22 (citing *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 10 (1st Cir. 2001).

Further, the *Morel* court noted that "the introduction of a substitute expert [did] not *ipso facto* permit defendant to escape from the concessions or admissions of" the previous expert. *Id.* Plaintiffs were permitted to challenge the new expert with the old expert's deposition transcript. *Id.*

Here, Judge Wilkerson's analysis lies soundly within the furrow plowed by *Morel*, and cannot be said to be clearly erroneous. As in *Morel*, the instant Plaintiffs have ample time to cure any prejudice caused by allowing Mangiero's report and testimony. Though the trial begins in approximately three weeks, the parties are well aware of the necessary pause in the proceedings between December 2014 and March 2015. The lengthy pause will give Plaintiffs sufficient time to (as Judge Wilkerson ordered) fully respond to Mangiero with a rebuttal expert of their own. In other words, Plaintiffs have over three months before Mangiero's testimony need come before the Court for fact-finding. *See Ferrara & DiMercurio*, 240 F.3d at 10 (three months held to be enough notice to mitigate any prejudice).

As in *Morel*, Plaintiffs can certainly use the last expert's deposition testimony against the new expert. Insofar as Plaintiffs criticize Judge Wilkerson's analysis for

4

not parsing the contents of the new expert report in light of the old one, they construe the caselaw too narrowly. The Federal Rules' advisory committee's notes include "preventing contradictory evidence" as a way to mitigate the prejudice stemming from the late disclosure of discovery. *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 784 (6th Cir. 2003). Any of Mangiero's evidence or conclusions that contradict Hennessy's testimony will certainly be subject to withering cross-examination by Plaintiffs. And the caselaw does not clearly require a line-by-line (or even a rough) comparison of old and new expert reports, so long as the conclusions are the same. *See id.* **(no error where substitute was prevented from "deviating from [original expert's] prior *conclusions*") (emphasis here)**. Indeed, the judge in *Morel* spent no time discussing the contents of either expert report in that case.

Finally, the Court notes that the length of time between the passing of expert disclosure deadlines and the instant controversy is (similar to *Morel*, where the court did not hold the failure to substitute *during a stay* against the defendants) largely a result of the two interlocutory appeals in the case. The contours of this case were still unclear until August 2014, when the undersigned finalized the theories of liability available to Plaintiff. This is simply not a situation wherein Plaintiffs will be forced into "trial by ambush." They have adequate time to prepare for cross-examining Mangiero, and any prejudice caused by her late disclosure will be cured by the ability to fully respond with a rebuttal expert. *See Goldman v. Checker Taxi Co.*, 325 F.2d 853, 855 (7th Cir. 1963) (citing *United States v. Procter*

5

*& Gamble Co.*, 356 U.S. 677, 682 (1958) (discovery provisions in the Federal Rules intended to make "trial less a game of blindman's buff and more a fair contest with the basic issues and *facts disclosed to the fullest practicable extent*."). Judge Wilkerson's Order is affirmed in all respects. Plaintiffs' Appeal of Magistrate Decision (Doc. 446) is **DENIED**.

IT IS SO ORDERED.
DATE: November 21, 2014               s/ *Michael J. Reagan*
                                      MICHAEL J. REAGAN
                                      Chief Judge
                                      UNITED STATES DISTRICT COURT