IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY ABBOTT, *et al.*,              )
                                        )
       Plaintiffs,                  )
                                        )
vs.                                     )   Case No. 06–cv–0701–MJR–DGW
                                        )
LOCKHEED MARTIN CORP. and               )
LOCKHEED MARTIN INV. CORP.,             )
                                        )
       Defendants.                  )

# ORDER

**REAGAN, Chief Judge:**

    Two pre-trial motions have ripened, and come before the Court for disposition. On the eve of a long-awaited and wide-ranging trial, the undersigned is discouraged by the lack of informal agreement between the parties as to both issues, both of which should have and could have been solved without resort to formal motion practice. **See Doc. 63, *Order Regarding Discovery*** (Outlining the simple **process by which discovery disputes are brought before the Court for efficient resolution via telephonic hearing).** Nevertheless, the Court turns to these respective tempests in their respective teapots.

> 1. *Plaintiffs' Motion to Exclude Defendants from Offering Demonstrative Exhibits (Doc. 472)—DENIED*

    Fifty of the 1,730 entries in Defendants' exhibit list are placeholders with minimal descriptions like "Defendants' Demonstrative 1." Plaintiffs, invoking a district court case from the Northern District of Indiana, complain those

1

placeholders are violative of the Federal Rules insofar as they constitute "surprise" witnesses and evidence and blatantly disregard the rules controlling disclosure of evidence. That case, in which the district court found a joint pretrial order unacceptable, is not on point.

Rather, **Baugh ex rel. Baugh v. Cuprum S.A. de C.V.**, 730 F.3d 701 (7th Cir. 2013), offers some guidance. There is a difference between, on one hand, "demonstrative evidence" that serves to clarify or explain other previously introduced evidence, and, on the other hand, "demonstrative evidence" introduced in the first instance as having some independent substantive value. **Baugh, 730 F.3d at 706–08.** According to Defendants' response brief, their placeholders serve as reservations for demonstrative aids, which are simply of amalgam of other evidence that, admissibility-wise, has already been vetted.

The record in this case promises to be extremely complex, and any demonstrative aid has the potential to carry with it its own complexity. To give Plaintiffs an opportunity to examine Defendants' demonstrative aids and object to the admissibility of any tardily-disclosed *substantive* (as opposed to pedagogical or organizational) evidence, the Court **DIRECTS** that any such aid be provided to Plaintiffs three days in advance of their use at trial. **See Baugh**, 730 F.3d at 708 (**"When an exhibit is offered as substantive evidence, parties know they must make any objections they might have to the evidence at that point. Conversely, when an exhibit is allowed to be used for only demonstrative purposes, the judge and the**

parties understand that the exhibit is argumentative and persuasive in nature.") (internal citation omitted). Otherwise, Plaintiffs' Motion (Doc. 472) is **DENIED**.

### 2. *Defendants' Motion to Preclude Plaintiffs' Offer of Proof (Doc. 474)*

Apparently Plaintiffs, at the end of trial, plan to make an offer of proof by submitting "a group of documents and deposition excerpts showing what the evidence on" previously dismissed claims (on which Plaintiffs assert summary judgment was wrongly granted) *would* have been, had that evidence been allowed. Defendants move to preclude such an offer of proof due to, essentially, (1) irrelevancy and (2) the fact that summary judgment has long since passed. Though the Court is inclined to agree that resurrecting dismissed claims via an offer of proof is inherently improper, it **DENIES** the instant motion as premature, since assessing the relevancy (or lack thereof) of Plaintiffs' evidence is better left to a time when the Court has taken in other evidence and/or reached conclusions as to specific (rather than blanket) admissibility of individual items of evidence. In other words, at this juncture, parsing evidence that could be relevant to Plaintiffs' live claims from evidence that could only be relevant to Plaintiffs' dead claims would be ill-advised. Defendants' Motion (Doc. 474) is **DENIED**.

IT IS SO ORDERED.
DATE: <u>December 11, 2014</u>

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
Chief Judge
UNITED STATES DISTRICT COURT