IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY ABBOTT, *et al.*,            )
                                      )
        Plaintiffs,              )
                                      )
vs.                                   )   Case No. 06–cv–0701–MJR–DGW
                                      )
LOCKHEED MARTIN CORP. and             )
LOCKHEED MARTIN INV. CORP.,           )
                                      )
        Defendants.              )

# ORDER

REAGAN, Chief Judge:

    This ERISA class action (which stems from allegations of breaches by fiduciaries of two of Lockheed's retirement savings plans—"the Plans") comes before the Court on Defendants' motion to strike the supplemental report of Al Otto, one of Plaintiffs' experts. Otto filed his first Expert Report on September 8, 2008. That report totaled 71 pages and discussed matters pertaining to both the Excessive Fees class and the Stable Value Fund (SVF) Class.

    Otto's eight-page supplemental report, disclosed on December 3, 2014, discusses requests-for-proposals ("RFPs"), wherein Plan fiduciaries solicit bids from service providers for recordkeeping services to the Plans. Noting that Plan fiduciaries requested an RFP since the time his last report was filed, Otto spends five pages bolstering his opinion (and explaining supporting calculations in attached exhibits) that Plan fiduciaries' attempts (or lack thereof) to explore alternative recordkeeping and administrative processes contributed to the excessive amount of fees assessed against Plan participants over the years.

Federal Rule of Civil Procedure 26 requires that a retained expert prepare a written report including (i) a "complete statement of all opinions [he] will express and the basis and reasons for them," and (ii) "the facts or data considered by the witness in forming" those opinions.  **Fed. R. Civ. P. 26(b)(2)(B)(i)–(ii).**  Parties have an ongoing duty to timely supplement expert disclosures if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  **Fed. R. Civ. P. 26(e)(1)(A).**  A party may not use information provided outside the bounds of Rule 26(e) unless the failure to disclose is substantially justified or is harmless.  **Fed. R. Civ. P. 37(c)(1).**

The Court is unconvinced the material in Otto's supplemental report is "new." Though Defendants hold the supplemental report next to parts of Otto's report / depositions in an attempt to show dissonance, Otto's references to RFPs are not discordant with his general assertion that Plan fiduciaries "never truly benchmarked the total recordkeeping and administrative fees," .  Further, there is no showing Plaintiffs acted in bad faith. Indeed, in October of this year the Court held a hearing in which Defendants themselves pushed for Otto (rather than another expert, Steve Pomerantz) to update his calculations. And Defendants knew that Otto had examined the RFP requests and found them to support his general theory that Plan fees were unreasonable. (Doc. 212-1, p. 2).  That Otto has mentioned a 2009 request for RFPs (one that post-dates his original report) does not render his supplemental report "new."

Even if Otto's supplemental report strayed into supplanting (as opposed to supplementing) his earlier report and opinions, two facts here obviate any prejudice Defendants would suffer. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (factors for evaluating whether to disallow supplemental material are: (1) prejudice or surprise; (2) ability to cure prejudice; (3) likelihood of trial disruption; and (4) bad faith). First, Defendants are free to use any (as they see them) dramatic differences in Otto's reports—and any cross-examination of Steve Pomerantz, who has also updated Otto's old calculations—to challenge Otto's overall reliability and credibility. Secondly, Plaintiffs do not plan to introduce Otto's testimony until March 2015, after the lengthy recess in the trial. Defendants have over three months to prepare for cross-examining Otto, and trial will not be disrupted. What prejudice there is in Otto's eight-page supplement—only seventeen paragraphs of which discuss Otto's methodology and conclusions—is easily cured. (*See* Doc. 458, p. 4 (in context of allowing broad scope of Defendants' substitute expert, "three months before trial has been found to be ample lead time for preventing prejudice").

Should the parties disagree as to the extent or timing of Defendants' attempts to rebut Otto's supplemental disclosures, the Court will be willing to entertain those disagreements during a convenient time during this week's trial. Defendant's Motion to Strike Supplemental Expert Report of Al Otto (Doc. 469) is **DENIED**.

IT IS SO ORDERED.

DATE: December 14, 2014              s/ *Michael J. Reagan*
                                     MICHAEL J. REAGAN
                                     Chief Judge
                                     UNITED STATES DISTRICT COURT