UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

ANTHONY ABBOTT *et al.*,

    *Plaintiffs*,

vs.

LOCKHEED MARTIN CORP. *et al.*,

    *Defendants*.

No. 06-cv-701-MJR-DGW

## FINAL PRETRIAL ORDER

### I. COUNSEL OF RECORD

For Plaintiffs:
SCHLICHTER, BOGARD & DENTON LLP
Jerome J. Schlichter
Michael A. Wolff
Sean E. Soyars
Mark G. Boyko
100 South Fourth Street
St. Louis, MO 63102
314-621-6115

For Defendants:
DOWD BENNETT LLP
James G. Martin
James E. Crowe, III
7733 Forsyth Blvd., Ste 1900
St. Louis, Missouri 63105
(314) 889-7300

MAYER BROWN LLP
Brian D. Netter
Michelle N. Webster
1999 K Street, NW
Washington, DC 20006-1101
(202) 263-3000

SCHULTE ROTH & ZABEL LLP
Peter H. White
1152 15th Street, NW
Washington, DC 20005
(202) 729-7476

## II. NATURE OF THE CASE

Plaintiffs assert claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002 et seq. ("ERISA"), alleging breach of fiduciary duty by Defendants Lockheed Martin Corporation ("LMC") and Lockheed Martin Investment Management Company ("LMIMCo"). Plaintiffs are class representatives for, and participants in, two defined contribution, 401(k) plans: the Salaried Savings Plan ("SSP") and the Hourly Employee Savings Plan Plus ("HSP") (collectively, the "Plans"). LMC is the sponsor of the Plans. LMC was charged with the fiduciary responsibility to select, negotiate with, and monitor administrative service providers. LMIMCo is a wholly owned subsidiary of LMC charged with fiduciary responsibility to select, negotiate with, and monitor performance of investment managers and the Plans' investment options.

Plaintiffs contend that Defendants breached their duties of loyalty and prudence under 29 U.S.C. § 1104(a)(1)(A)–(B) by (1) causing the Plans to pay excessive administrative expenses, (2) mismanaging the Plans' Stable Value Fund (SVF) in a way that caused losses to participants compared to what Plaintiffs contend they would have gotten under proper management; and (3) mismanaging the Plans' Company Stock Funds (CSF) in a way that caused losses to participants compared to what Plaintiffs contend they would have gotten under proper management. Plaintiffs seek to compel Defendants to make good to the Plans the losses to the Plans resulting from these alleged breaches under 29 U.S.C. § 1109(a).

The class periods for these claims are (1) September 11, 2000 through December 22, 2008 for the excessive administrative expenses claim, (2) September 11, 2000 through September 30, 2006 for the SVF claim, and (3) August 1, 2002 through December 22, 2008 for the CSF claim. Doc. 367; Doc. 403.

Additionally, Plaintiffs seek individually to determine the Plans' losses from the alleged CSF breach for the time period for which the Court rejected Plaintiffs' proposed subclass and recover their accounts' share of those losses. Doc. 367 at 23–25. If the Court finds liability and losses for this period, Plaintiffs intend to ask the Court to reconsider its order denying Plaintiffs the right to compel Defendants to make good such losses to the Plans (Doc. 283). If such a request is made, Defendants will object.

Defendants deny they breached any fiduciary duties or that the Plans suffered any losses as a result of any breach of duty.

Plaintiffs also seek to preserve their right to pursue claims on which they contend the Court erroneously granted summary judgment to Defendants, and make an offer of proof regarding such claims. See Doc. 226. Defendants object to any offer of proof, which they believe to be unnecessary and inappropriate for the preservation of claims denied at summary judgment, and for which Defendants are not prepared to put on their own evidence. The claims for which Plaintiffs seek to make an offer of proof include their contentions that Defendants disloyally and imprudently (1) used a higher-cost version of the American Century Growth Fund than was available to the Plans; (2) used a higher-cost version of the Investment Company of America Fund and the New Perspective Fund (collectively, the American Funds) than was available to the Plans; and (3) failed to recover for the Plans indirect compensation the Plans' recordkeeper received from Plan assets. Additionally, Plaintiffs preserve for appeal their contention that the Court erred in rejecting certification of subclass 1 of the CSF claim.

## III. SUBJECT MATTER JURISDICTION

A. This is an action for: damages and equitable relief under 29 U.S.C. § 1132(a)(2) and § 1109(a).

B. The jurisdiction of the Court is not disputed. The Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

## IV. AGREED TO ISSUES OF FACT

See attached list

## V. AGREED TO ISSUES OF LAW

Plaintiffs and Defendants cannot agree as to what are the issues of law for the Court to decide.

## VI. WITNESSES

The parties' witness lists will be separately filed.

## VII. EXHIBITS

The parties' exhibit lists will be separately filed.

## VIII. DAMAGES

Plaintiffs claim the following damages:
1. Excessive administrative expenses: $123.4 million as of December 1, 2014. To be updated to be current as of date of judgment.

2. SVF: $358.2–$358.9 million as of July 30, 2014. Doc. 417-1 ¶¶ 9–10. To be updated to be current as of date of judgment.

3. CSF (class): $47.4 million as of August 26, 2014. Doc. 417-1 ¶¶ 11–12. To be updated to be current as of date of judgment.

4. CSF (individual): Plan losses are $788.9 million as of August 26, 2014, of which the following amounts are attributable to individual plaintiffs: $7,411 (Lloyd DeMartini), $3,895 (Dennis Tombaugh), $6,965 (Eric Fankhauser), $3,629 (David Ketterer), $398 (Anthony Abbott), $1,396 (Roger Menhennett). Doc. 417-1 ¶¶ 13–14. To be updated to be current as of date of judgment.

Defendants deny liability for each of these items and dispute the amount of damages if liability is found. In addition, Defendants object to Plaintiffs' damages claim as to the administrative expenses claim because that figure has never previously been disclosed.

## IX. BIFURCATED TRIAL

The Court will first determine whether Defendants are liable as to the SVF and CSF claims. Upon a determination of liability, if any, and the method by which to calculate damages, the Court may, if appropriate, order Defendants to produce account level data for use in calculating damages for each SVF and CSF class and conduct further proceedings as to any disagreements over the amount of damages to award for each claim. Doc. 428, granting bifurcation as requested in Doc. 423. The excessive administrative expenses claim will be tried without bifurcation.

## XII. DEPOSITIONS

The parties will meet/confer regarding all deposition designations and submit unresolved objections, if any, to the Court for ruling during trial.

## XIII. OTHER TRIAL-RELATED MATTERS

A. Trial Date – Trial of this cause is set to commence at 9:00 a.m. on ~~Monday, December 15,~~ *Tuesday, December 16,* 2014, or such later date as set by the Court.

B. Trial Length – The probable length of trial is 4 weeks.

C. Trial Type – This case shall proceed as a **bench** trial.

## XV. ATTORNEY SIGNATURES

Approved as to Form and Substance by:

/s/ Jerome J. Schlichter
Counsel for Plaintiff(s)
Jerome J. Schlichter

/s/ James G. Martin
Counsel for Defendant(s)
James G. Martin

## XVI. COURT'S APPROVAL OF FINAL PRETRIAL ORDER

The Court hereby ADOPTS and ENTERS this Final PreTrial Order. This Order may be modified:
(A) upon motion of a party (or sua sponte by the Court); and
(B) if by motion, only if the movant has demonstrated good cause for modification or established that manifest injustice will result from failure to modify the Order.

DATED: December 15, 2014

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge