## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY ABBOTT, et al., | ) | |
| | ) | Case No: 06-cv-701 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LOCKHEED MARTIN CORP., et al., | ) | |
| | | ) |
| Defendants. | ) | |

## DECLARATION OF ANALYTICS
## REGARDING TIMELY COMPLIANCE OF CLASS NOTICE

I, Richard W. Simmons, declare as follows:

1.     I am the President of Analytics, a firm with offices in Chanhassen, Minnesota that provides consulting services relating to the design an implementation of class action and mass tort litigation settlements and notice programs. I am responsible Analytics' consulting services, including the implementation of the notice program in this matter. The following statements are based on my personal knowledge and information provided by other Analytics employees working under my supervision, and if called as a witness, could and would testify competently thereto.

2.     Consistent with paragraph 2.41 of the Class Action Settlement Agreement filed on February 20, 2015 (the "Settlement Agreement"), Analytics was retained by Class Counsel to serve as the Settlement Administrator in the above captioned settlement (the "Settlement"). Section 3 of the Settlement Agreement provides additional direction on the date and manner of the notice procedure. I submit this Declaration in order to provide the Court and the parties to the Settlement with information regarding the mailing of the Notices of Class Action Settlement and Fairness Hearing ("the Notice"),

Exhibit 1

the Claim Form, and other administrative activities in accordance with the Settlement Agreement.

3.      Analytics was responsible for serving notice of the Settlement to the appropriate federal and state officials in order to meet the requirements of the Class Action Fairness Act of 2005 ("CAFA"), as described in section 3.4.3 of the Settlement Agreement. CAFA notices were sent to the Attorney Generals of each of the 50 states as well as the District of Columbia, Puerto Rico, and the United States Attorney General on March 6, 2015.

4.      Analytics was responsible for providing notice to Settlement Class Members. Specifically, the Notice was to be mailed by first class mail, postage prepaid, to the last known address of each Settlement Class Member who could be identified by the Defendants through commercially reasonable means.

5.      Analytics received from the Defendants data files containing the names, addresses, and social security numbers of members of the Settlement Class. The data was consolidated into a single database, and was updated using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS");[1] certified via the Coding Accuracy Support System ("CASS");[2] and verified through Delivery Point Validation ("DPV").[3]  This resulted in mailable address records for 181,082 Settlement Class Members.

---

[1] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms, and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.
[2] Coding Accuracy Support System is a certification system used by the USPS to ensure the quality of ZIP + 4 coding systems.
[3] Records that are ZIP + 4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses, and reports exactly what is wrong with incorrect addresses.

Exhibit 1

6.      Analytics formatted the Notices and Claim Form and caused them to be printed, personalized with the name and address of each Settlement Class Member from the Settlement database, posted for first-class mail, postage pre-paid, and delivered on May 16, 2015 to the United States Postal Service ("USPS") for mailing. We also verified that the Notices and Claim Form were published on a Settlement website maintained by Class Counsel on May 19, 2015. Copies of the Notices and Claim Form are attached hereto as Exhibit A.

7.      In this initial mailing on May 16, 2015, 89,465 Notices were mailed to Settlement Class Members determined to be Current Participants, meaning persons who participated in the Lockheed Martin Hourly 401 (k) Plan or the Lockheed Martin Salaried 401(k) Plan (collectively "the Plans") during the Class Period and on February 13, 2015 had an Active Account. Additionally, 91,617 Notices and Claim Forms were also mailed to Settlement Class Members determined to be Former Participants, meaning persons who participated in the Plans during the Class Period and on February 13, 2015 did not have an Active Account.

8.      As of July 1, 2015, the USPS has returned 1,214 Notices with an updated address for the class member (the period in which the USPS automatically forwards the notice had expired). Analytics re-mailed the Notices to these Class Members at their updated addresses. An additional 15,391 Notices were returned by the USPS as undeliverable. Of these undeliverable Notices, Analytics located 13,059 new addresses through third part commercial data source. Analytics re-mailed the Notices to those 13,059 Class Members at these updated addresses.

Exhibit 1

9.      Analytics established and is maintaining a toll-free phone number (1-855-294-0137) for the Settlement to provide Class Members with additional information regarding the settlement.  The toll-free number became operational on May 15, 2015, and automated service was available twenty four hours a day, seven days a week. As of July 1, 2015, Analytics has received a total of 6,428 telephone calls out of which 2,886 Class Members requested to speak with a customer service representative for assistance, all of which have been responded to in a timely manner. In response to telephone requests for Notices made directly to Analytics, an additional 189 Notices were mailed.

10.     The Settlement Agreement provides that Former Participants must file a completed Claim Form in order to be eligible for a settlement payment. As of July 1, 2015, Analytics has received 34,084 completed Claim Forms.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 2nd day of July, 2015 in Minneapolis, Minnesota.

Richard W. Simmons

Exhibit 1

**ANTHONY ABBOTT, et al.,**
**Plaintiff**
v.
**LOCKHEED MARTIN CORP., et al.,**
**Defendants**

**Case No.: 06-cv-701**

**EXHIBIT A**

Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

Anthony Abbott, et al.,

*Plaintiffs*,

v.

Lockheed Martin Corp., et al.,

*Defendants*.

Case No. 06-cv-701

Chief Judge Michael J. Reagan

## NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**Your legal rights might be affected if you are a member of the following class or sub-classes:**

*Recordkeeping Class*:

All participants and beneficiaries of the Lockheed Martin Corporation Salaried Savings Plan ("SSP") and the Lockheed Martin Corporation Hourly Employee Savings Plan Plus ("HSP," together with SSP, the "Plans") from September 11, 2000 through December 22, 2008, excluding employees of Lockheed Martin Corp. or Lockheed Martin Investment Management Co. with responsibility for the Plans' investment or administrative functions, and members of the Lockheed Martin Board of Directors.

*Stable Value Fund Sub-Class*:

All participants and beneficiaries of the Plans whose accounts held units of the Stable Value Fund from September 11, 2000 through September 30, 2006 and whose Stable Value Fund units underperformed relative to the *Hueler* FirstSource Index. Excluded from this class are employees of Lockheed Martin Corp. or Lockheed Martin Investment Management Co. with responsibility for the Plans' investment or administrative functions, and members of the Lockheed Martin Board of Directors.

*Company Stock Fund Sub-Class*:

All participants and beneficiaries of the Plans whose accounts held units of the Company Common Stock Fund, ESOP, or Hourly ESOP (collectively, the "Company Stock Funds"), from August 1, 2002 through December 22, 2008, and whose units underperformed relative to Lockheed Martin Common Stock. Excluded from this class are employees of Lockheed Martin Corp. or Lockheed Martin Investment Management Co. with responsibility for the Plans' investment or administrative functions, and members of the Lockheed Martin Board of Directors.

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Plans against Lockheed Martin Corporation and Lockheed Martin Investment Management Company ("Defendants"), alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide, among other things, for the allocation of monies directly into the individual accounts of Class Members who had accounts with a positive balance (an "Active Account") in the Plans as of February 13, 2015 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had Active Accounts as of February 13, 2015 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated February 20, 2015. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at www.lm401ksettlement.com. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any possible amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

Exhibit 1

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.
- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.
- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on July 17, 2015, at 9:00 AM before Chief Judge Michael J. Reagan in Courtroom 2, United States Courthouse, 750 Old Missouri Ave., East St. Louis, IL 62201.
- Any objections to the Settlement, to the petition for Attorneys' Fees and Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendants' Counsel, as identified on page 6 of this Settlement Notice.
- Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at www.lm401ksettlement.com.

> **According to the Plans' records, you are a Current Participant. If you believe that you meet the definition of a Former Participant, please contact the Settlement Administrator. Current Participants include both participants currently employed at Lockheed Martin Corp. and participants who are no longer employed by Lockheed Martin Corp. but continue to have an account balance in the Plans.**

## YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT:

| | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A CURRENT PARTICIPANT. YOU DO NOT NEED TO DO ANYTHING TO PARTICIPATE IN THE SETTLEMENT.** | Our records indicate that you are a Current Participant. If, however, you are a "Former Participant" who participated in the Plans during the Class Period and on February 13, 2015 did not have an Active Account in either of the Plans, or are the beneficiary, alternate payee, or attorney-in-fact of such a person, then, unlike a Current Participant, you must return a Former Participant Claim Form so that it is **received by the settlement administrator by 6:00 PM Central Standard Time on July 6, 2015** to receive a check for your share of the Net Settlement Amount. If you are a Former Participant, and you do not return the Former Participant Claim Form by **July 6, 2015**, you will forfeit your share of the Net Settlement Amount. We have not included a claim form in your notice because Current Participants do not need to submit a claim form, and our records indicate that you are a Current Participant. However, if you believe you are a Former Participant, a claim form may be obtained by accessing www.lm401ksettlement.com. |
| **YOU CAN OBJECT (NO LATER THAN JUNE 17, 2015)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON JULY 17, 2015** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel of your intention to appear at the hearing by **June 17, 2015**. |

### The Class Action

The case is called *Anthony Abbott, et. al. v. Lockheed Martin Corp., et al.*, Case No. 06-701 (the "Class Action"). It has been pending since September 2006. The Court supervising the case is the U.S. District Court for the Southern District of Illinois. The individuals who brought this suit are called Class Representatives, and the entities they sued are called Defendants. The Class Representatives are current and former participants in the Plans. The Defendants are Lockheed Martin Corporation

Exhibit 1

("Lockheed Martin") and Lockheed Martin Investment Management Company ("LMIMCo"). The Class Representatives' claims are described below, and additional information about them is available at www.lm401ksettlement.com.

## The Settlement

After nearly eight years of litigation, the Settlement has been reached. As part of the Settlement, a Qualified Settlement Fund of $62,000,000 will be established to resolve the Class Action. The Net Settlement Amount is $62,000,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

## Additional Benefits to the Plans

The Agreement provides additional benefits to the Plans. In addition to the monetary component of the Settlement, the parties to the Settlement have agreed to certain non-monetary terms. Defendants have agreed, during the three-year Settlement Period: (1) to publicly file with the Court the annual Department of Labor filing that discloses fees paid by the Plans (known as Schedule C to Form 5500) as well as information about the assets held in, and performance of, the Stable Value Fund and the Company Stock Funds; (2) to confirm current limitations on the amount of cash equivalents held in the Company Stock Funds and the amount of money market equivalent assets held in the Stable Value Fund, and to file a notice with the Court if those limitations are changed; (3) to initiate a competitive bidding process for the Plans' recordkeeping services for the Plans, and to publicly file with the Court a notice identifying the entities that submitted bids and the selected recordkeeper; and (4) to offer participants the share class of investments that has the lowest expense ratio, provided that the share class is available and consistent with the needs and obligations of the Plans. The terms of the Settlement will be reviewed by an Independent Fiduciary.

## Statement Of Attorneys' Fees and Costs Sought in the Class Action

Class Counsel have devoted many hours to bringing this case and pursuing it for more than eight years. During that time, they also have advanced substantial costs for expert witnesses, document review, depositions, and other costs necessary to pursue the case. In total, Class Counsel have reviewed approximately one million pages of documents produced in this litigation. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending before the District Court, throughout two appeals to the Seventh Circuit Court of Appeals, and throughout Defendants' request for U.S. Supreme Court review. Class Counsel also has agreed to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved. In addition, Class Counsel has agreed to monitor Defendants' performance of their obligations under the Settlement Agreement over a three-year period, including any necessary Court proceedings, without seeking additional payment from the Settlement Fund.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $20,666,667, in addition to no more than $1,850,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $25,000 for each of the seven Class Representatives who took on the risk of litigation, sat for depositions, responded to discovery, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel, reviewing settlement negotiations, preparing for depositions, and giving overall support to the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, www.lm401ksettlement.com.

## 1. Why Did I Receive This Settlement Notice?

The Court caused this Settlement Notice to be sent to you because Lockheed Martin's records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

Exhibit 1

## 2. What Is The Class Action About?

In the Class Action, Class Representatives claim that, during the Class Period, Defendants violated ERISA by allowing the Plans' recordkeeper to receive excessive fees from the Plans and by imprudently managing the Stable Value Fund and the Company Stock Funds within the Plans.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the Class, and that the Class or the Plans have suffered any harm or damage for which Defendants could or should be held responsible.

## 3. Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, after more than eight years of litigation, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendants' counsel and multiple all-day sessions with a private mediator. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are experienced in this kind of matter, believe that the Settlement is best for all Class Members.

## 4. What Does The Settlement Provide?

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

As discussed above, the Settlement Agreement also provides for non-monetary benefits to the Plans. Defendants have agreed, during the three-year Settlement Period: (1) to publicly file with the Court the annual Department of Labor filing that discloses fees paid by the Plans (known as Schedule C to Form 5500) as well as information about the assets held in, and performance of, the Stable Value Fund and the Company Stock Funds; (2) to confirm current limitations on the amount of cash equivalents held in the Company Stock Funds and the amount of money market equivalent assets held in the Stable Value Fund, and to file a notice with the Court if those limitations are changed; (3) to initiate a competitive bidding process for the Plans' recordkeeping services for the Plans, and to publicly file with the Court a notice identifying the entities that submitted bids and the selected recordkeeper; and (4) to offer participants the share class of investments that has the lowest expense ratio, provided that the share class is available and consistent with the needs and obligations of the Plans. The terms of the Settlement will be reviewed by an Independent Fiduciary.

All Class Members and anyone claiming through them will fully release the Plans as well as Defendants and their "Released Parties" from "Released Claims." The Released Parties include Defendants and any past, present, and future related entities, and all of their past, present, and future officers, directors, employees, attorneys, and agents. The Released Claims include all claims that were asserted or that could have been asserted in the Class Action, including all claims made in the Class Action or that relate to the allegations raised in the Class Action; all claims related to the Plans' investment options, fees, disclosures, and expenses, and conduct by the Plan Fiduciary; and all claims relating to the implementation of the Settlement. This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at www.lm401ksettlement.com. Generally, the release means that Class Members will not have the right to sue the Defendants, the Plans, or the Related Parties for conduct during the Class Period arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at www.lm401ksettlement.com.

## 5. How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plans' recordkeeper, or, if on February 13, 2015, you either no longer had a Plan account or had a Plan account with no money in it, based upon your

4

Exhibit 1

Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Net Settlement Amount will be divided between the Recordkeeping Class and the two sub-classes in proportions that have been recommended by the parties and ordered by the Court. 34.2% of the Net Settlement Amount will be allocated to the Recordkeeping Class, 63% will be allocated to the Stable Value Fund Sub-Class, and 2.8% will be allocated to the Company Stock Fund Sub-Class.

The portion allocated to the Recordkeeping Class will be divided among all Class Members pro rata based on their average quarter-end account balances during the Class Period, since all participants in the Plans who had an account balance during the Class Period paid recordkeeping fees. The portions allocated to the Stable Value Fund and Company Stock Fund Sub-Classes will be allocated pro rata based on the average quarter-end balances of participants in those funds during the Class Period. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at www.lm401ksettlement.com.

There are approximately 181,500 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, your portion of the Settlement will be distributed pursuant to the terms of that order.

## 6. How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to Lockheed Martin's records, you are a Current Participant. Therefore, you do not need to do anything to receive your share of the Settlement.**

## 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur near the end of 2015.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

## 8. Can I Get Out Of The Settlement?

No. The Class and both Sub-Classes were certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

## 9. Do I Have A Lawyer In The Case?

The Court has appointed the law firm Schlichter, Bogard & Denton, in St. Louis, Missouri, as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10. How Will The Lawyers Be Paid?

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Defendants do not oppose the amount of Attorneys' Fees and Costs or any Class Representatives' Compensation consistent with the terms of the Settlement Agreement. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $20,666,667 in fees and $1,850,000 in costs. The Court will determine what fees and costs will be approved.

Exhibit 1

## 11. How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Anthony Abbott, et al. v. Lockheed Martin Corp., et al.*, Case No. 06-701. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than June 17, 2015. The Court's address is Clerk of the Court, U.S. District Court, Southern District of Illinois, 750 Missouri Ave., East St. Louis, IL 62201. Your written objection also must be mailed to the lawyers listed below, **no later than June 17, 2015**. Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON<br>Attn: Lockheed 401(k) Settlement<br>100 S. Fourth St.<br>St. Louis, MO 63102<br>lm401ksettlement@uselaws.com<br>Tel: (314) 621-6115<br>Fax: (314) 621-7151 | Brian D. Netter<br>MAYER BROWN LLP<br>1999 K Street NW<br>Washington, DC 20006<br>bnetter@mayerbrown.com |

## 12. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at 9:00 AM on July 17, 2015, at the United States District Court for the Southern District of Illinois, Courtroom 2, 750 Missouri Ave., East St. Louis, IL 62201.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

## 13. Do I Have To Attend The Fairness Hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

## 14. May I Speak At The Fairness Hearing?

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Anthony Abbott, et al. v. Lockheed Martin Corp., et al.*, Case No. 06-701." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 11, **no later than June 17, 2015**.

## 15. What Happens If I Do Nothing At All?

**If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.**

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL NOT RECEIVE ANY MONEY.

Exhibit 1

## 16. How Do I Get More Information?

If you have general questions regarding the Settlement, you can visit this website: www.lm401ksettlement.com, call
1-855-294-0137, or write to the Settlement Administrator at:

Lockheed Martin 401(k) Settlement Administrator
P.O. Box 2003
Chanhassen, MN 55317-2003

Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

Anthony Abbott, et al.,

*Plaintiffs*,

v.

Lockheed Martin Corp., et al.,

*Defendants*.

Case No. 06-cv-701

Chief Judge Michael J. Reagan

NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**Your legal rights might be affected if you are a member of the following class or sub-classes:**

*Recordkeeping Class*:
All participants and beneficiaries of the Lockheed Martin Corporation Salaried Savings Plan ("SSP") and the Lockheed Martin Corporation Hourly Employee Savings Plan Plus ("HSP," together with SSP, the "Plans") from September 11, 2000 through December 22, 2008, excluding employees of Lockheed Martin Corp. or Lockheed Martin Investment Management Co. with responsibility for the Plans' investment or administrative functions, and members of the Lockheed Martin Board of Directors.

*Stable Value Fund Sub-Class*:
All participants and beneficiaries of the Plans whose accounts held units of the Stable Value Fund from September 11, 2000 through September 30, 2006 and whose Stable Value Fund units underperformed relative to the *Hueler* FirstSource Index. Excluded from this class are employees of Lockheed Martin Corp. or Lockheed Martin Investment Management Co. with responsibility for the Plans' investment or administrative functions, and members of the Lockheed Martin Board of Directors.

*Company Stock Fund Sub-Class*:
All participants and beneficiaries of the Plans whose accounts held units of the Company Common Stock Fund, ESOP, or Hourly ESOP (collectively, the "Company Stock Funds"), from August 1, 2002 through December 22, 2008, and whose units underperformed relative to Lockheed Martin Common Stock. Excluded from this class are employees of Lockheed Martin Corp. or Lockheed Martin Investment Management Co. with responsibility for the Plans' investment or administrative functions, and members of the Lockheed Martin Board of Directors.

PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Plans against Lockheed Martin Corporation and Lockheed Martin Investment Management Company ("Defendants"), alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide, among other things, for the allocation of monies directly into the individual accounts of Class Members who had accounts with a positive balance (an "Active Account") in the Plans as of February 13, 2015 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had Active Accounts as of February 13, 2015 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated February 20, 2015. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at www.lm401ksettlement.com. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any possible amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

Exhibit 1

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.
- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.
- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on July 17, 2015, at 9:00 AM, before Chief Judge Michael J. Reagan in Courtroom 2, United States Courthouse, 750 Old Missouri Ave., East St. Louis, IL 62201.
- Any objections to the Settlement, to the petition for Attorneys' Fees and Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendants' Counsel, as identified on page 6 of this Settlement Notice.
- Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at www.lm401ksettlement.com.

> **According to the Plans' records, you are a Former Participant. You must fill out the enclosed Claim Form in order to receive any portion of the Settlement Fund. If you believe this is incorrect, please contact the Settlement Administrator.**

## YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT:

| | |
|---|---|
| **IF YOU ARE A FORMER PARTICIPANT, YOU MUST RETURN THE ENCLOSED FORMER PARTICIPANT CLAIM FORM BY JULY 6, 2015 TO RECEIVE A DISTRIBUTION** | The Plans' records indicate you are a Former Participant. You must return a Former Participant Claim Form so that it is **received by the settlement administrator by 6 PM Central Standard Time on July 6, 2015** in order to receive a check for your share of the Net Settlement Amount. If you are a Former Participant and you do not return the Former Participant Claim Form by **July 6, 2015**, you will forfeit your share of the Net Settlement Amount. A claim form can also be obtained by accessing www.lm401ksettlement.com. |
| **YOU CAN OBJECT (NO LATER THAN JUNE 17, 2015)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON JULY 17, 2015** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel of your intention to appear at the hearing by **June 17, 2015**. |

### The Class Action

The case is called *Anthony Abbott, et. al. v. Lockheed Martin Corp., et al.*, Case No. 06-701 (the "Class Action"). It has been pending since September 2006. The Court supervising the case is the U.S. District Court for the Southern District of Illinois. The individuals who brought this suit are called Class Representatives, and the entities they sued are called Defendants. The Class Representatives are current and former participants in the Plans. The Defendants are Lockheed Martin Corporation ("Lockheed Martin") and Lockheed Martin Investment Management Company ("LMIMCo"). The Class Representatives' claims are described below, and additional information about them is available at www.lm401ksettlement.com.

2

Exhibit 1

## The Settlement

After nearly eight years of litigation, the Settlement has been reached. As part of the Settlement, a Qualified Settlement Fund of $62,000,000 will be established to resolve the Class Action. The Net Settlement Amount is $62,000,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

## Additional Benefits to the Plans

The Agreement provides additional benefits to the Plans. In addition to the monetary component of the Settlement, the parties to the Settlement have agreed to certain non-monetary terms. Defendants have agreed, during the three-year Settlement Period: (1) to publicly file with the Court the annual Department of Labor filing that discloses fees paid by the Plans (known as Schedule C to Form 5500) as well as information about the assets held in, and performance of, the Stable Value Fund and the Company Stock Funds; (2) to confirm current limitations on the amount of cash equivalents held in the Company Stock Funds and the amount of money market equivalent assets held in the Stable Value Fund, and to file a notice with the Court if those limitations are changed; (3) to initiate a competitive bidding process for the Plans' recordkeeping services for the Plans, and to publicly file with the Court a notice identifying the entities that submitted bids and the selected recordkeeper; and (4) to offer participants the share class of investments that has the lowest expense ratio, provided that the share class is available and consistent with the needs and obligations of the Plans. The terms of the Settlement will be reviewed by an Independent Fiduciary.

## Statement Of Attorneys' Fees And Costs Sought In The Class Action

Class Counsel have devoted many hours to bringing this case and pursuing it for more than eight years. During that time, they also have advanced substantial costs for expert witnesses, document review, depositions, and other costs necessary to pursue the case. In total, Class Counsel have reviewed approximately one million pages of documents produced in this litigation. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending before the District Court, throughout two appeals to the Seventh Circuit Court of Appeals, and throughout Defendants' request for U.S. Supreme Court review. Class Counsel also has agreed to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved. In addition, Class Counsel has agree to monitor Defendants' performance of their obligations under the Settlement Agreement over a three-year period, including any necessary Court proceedings, without seeking additional payment from the Settlement Fund.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $20,666,667, in addition to no more than $1,850,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $25,000 for each of the seven Class Representatives who took on the risk of litigation, sat for depositions, responded to discovery, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel, reviewing settlement negotiations, preparing for depositions, and giving overall support to the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, www.lm401ksettlement.com.

## 1. Why Did I Receive This Settlement Notice?

The Court caused this Settlement Notice to be sent to you because Lockheed Martin's records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

Exhibit 1

## 2. What Is The Class Action About?

In the Class Action, Class Representatives claim that, during the Class Period, Defendants violated ERISA by allowing the Plans' recordkeeper to receive excessive fees from the Plans and by imprudently managing the Stable Value Fund and the Company Stock Funds within the Plans.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the Class, and that the Class or the Plans have suffered any harm or damage for which Defendants could or should be held responsible.

## 3. Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, after more than eight years of litigation, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendants' counsel and multiple all-day sessions with a private mediator. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are experienced in this kind of matter, believe that the Settlement is best for all Class Members.

## 4. What Does The Settlement Provide?

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

As discussed above, the Settlement Agreement also provides for non-monetary benefits to the Plans.

Defendants have agreed, during the three-year Settlement Period: (1) to publicly file with the Court the annual Department of Labor filing that discloses fees paid by the Plans (known as Schedule C to Form 5500) as well as information about the assets held in, and performance of, the Stable Value Fund and the Company Stock Funds; (2) to confirm current limitations on the amount of cash equivalents held in the Company Stock Funds and the amount of money market equivalent assets held in the Stable Value Fund, and to file a notice with the Court if those limitations are changed; (3) to initiate a competitive bidding process for the Plans' recordkeeping services for the Plans, and to publicly file with the Court a notice identifying the entities that submitted bids and the selected recordkeeper; and (4) to offer participants the share class of investments that has the lowest expense ratio, provided that the share class is available and consistent with the needs and obligations of the Plans. The terms of the Settlement will be reviewed by an Independent Fiduciary.

All Class Members and anyone claiming through them will fully release the Plans as well as Defendants and their "Released Parties" from "Released Claims." The Released Parties include Defendants and any past, present, and future related entities, and all of their past, present, and future officers, directors, employees, attorneys, and agents. The Released Claims include all claims that were asserted or that could have been asserted in the Class Action, including all claims made in the Class Action or that relate to the allegations raised in the Class Action; all claims related to the Plans' investment options, fees, disclosures, and expenses, and conduct by the Plan Fiduciary; and all claims relating to the implementation of the Settlement. This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at www.lm401ksettlement.com. Generally, the release means that Class Members will not have the right to sue the Defendants, the Plans, or the Related Parties for conduct during the Class Period arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at www.lm401ksettlement.com.

Exhibit 1

## 5. How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plans' recordkeeper, or, if on February 13, 2015, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Net Settlement Amount will be divided between the Recordkeeping Class and the two sub-classes in proportions that have been recommended by the parties and ordered by the Court. 34.2% of the Net Settlement Amount will be allocated to the Recordkeeping Class, 63% will be allocated to the Stable Value Fund Sub-Class, and 2.8% will be allocated to the Company Stock Fund Sub-Class.

The portion allocated to the Recordkeeping Class will be divided among all Class Members pro rata based on their average quarter-end account balances during the Class Period, since all participants in the Plans who had an account balance during the Class Period paid recordkeeping fees. The portions allocated to the Stable Value Fund and Company Stock Fund Sub-Classes will be allocated pro rata based on the average quarter-end balances of participants in those funds during the Class Period. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at www.lm401ksettlement.com.

There are approximately 181,500 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, your portion of the Settlement will be distributed pursuant to the terms of that order.

## 6. How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to Lockheed Martin's records, you are a Former Participant. Therefore, you need to return your Claim Form to receive your share of the Settlement.**

## 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur near the end of 2015.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

## 8. Can I Get Out Of The Settlement?

No. The Class and both Sub-Classes were certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

## 9. Do I Have A Lawyer In The Case?

The Court has appointed the law firm Schlichter, Bogard & Denton, in St. Louis, Missouri, as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

Exhibit 1

## 10. How Will The Lawyers Be Paid?

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Defendants do not oppose the amount of Attorneys' Fees and Costs or any Class Representatives' Compensation consistent with the terms of the Settlement Agreement. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $20,666,667 in fees and $1,850,000 in costs. The Court will determine what fees and costs will be approved.

## 11. How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Anthony Abbott, et al. v. Lockheed Martin Corp., et al.*, Case No. 06-701. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than June 17, 2015. The Court's address is Clerk of the Court, U.S. District Court, Southern District of Illinois, 750 Missouri Ave., East St. Louis, IL 62201. Your written objection also must be mailed to the lawyers listed below, **no later than June 17, 2015**. Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON | Brian D. Netter |
| Attn: Lockheed 401(k) Settlement | MAYER BROWN LLP |
| 100 S. Fourth St. | 1999 K Street NW |
| St. Louis, MO 63102 | Washington, DC 20006 |
| lm401ksettlement@uselaws.com | bnetter@mayerbrown.com |
| Tel: (314) 621-6115 | |
| Fax: (314) 621-7151 | |

## 12. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at 9:00 ᴀᴍ on July 17, 2015, at the United States District Court for the Southern District of Illinois, Courtroom 2, 750 Missouri Ave., East St. Louis, IL 62201.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

## 13. Do I Have To Attend The Fairness Hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

## 14. May I Speak At The Fairness Hearing?

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Anthony Abbott, et al. v. Lockheed Martin Corp., et al.*, Case No. 06-701." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 11, **no later than June 17, 2015**.

Exhibit 1

## 15. What Happens If I Do Nothing At All?

If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.

**If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL NOT RECEIVE ANY MONEY.**

## 16. How Do I Get More Information?

If you have general questions regarding the Settlement, you can visit this website: www.lm401ksettlement.com, call 1-855-294-0137, or write to the Settlement Administrator at Lockheed Martin 401(k) Settlement Administrator at:

Lockheed Martin 401(k) Settlement Administrator
P.O. Box 2003
Chanhassen, MN 55317-2003

Exhibit 1

SPECIAL TAX NOTICE

## YOUR ROLLOVER OPTIONS

You are receiving this notice because all or a portion of a payment you are receiving from the Plan is eligible to be rolled over to an IRA or an employer plan. This notice is intended to help you decide whether to do such a rollover.

This notice describes the rollover rules that apply to payments from the Plan that are not from a designated Roth account (a type of account with special tax rules in some employer plans).

If you also receive a payment from a designated Roth account in the Plan, you will be provided a different notice for that payment, and the Plan administrator or the payor will tell you the amount that is being paid from each account.

Rules that apply to most payments from a plan are described in the "General Information About Rollovers" section below. Special rules that only apply in certain circumstances are described in the "Special Rules and Options" section below.

## GENERAL INFORMATION ABOUT ROLLOVERS

### How can a rollover affect my taxes?

You will be taxed on a payment from the Plan if you do not roll it over. If you are under age 59½ and do not do a rollover, you will also have to pay a 10% additional income tax on early distributions (unless an exception applies). However, if you do a rollover, you will not have to pay tax until you receive payments later and the 10% additional income tax will not apply if those payments are made after you are age 59½ (or if an exception applies).

### Where may I roll over the payment?

You may roll over the payment to either an IRA (an individual retirement account or individual retirement annuity) or an employer plan (a tax-qualified plan, section 403(b) plan, or governmental section 457(b) plan) that will accept the rollover. The rules of the IRA or employer plan that holds the rollover will determine your investment options, fees, and rights to payment from the IRA or employer plan (for example, no spousal consent rules apply to IRAs and IRAs may not provide loans). Further, the amount rolled over will become subject to the tax rules that apply to the IRA or employer plan.

### How do I do a rollover?

There are two ways to do a rollover. You can do either a direct rollover or a 60-day rollover.

If you do a direct rollover, the Plan will make the payment directly to your IRA or an employer plan. You should contact the IRA sponsor or the administrator of the employer plan for information on how to do a direct rollover.

If you do not do a direct rollover, you may still do a rollover by making a deposit into an IRA or eligible employer plan that will accept it. You will have 60 days after you receive the payment to make the deposit. If you do not do a direct rollover, the Plan is required to withhold 20% of the payment for federal income taxes (up to the amount of cash and property received other than employer stock). This means that, in order to roll over the entire payment in a 60-day rollover, you must use other funds to make up for the 20% withheld. If you do not roll over the entire amount of the payment, the portion not rolled over will be taxed and will be subject to the 10% additional income tax on early distributions if you are under age 59½ (unless an exception applies).

### How much may I roll over?

If you wish to do a rollover, you may roll over all or part of the amount eligible for rollover. Any payment from the Plan is eligible for rollover, except:

- Certain payments spread over a period of at least 10 years or over your life or life expectancy (or the lives or joint life expectancy of you and your beneficiary)
- Required minimum distributions after age 70½ (or after death)
- Hardship distributions
- ESOP dividends
- Corrective distributions of contributions that exceed tax law limitations

8

# Exhibit 1

- Loans treated as deemed distributions (for example, loans in default due to missed payments before your employment ends)
- Cost of life insurance paid by the Plan
- Contributions made under special automatic enrollment rules that are withdrawn pursuant to your request within 90 days of enrollment
- Amounts treated as distributed because of a prohibited allocation of S corporation stock under an ESOP (also, there will generally be adverse tax consequences if you roll over a distribution of S corporation stock to an IRA).

The Plan administrator or the payor can tell you what portion of a payment is eligible for rollover.

**If I don't do a rollover, will I have to pay the 10% additional income tax on early distributions?**

If you are under age 59½, you will have to pay the 10% additional income tax on early distributions for any payment from the Plan (including amounts withheld for income tax) that you do not roll over, unless one of the exceptions listed below applies. This tax is in addition to the regular income tax on the payment not rolled over.

The 10% additional income tax does not apply to the following payments from the Plan:

- Payments made after you separate from service if you will be at least age 55 in the year of the separation
- Payments that start after you separate from service if paid at least annually in equal or close to equal amounts over your life or life expectancy (or the lives or joint life expectancy of you and your beneficiary)
- Payments from a governmental defined benefit pension plan made after you separate from service if you are a public safety employee and you are at least age 50 in the year of the separation
- Payments made due to disability
- Payments after your death
- Payments of ESOP dividends
- Corrective distributions of contributions that exceed tax law limitations
- Cost of life insurance paid by the Plan
- Contributions made under special automatic enrollment rules that are withdrawn pursuant to your request within 90 days of enrollment
- Payments made directly to the government to satisfy a federal tax levy
- Payments made under a qualified domestic relations order (QDRO)
- Payments up to the amount of your deductible medical expenses
- Certain payments made while you are on active duty if you were a member of a reserve component called to duty after September 11, 2001 for more than 179 days
- Payments of certain automatic enrollment contributions requested to be withdrawn within 90 days of the first contribution.

**If I do a rollover to an IRA, will the 10% additional income tax apply to early distributions from the IRA?**

If you receive a payment from an IRA when you are under age 59½, you will have to pay the 10% additional income tax on early distributions from the IRA, unless an exception applies. In general, the exceptions to the 10% additional income tax for early distributions from an IRA are the same as the exceptions listed above for early distributions from a plan. However, there are a few differences for payments from an IRA, including:

- There is no exception for payments after separation from service that are made after age 55.
- The exception for qualified domestic relations orders (QDROs) does not apply (although a special rule applies under which, as part of a divorce or separation agreement, a tax-free transfer may be made directly to an IRA of a spouse or former spouse).
- The exception for payments made at least annually in equal or close to equal amounts over a specified period applies without regard to whether you have had a separation from service.

9

Exhibit 1

- There are additional exceptions for (1) payments for qualified higher education expenses, (2) payments up to $10,000 used in a qualified first-time home purchase, and (3) payments after you have received unemployment compensation for 12 consecutive weeks (or would have been eligible to receive unemployment compensation but for self-employed status).

### Will I owe State income taxes?

This notice does not describe any State or local income tax rules (including withholding rules).

---

## SPECIAL RULES AND OPTIONS

### If your payment includes after-tax contributions

After-tax contributions included in a payment are not taxed. If a payment is only part of your benefit, an allocable portion of your after-tax contributions is generally included in the payment. If you have pre-1987 after-tax contributions maintained in a separate account, a special rule may apply to determine whether the after-tax contributions are included in a payment.

You may roll over to an IRA a payment that includes after-tax contributions through either a direct rollover or a 60-day rollover. You must keep track of the aggregate amount of the after-tax contributions in all of your IRAs (in order to determine your taxable income for later payments from the IRAs).

If you do a direct rollover of only a portion of the amount paid from the Plan and a portion is paid to you, each of the payments will include an allocable portion of the after-tax contributions. If you do a 60-day rollover to an IRA of only a portion of the payment made to you, the after-tax contributions are treated as rolled over last. For example, assume you are receiving a complete distribution of your benefit which totals $12,000, of which $2,000 is after-tax contributions. In this case, if you roll over $10,000 to an IRA in a 60-day rollover, no amount is taxable because the $2,000 amount not rolled over is treated as being after-tax contributions.

You may roll over to an employer plan all of a payment that includes after-tax contributions, but only through a direct rollover (and only if the receiving plan separately accounts for after-tax contributions and is not a governmental section 457(b) plan). You can do a 60-day rollover to an employer plan of part of a payment that includes after-tax contributions, but only up to the amount of the payment that would be taxable if not rolled over.

### If you miss the 60-day rollover deadline

Generally, the 60-day rollover deadline cannot be extended. However, the IRS has the limited authority to waive the deadline under certain extraordinary circumstances, such as when external events prevented you from completing the rollover by the 60-day rollover deadline. To apply for a waiver, you must file a private letter ruling request with the IRS. Private letter ruling requests require the payment of a nonrefundable user fee. For more information, see IRS Publication 590, Individual Retirement Arrangements (IRAs).

### If your payment includes employer stock that you do not roll over

If you do not do a rollover, you can apply a special rule to payments of employer stock (or other employer securities) that are either attributable to after-tax contributions or paid in a lump sum after separation from service (or after age 59½, disability, or the participant's death). Under the special rule, the net unrealized appreciation on the stock will not be taxed when distributed from the Plan and will be taxed at capital gain rates when you sell the stock. Net unrealized appreciation is generally the increase in the value of employer stock after it was acquired by the Plan. If you do a rollover for a payment that includes employer stock (for example, by selling the stock and rolling over the proceeds within 60 days of the payment), the special rule relating to the distributed employer stock will not apply to any subsequent payments from the IRA or employer plan. The Plan administrator can tell you the amount of any net unrealized appreciation.

### If you have an outstanding loan that is being offset

If you have an outstanding loan from the Plan, your Plan benefit may be offset by the amount of the loan, typically when your employment ends. The loan offset amount is treated as a distribution to you at the time of the offset and will be taxed (including the 10% additional income tax on early distributions, unless an exception applies) unless you do a 60-day rollover in the amount of the loan offset to an IRA or employer plan.

## Exhibit 1

**If you were born on or before January 1, 1936**

If you were born on or before January 1, 1936 and receive a lump sum distribution that you do not roll over, special rules for calculating the amount of the tax on the payment might apply to you. For more information, see IRS Publication 575, Pension and Annuity Income.

**If you roll over your payment to a Roth IRA**

You can roll over a payment from the Plan made before January 1, 2010 to a Roth IRA only if your modified adjusted gross income is not more than $100,000 for the year the payment is made to you and, if married, you file a joint return. These limitations do not apply to payments made to you from the Plan after 2009. If you wish to roll over the payment to a Roth IRA, but you are not eligible to do a rollover to a Roth IRA until after 2009, you can do a rollover to a traditional IRA and then, after 2009, elect to convert the traditional IRA into a Roth IRA.

If you roll over the payment to a Roth IRA, a special rule applies under which the amount of the payment rolled over (reduced by any after-tax amounts) will be taxed. However, the 10% additional income tax on early distributions will not apply (unless you take the amount rolled over out of the Roth IRA within 5 years, counting from January 1 of the year of the rollover). For payments from the Plan during 2010 that are rolled over to a Roth IRA, the taxable amount can be spread over a 2-year period starting in 2011.

If you roll over the payment to a Roth IRA, later payments from the Roth IRA that are qualified distributions will not be taxed (including earnings after the rollover). A qualified distribution from a Roth IRA is a payment made after you are age 59½ (or after your death or disability, or as a qualified first-time homebuyer distribution of up to $10,000) and after you have had a Roth IRA for at least 5 years. In applying this 5-year rule, you count from January 1 of the year for which your first contribution was made to a Roth IRA. Payments from the Roth IRA that are not qualified distributions will be taxed to the extent of earnings after the rollover, including the 10% additional income tax on early distributions (unless an exception applies). You do not have to take required minimum distributions from a Roth IRA during your lifetime. For more information, see IRS Publication 590, Individual Retirement Arrangements (IRAs).

You cannot roll over a payment from the Plan to a designated Roth account in an employer plan.

**If you are not a plan participant**

Payments after death of the participant. If you receive a distribution after the participant's death that you do not roll over, the distribution will generally be taxed in the same manner described elsewhere in this notice. However, the 10% additional income tax on early distributions does not apply, and the special rule described under the section "If you were born on or before January 1, 1936" applies only if the participant was born on or before January 1, 1936.

> **If you are a surviving spouse**. If you receive a payment from the Plan as the surviving spouse of a deceased participant, you have the same rollover options that the participant would have had, as described elsewhere in this notice. In addition, if you choose to do a rollover to an IRA, you may treat the IRA as your own or as an inherited IRA.
>
> An IRA you treat as your own is treated like any other IRA of yours, so that payments made to you before you are age 59½ will be subject to the 10% additional income tax on early distributions (unless an exception applies) and required minimum distributions from your IRA do not have to start until after you are age 70½.
>
> If you treat the IRA as an inherited IRA, payments from the IRA will not be subject to the 10% additional income tax on early distributions. However, if the participant had started taking required minimum distributions, you will have to receive required minimum distributions from the inherited IRA. If the participant had not started taking required minimum distributions from the Plan, you will not have to start receiving required minimum distributions from the inherited IRA until the year the participant would have been age 70½.
>
> **If you are a surviving beneficiary other than a spouse**. If you receive a payment from the Plan because of the participant's death and you are a designated beneficiary other than a surviving spouse, the only rollover option you have is to do a direct rollover to an inherited IRA. Payments from the inherited IRA will not be subject to the 10% additional income tax on early distributions. You will have to receive required minimum distributions from the inherited IRA.
>
> Payments under a qualified domestic relations order. If you are the spouse or former spouse of the participant who receives a payment from the Plan under a qualified domestic relations order (QDRO), you generally have the same options the participant would have (for example, you may roll over the payment to your own IRA or an eligible employer plan that will accept it). Payments under the QDRO will not be subject to the 10% additional income tax on early distributions.

Exhibit 1

### If you are a nonresident alien

If you are a nonresident alien and you do not do a direct rollover to a U.S. IRA or U.S. employer plan, instead of withholding 20%, the Plan is generally required to withhold 30% of the payment for federal income taxes. If the amount withheld exceeds the amount of tax you owe (as may happen if you do a 60-day rollover), you may request an income tax refund by filing Form 1040NR and attaching your Form 1042-S. See Form W-8BEN for claiming that you are entitled to a reduced rate of withholding under an income tax treaty. For more information, see also IRS Publication 519, U.S. Tax Guide for Aliens, and IRS Publication 515, Withholding of Tax on Nonresident Aliens and Foreign Entities.

### Other special rules

If a payment is one in a series of payments for less than 10 years, your choice whether to make a direct rollover will apply to all later payments in the series (unless you make a different choice for later payments).

If your payments for the year are less than $200 (not including payments from a designated Roth account in the Plan), the Plan is not required to allow you to do a direct rollover and is not required to withhold for federal income taxes. However, you may do a 60-day rollover.

Unless you elect otherwise, a mandatory cashout of more than $1,000 (not including payments from a designated Roth account in the Plan) will be directly rolled over to an IRA chosen by the Plan administrator or the payor. A mandatory cashout is a payment from a plan to a participant made before age 62 (or normal retirement age, if later) and without consent, where the participant's benefit does not exceed $5,000 (not including any amounts held under the plan as a result of a prior rollover made to the plan).

You may have special rollover rights if you recently served in the U.S. Armed Forces. For more information, see IRS Publication 3, Armed Forces' Tax Guide.

---

### FOR MORE INFORMATION

You may wish to consult with the Plan administrator or payor, or a professional tax advisor, before taking a payment from the Plan. Also, you can find more detailed information on the federal tax treatment of payments from employer plans in: IRS Publication 575, Pension and Annuity Income; IRS Publication 590, Individual Retirement Arrangements (IRAs); and IRS Publication 571, Tax-Sheltered Annuity Plans (403(b) Plans). These publications are available from a local IRS office, on the web at www.irs.gov, or by calling 1-800-TAX-FORM.

Exhibit 1

**Lockheed Martin 401(k) Settlement Administrator**
**P.O. Box 2003**
**Chanhassen, MN 55317-2003**
**www.LM401kSettlement.com**

## FORMER PARTICIPANT CLAIM FORM

This Former Participant Claim Form is **ONLY** for Class Members who are **Former Participants**, or the beneficiaries, alternate payees or attorneys-in-fact of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Class Member who no longer had an Active Account as of February 13, 2015.

This form must be completed, signed and received by the Settlement Administrator no later than 6 PM Central Standard Time on **July 6, 2015** in order for you to receive your share of the Settlement proceeds. **Former Participants who do not complete and timely return this form will not receive any Settlement payment.** Please review the instructions below carefully. If you have questions regarding this Claim Form, you may contact the Settlement Administrator as indicated below.

*PLEASE ALSO BE SURE TO REVIEW THE IMPORTANT SPECIAL TAX NOTICE REGARDING DIRECT SETTLEMENT PAYMENTS TO SETTLEMENT CLASS MEMBERS FOUND AT THE END OF THE CLASS NOTICE.*

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

### PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

1. Complete this claim form and keep a copy of all pages of your Former Participant Claim Form, including page 1 with the address label, for your records.

2. **Mail your completed Former Participant Claim Form to the following address so that it is received by the Settlement Administrator no later than 6 PM Central Standard Time on** <u>July 6, 2015</u>:

    **Lockheed Martin 401(k) Settlement Administrator**
    **P.O. Box 2003**
    **Chanhassen, MN 55317-2003**

    It is <u>your</u> responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form.

3. Other Reminders:

    • You must provide date of birth, signature and a completed Substitute IRS Form W-9, which is attached as Part 5 to this form.

    • If you desire to do a rollover and you do not complete in full the rollover information in Part 4 Payment Election of the Settlement Distribution Form, payment will be made to the participant.

    • If you change your address after sending in your Former Participant Claim Form, please send your new address to the Settlement Administrator.

    • **Timing Of Payments To Eligible Settlement Class Members**. Please note that Settlement payments are subject to the Settlement Agreement's receiving final Court approval. If the Settlement Agreement is approved and if you are entitled to a Settlement payment under the terms of the Settlement, such payments will be distributed no earlier than late-2015 due to the need to process and verify information for all Settlement Class Members who are entitled to a payment and to compute the amount of each payment. Payments may be further delayed if any appeals are filed.

4. **Questions?** If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at 1-855-294-0137. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement, the Settlement administration and claim processing is available on the lawsuit website, www.LM401kSettlement.com.

Exhibit 1

You are eligible to receive a payment from a class action settlement. The court has preliminarily approved the class settlement of *Abbott, et al., v. Lockheed Martin, et al.*, Case No. 06-cv-701 (S.D.Ill). That settlement provides allocation of monies to the individual accounts of Settlement Class Members who had plan accounts with a positive balance ("Active Account") in the Salaried or Hourly 401(k) Plans as of February 13, 2015 ("Current Participants"). Settlement Class Members who are entitled to a distribution but who no longer had Active Accounts as of February 13, 2015 ("Former Participants") will receive their allocation in the form of a check or rollover if and only if they submit a valid Former Participant Claim Form received by the Settlement Administrator by 6 PM Central Standard Time on **July 6, 2015**.  For more information about the settlement, please see www.LM401kSettlement.com, or call 1-855-294-0137.

Because you are a former participant (or beneficiary of a former participant) in the Plans, you must decide whether you want your payment (1) sent payable to you directly or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To make that choice, please complete and return this Former Participant Claim Form, so that it is received by the Settlement Administrator by 6 PM Central Standard Time on **July 6, 2015**. If you do not indicate a payment election, your payment will be sent payable to you directly.

## PART 2: PARTICIPANT INFORMATION

First Name                                           Middle  Last Name

Mailing Address

City                                                 State   Zip Code

Home Phone                                           Work Phone or Cell Phone

Participant's Social Security Number                  Participant's Date of Birth
                                                     M M   D D   Y Y Y Y

Email Address

☐ Check here if you were a Former Participant, but did **not** receive a Notice of Class Action Settlement in the mail. This may be because you were a participant in the plans only for a brief period.

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased.**

☐ Check here if you are an **alternate payee under a qualified domestic relations order (QDRO), or attorney-in-fact** for the Former Participant. The Settlement Administrator may contact you with further instructions.

Your Social Security Number or Tax ID Number          Your Date of Birth
                                                     M M   D D   Y Y Y Y

Your Mailing Address

City                                                 State   Zip Code

Exhibit 1

## PART 4: PAYMENT ELECTION

☐ Payment to Self – A check subject to mandatory federal and applicable state withholding tax will be mailed to your address of record.

☐ Direct Rollover to an Eligible Plan:

Check **only one** box below and complete Rollover Information Section Below:

☐ Government 457(b)　　　　☐ 401(a)/401(k)　　　　☐ 403(b)

☐ Direct Rollover to a Traditional IRA　　☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address

Company or Trustee's City　　　　　　　　　　　State　　Zip Code

Account Number　　　　　　　　　　　　　　　Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. Person (including a U.S. resident alien).

_____　　　M M / D D / Y Y Y Y

**Participant Signature**　　　　　　　　　　**Date Signed** (*Required*)

Note: if you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

**QUESTIONS? VISIT: WWW.LM401KSETTLEMENT.COM, OR CALL 1-855-294-0137**

3

Exhibit 1